**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVSION**

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>   Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS INC. and BRP US INC.,<br><br>   Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bombardier Recreational Products Inc. and BRP US Inc. ("Defendants") hereby give notice that the civil action currently pending in the Iowa District Court for Polk County, identified as *James Flynn and Deanna Flynn v. Bombardier Recreational Products Inc. and BRP US Inc.*, Case No. LACL161870 (the "Pending Action"), is removed to this Court without waiving any rights to which Defendants may be entitled.

As grounds for this Notice of Removal, Defendants state the following:

*Statement of Removal*

1.  In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served upon Defendants and filed in the Pending Action are attached. **Exhibit A.**

2.  The Petition, Jury Demand, and Original Notice in the Pending Action were filed on March 12, 2025, and served on Defendant BRP US Inc. on or about March 25, 2025, and service was accepted on behalf of Defendant Bombardier Recreational Products Inc. on or about April 18, 2025. Copies of the Petition, Jury Demand, Original Notice, and Service Documents are attached. **Exhibit A at 1-22, 24, 60.**

3.   The Petition, as originally filed, included Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, an Iowa corporation with a principal place of business located in Grimes, Polk County, Iowa. **Exhibit A at 1-10.** As such, the case was not removable to federal court on the basis of diversity jurisdiction at the time the Petition was filed and served on Defendants.

4.   On January 19, 2026, Plaintiffs James Flynn and Deanna Flynn ("Plaintiffs") filed a Dismissal without Prejudice of Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports. **Exhibit A at 240-241.**

5.   In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being timely filed within thirty (30) days of Defendant's receipt of service of the Dismissal without Prejudice, which is the pleading "from which it may first be ascertained that the case is one which is or has become removable" as there is no longer an Iowa defendant in the case, and within one year of commencement of the action. 28 U.S.C. §§ 1446(b)(3), 1446(c)(1); **Exhibit A at 240-241.**

6.   Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

7.   Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

8.   Plaintiffs, in their Initial Disclosures served on Defendants in the Pending Action, have demanded an amount of damages in excess of $75,000.00. *See* **Exhibit B.**

9. Because, based upon the face of the Petition and Plaintiffs' Initial Disclosures, this case involves claims in excess of $75,000.00 between citizens of different states and a subject of a foreign state, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

## *Diversity of Citizenship*

10. Upon information and belief, Plaintiff James Flynn is a citizen and resident of the State of Mississippi. Upon information and belief, at the time the Petition was filed, Plaintiff James Flynn was a citizen and resident of the State of Iowa.

11. Upon information and belief, Plaintiff Deanna Flynn is a citizen and resident of the State of Mississippi. Upon information and belief, at the time the Petition was filed, Plaintiff Deanna Flynn was a citizen and resident of the State of Iowa.

12. Defendant Bombardier Recreational Products Inc. is a Canadian corporation with its principal place of business located in Valcourt, Québec, Canada.

13. Defendant BRP US Inc. is a Delaware corporation with its principal place of business located in Sturtevant, Wisconsin.

14. Pursuant to 28 U.S.C. §§ 1332(c), corporations are considered citizens in the state in which they are incorporated and where they maintain their principal place of business. *See* 28 U.S.C. § 1332(c). A corporation's principal place of business is not where they have simply "engaged in doing business" or where one of their retail stores is located, but is in their "'nerve center,' *i.e.*, the place where 'the majority of executive and administrative functions are performed.'" *See Hertz Corp. v. Friend*, 559 U.S. 77, 82 (2010) (citations omitted). Therefore, Defendant Bombardier Recreational Products Inc. is a citizen of Canada, and Defendant BRP US Inc. is a citizen of Delaware and Wisconsin.

15. Since Defendants are neither incorporated in Mississippi nor Iowa, nor have their principal places of business in Mississippi or Iowa, Defendants are not considered citizens of the States of Mississippi or Iowa for purposes of diversity jurisdiction.

16. There is complete diversity of citizenship between the parties named in this case.

### *Amount in Controversy*

17. A notice of removal based on diversity jurisdiction may assert the amount in controversy when the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §§ 1446(c)(2)(A)(ii).

18. Under Iowa pleading rules, "a pleading shall not state the specific amount of money damages sought but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy." Iowa R. Civ. P. 1.403(1). In this case, Plaintiffs' Petition alleges that, as a result of "a complete loss of control" due to a broken suspension bolt, Plaintiff James Flynn "was ejected from the [Can-Am ATV], injuring his back, jaw, ribs, among other injuries" and "was life-flighted by helicopter to a local hospital where he was treated for said injuries." **Exhibit A at 5, ¶¶ 21-22.** As a result, Plaintiffs' Petition alleges that "Plaintiffs' property was damaged; Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future; Plaintiff James Flynn has lost income . . . and suffered a loss of earning capacity in the future; Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body . . . ; and Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries." **Exhibit A at 6, ¶¶ 23(a-e).**

19. Consistent with the pleading requirements in 28 U.S.C. § 1446(c)(2)(A)(ii), Defendants may assert the amount in controversy in light of Iowa's pleading rules.

20. In anticipation of state practices that prohibit demands for specific sums, the federal rules allow for removal if the Court, by a preponderance of the evidence, finds the controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(A)(ii).

21. Although the Petition cannot quantify the specific damages sought, it alleges that the Plaintiffs suffered personal injuries and damages for past and future pain and suffering, past and future medical expenses, past and future lost income and earning capacity, past and future loss of full mind and body, and loss of consortium. **Exhibit A at 6, ¶¶ 23(a-e).** These allegations, standing alone, may not give rise to an inference that Plaintiffs' damages exceed $75,000.00. However, as noted above, Plaintiffs' Initial Disclosures served on Defendants in the Pending Action have demanded an amount of damages in excess of $75,000.00. **Exhibit B.** Plaintiffs' claimed damages in their Initial Disclosures support Defendants' good-faith belief that the amount in controversy exceeds the $75,000.00 threshold for diversity jurisdiction.

22. This lawsuit involves a side-by-side vehicle crash that allegedly resulted in injuries, medical expenses, lost income, and pain and suffering. These allegations and the claimed damages demonstrate by a preponderance of the evidence that Plaintiffs will seek damages in excess of $75,000.00, exclusive of interest and costs.[1] This Court should find that the face of Plaintiffs' Petition and Plaintiffs' Initial Disclosures constitute sufficient evidence that the amount in controversy exceeds the $75,000.00 threshold identified in Section 1332(a). *See* 28 U.S.C. § 1446(c)(2)(A)(ii) and 1446(c)(2)(B).

---

[1] By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them and do not concede the amount in controversy is recoverable.

*Removal Procedures*

23. 28 U.S.C. § 1446(b) provides that a defendant has thirty (30) days after service of process or receipt by the defendant of a pleading from which it may first be ascertained that the case is one which is or has become removable, and a period of one (1) year after commencement of the action, to file a notice of removal. *See* 28 U.S.C. §§ 1446(b), 1446(c).

24. Because this Notice of Removal is being filed by Defendants within thirty (30) days of receipt of a pleading from which it could be ascertained that the case has become removable, and within one (1) year of the commencement of the suit, the requirements of Sections 1446(b) and 1446(c) have been met.

25. As set forth above:

    a. This Notice of Removal is timely.

    b. This Notice of Removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446.

    c. There is complete diversity of all parties.

    d. The amount in controversy satisfies the necessary jurisdictional requirements.

26. Defendants will file written notice of the filing of this Notice of Removal with the Clerk of Court of the Iowa District Court for Polk County concurrently with the filing of this Notice of Removal and will serve the same on Plaintiffs pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C.**

27. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire state court file is attached and includes all pleadings served or filed in this action as of the date of this Notice of Removal. **Exhibits A, C.**

28.     Removal to the Southern District of Iowa, Central Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Iowa, Central Division, embraces the County of Polk, where the action was pending prior to the filing of this Notice of Removal.

**WHEREFORE**, by this Notice of Removal, Defendants Bombardier Recreational Products Inc. and BRP US Inc. hereby request that the Pending Action be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

**WHITFIELD & EDDY, P.L.C.**
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: jacobson@whitfieldlaw.com
          hazelwonder@whitfieldlaw.com

By /s/ *Matthew D. Jacobson*
       Matthew D. Jacobson

By /s/ *Bryn E. Hazelwonder*
       Bryn E. Hazelwonder

**ATTORNEYS FOR DEFENDANTS,
BOMBARDIER RECREATIONAL
PRODUCTS, INC. AND BRP US INC.**

## CERTIFICATE OF SERVICE

      I hereby certify a true and correct copy of the foregoing was served by email and regular mail, on January 22, 2026, upon the following:

Steven J. Crowley
Andrew L. Mahoney
Edward J. Prill
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
Phone: (319) 753-1330
Fax: (319) 752-3934
Emails: scrowley@crowleyprillattorneys.com
        amahoney@crowleyprillattorneys.com
        eprill@crowleyprillattorneys.com
**ATTORNEYS FOR PLAINTIFFS**

                                                */s/ Bryn E. Hazelwonder*
                                                Bryn E. Hazelwonder