E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

**EXHIBIT**

**A**

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, ) | Case No: _____ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **PETITION AT LAW** |
| ) | **(JURY TRIAL REQUESTED)** |
| BOMBARDIER RECREATIONAL PRODUCTS, ) | |
| INC.; BRP US INC.; HICKLIN POWER SPORTS, ) | |
| L.L.C. d/b/a HICKLIN POWERSPORTS and ) | |
| UNKNOWN FABRICATORS AND ) | |
| MANUFACTURERS – IOWA CODE 613.18(3), ) | |
| ) | |
| Defendants. | |

COME NOW the Plaintiffs, JAMES FLYNN and DEANNA FLYNN, by and through

counsel of record, CROWLEY, PRILL & MAHONEY, and in support of their claims against the

Defendants, BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN

POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS

AND MANUFACTURERS – IOWA CODE 613.18(3), hereby state as follows:

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1.      At all times material to this case, Plaintiff, James Flynn is, and was, a citizen and

resident of the State of Iowa.

2.      At all times material to this case, Plaintiff, Deanna Flynn is, and was, a citizen and

resident of the State of Iowa.  At all times material hereto, James Flynn and Deanna Flynn have

been husband and wife.

3.      At all times material to this case, Defendant, Bombardier Recreational Products is,

and was, a foreign corporation, incorporated in Valcourt, Quebec, Canada, with its principal place

of business in Valcourt, Quebec Canada.

4.      At all times material to this case, Defendant, BRP US Inc. is, and was, a foreign

corporation incorporated in Delaware, with its principal place of business in Wisconsin.

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

Defendant, BRP US is registered to do business in the state of Iowa with the registered agent being CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

5.    At all times material hereto, Defendant, Hicklin Powersports LLC d/b/a/ Hicklin Powersports ("Hicklin") is a corporation existing under the laws of the State of Iowa whose principal place of business is located in Grimes, Polk County, Iowa.

6.    At all times material to this case, Defendants, Bombardier Recreational Products and BRP US Inc. (collectively "BRP Defendants") were in the business of designing, testing, evaluating, manufacturing, marketing, and selling a wide variety of recreational vehicles including but not limited to, off road all-terrain vehicles (ATVs), utility task vehicles (UTVs), reverse trikes (three wheeled motorcycle with two wheels in front), snowmobiles, and watercraft.  Some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.

7.    At all times material to this case, the BRP Defendants conducted regular and continued business in the State of Iowa, including Polk County, Iowa by advertising, marketing and selling numerous product brands in Iowa, including Can-Am UTVs through dealerships such as Defendant Hicklin. The Can-Am is a four-wheel, side by side seating, all terrain type vehicle. (See Figure 1)

8.    At all times material to this case, the BRP Defendants had advertised, marketed, and otherwise sold its Can-Am recreational vehicles and related service and components for their vehicles in the State of Iowa.

9.     At all times material to this case, Defendant Hicklin is, and was, a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not

2

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

limited to, the BRP Defendants' products. Defendant Hicklin advertises and holds itself out as an official Can-Am dealership

10.     At all times material to this case, Defendant Hicklin was in the business of purchasing the BRP Defendants' products, including the Can-Am brand, wholesale to resell them to the public in Iowa and elsewhere. As dealers for the BRP Defendants, they exchanged and traded inventory vehicles across the state of Iowa and across state lines.

11.     At all times material to this case, Defendant Hicklin was in the business of inspecting and maintaining new and used BRP Defendants' products such as Can-Ams for resale to the public.  Defendant Hicklin also installed modifications, optional equipment, repaired, maintained, and otherwise altered new and used BRP Defendants' products such as Can-Ams and were responsible for final inspection of said vehicles to make sure they were safe and operating properly before delivery to customers such as Plaintiffs.

12.     In September of 2017, Plaintiff, James Flynn purchased a new 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) ATV (the "accident Can-Am") from Defendant Hicklin Powersports at their Grimes, Iowa store in Polk County, Iowa. A photograph of the accident Can-Am is included as figure 1 below:



3

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

**Fig. 1. Plaintiffs 2017 Can Am Commander XT 800R**

13.    Before delivering the Plaintiffs Can-Am, Defendant Hicklin was to perform a thorough pre-delivery inspection and maintenance on the Plaintiffs' new accident Can-Am, to ensure it was safe and ready for sale.

14.    The BRP Defendants designed, tested, manufactured, and sold the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) to Defendant Hicklin with control arm bolts that were too weak and of insufficient strength to support the front suspension structure in normal use during the anticipated life of the machine.  From the time the Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-road. Plaintiffs often trailered the accident Can-Am and took it on vacation with them to other states.

15.    Between the time of the sale of the plaintiffs' accident Can-Am in September 2017, and March 16, 2023, both the BRP Defendants and Defendant Hicklin received actual notice that customers with substantially similar ATV suspension bolts in Can-Am models were experiencing sudden and unexplained failure of the front suspension bolts which required replacement. Defendants became aware that the original OEM (original equipment manufacture) suspension bolts in the Can-Am series sold to Plaintiffs and others were prone to unexpected breakage leading to control failure, crashes and personal injury to occupants of the machine.

16.    Before March 16, 2023, the BRP Defendants and Defendant Hicklin became aware from customer complaints, general knowledge from consumer comments and warranty claims, that the OEM front suspension bolts on the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) were failing during operation in normal use because:

    a.    the bolts were too weak and not made of sufficient material strength to tolerate the stresses imparted by the suspension in foreseeable use; or

4

Ex. A, p. 004

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

b.    the bolts were compromised by the suspension design which created excessive force on the bolts; or

c.    A combination of both a and b above.

17.    Between September of 2017 and March 16 of 2023, the BRP Defendants and Defendant Hicklin knew, or in the exercise of reasonable care, should have known that the suspension bolts delivered with plaintiffs new Can-Am referenced above were dangerously defective and could fail without warning at any time in normal use, yet neither defendant communicated any notice of recall, warning, or recommended inspection or replacement of the defective suspension bolts to Plaintiffs before March 16, 2023.

18.    On and before the date of the accident in question, Plaintiffs used their Can-Am Commander as intended.

19.    In March of 2023, Plaintiffs were on a trip to Arizona visiting friends who also enjoyed driving their ATVs in the desert in and around Quartzsite, Arizona for recreation.

20.    On March 16, 2023, Plaintiff James Flynn was driving the plaintiffs Can-Am about 10 miles south of Quartzsite Arizona in La Paz County on Old Yuma Highway.  At that time, Old Yuma Highway was a maintained gravel road in good condition.  Plaintiff, James Flynn was the sole occupant of the Can-Am at the time.

21.    As Plaintiff, James Flynn drove the ATV on the gravel road, suddenly and without warning, one of the bolts on the control arms of the front suspension broke, causing one of the front wheels to come loose on its mount and tuck under the vehicle, causing a complete loss of control and the vehicle rolled and crashed.

22.    Plaintiff, James Flynn was ejected from the vehicle, injuring his back, jaw, ribs, among other injuries.  Plaintiff James Flynn was life-flighted by helicopter to a local hospital where he was treated for said injuries.

5

Ex. A, p. 005

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

23.    As a direct, factual, proximate, and legal result of Plaintiff, James Flynn ATV crash, Plaintiffs have suffered harms, losses and damages, including, but not limited to, the following:

    a.    Plaintiffs' property was damaged;

    b.    Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future;

    c.    Plaintiff James Flynn has lost income from his normal occupation and has suffered a loss of earning capacity in the future;

    d.    Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body in the past, and will continue to suffer more of the same in the future; and

    e.    Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries.

## COUNT I. NEGLIGENCE OF BOMBARDIER RECREATIONAL PRODUCTS; BRP USA, INC.; AND HICKLIN POWERSPORTS

1-23. Plaintiffs hereby reallege paragraphs 1 through 23 of Factual Allegations Common to all Counts in its entirety, inclusive, and incorporate the same herein as if set forth fully.

24.    At all times material to this case, the BRP Defendants and Defendant Hicklin exercised exclusive control of the accident Can-Am before it was sold and delivered to the Plaintiffs for their use as an ATV. The defendants were responsible for detecting weaknesses in the materials and design and passing on safety information to the customers such as plaintiffs.

25.    After sale of the accident Can-Am to Plaintiffs, Plaintiffs made no changes, alterations, modifications, or misuse of the accident Can-Am in any manner before the crash described herein. The accident Can-Am reached Plaintiffs in substantially the same condition as when it left the defendants' control.

Ex. A, p. 006

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

26.    A legal, factual, and proximate cause of plaintiffs' injuries, harms and losses described herein, in paragraph 21 above, was the negligence of defendants, including, but not limited to:

   a.    failing to design the front suspension with bolts strong and robust enough to withstand the foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

   b.    failing to adequately test and/or simulate the suspension components failure modes especially the bolts using state of the art FMA (Failure Mode Analysis) techniques to confirm that the OEM bolts were capable of withstanding foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

   c.    by incorporating bolts with threads extending into the suspension component sleeve, so that forces were applied to an area of the bolt that already contained stress risers due to original threading of the bolt.

   d.    failing to use quality control measures to make sure all suspension bolts supplied by vendors complied with the safe design requirements; and

   e.    after becoming aware of the unusual wear and likely failure of the defective bolts, defendants:

      i.    failed to warn plaintiffs of after acquired knowledge and report the defective bolts to Can-Am owners, warn them and recommend replacement; or

      ii.    failed to recall the vehicles with defective bolts and replace the defective bolts to avoid crashes and injuries.

## COUNT II. EXEMPLARY DAMAGES

1-26. Plaintiffs hereby reallege paragraphs 1 through 26 inclusive of this Petition and incorporate the same as if set forth fully.

27.    Defendants' failure to warn the plaintiffs of after-acquired knowledge concerning the defective suspension bolts and the likelihood of a loss of control crash, and their failure to take any steps to recall and replace the defective bolts constituted wanton and willful disregard for the

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

rights and safety of the plaintiffs and therefore, plaintiffs are entitled exemplary damages against the defendants in addition to compensatory damages pursuant to Iowa Code Chapter 668A.

WHEREFORE Plaintiffs ask for separate judgments of punitive damages against Defendants, Bombardier Recreational Products, BRP US, INC., and Hicklin Powersports in an amount which will fully, fairly and reasonably compensate them for the harms, losses and damages they have sustained and will sustain, together with interest and costs as provided by law, and for an award of exemplary damages sufficient to punish the corporations for their callous disregard for the safety of plaintiffs to dissuade other manufacturers and dealers from such conduct, and for such other relief as the Court may deem appropriate in the circumstances.

## COUNT III.  PRODUCTS LIABILITY AGAINST BOMBARDIER RECREATIONAL PRODUCTS AND BRP USA, INC.

1-27.    Plaintiffs hereby re-allege paragraphs 1 through 27, inclusive of this Petition and incorporate the same as if set forth fully.

28.    The accident Can-Am was designed, tested, manufactured and sold by the BRP Defendants.

29.    At all times material to this case, the BRP Defendants were engaged in the business of designing, testing, manufacturing and selling ATVs and similar vehicles for use throughout the United States and the State of Iowa.

30.    At the time the accident Can-Am left the BRP Defendants' control, it was in a defective condition which rendered it unreasonably dangerous to users of the product such as plaintiffs including:

   a.    the design of the suspension system imparted higher levels of stress and force on the suspension bolts than they were designed to withstand without failure under normal foreseeable use;

8

Ex. A, p. 008

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

b.    the suspension bolts as designed and specified, were too weak and insufficient to withstand repeated loading as configured in the suspension system leading to sudden and unanticipated wear and failure;

c.    the BRP Defendants installed the wrong bolts in the front suspension arms or installed them incorrectly at the factory, leading to unanticipated wear and subsequent fracture/failure in normal use; and

d.    the BRP Defendants failed to instruct and warn owners of the Can-Am of the propensity of the bolts to fail and the need for regular inspection and/or replacement.

31.    The defects identified in the preceding paragraph rendered the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) defective and unreasonably dangerous as it was prone to complete and total front suspension failure without warning, in foreseeable use.

32.    The plaintiffs received the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) with the defective conditions listed in substantially the same condition as it was in when it left the factory.

33.    Alternative designs existed at the time of the design and manufacture of the accident Can-Am which were feasible and practical, which, if used, would have prevented the crash and resultant injuries and damages to Plaintiffs James Flynn and Deanna Flynn.

34.    The defective conditions identified above were a legal, proximate and factual cause of Plaintiff James Flynn's injuries identified herein in paragraph 21.

WHEREFORE Plaintiffs ask for a judgment against Defendant Bombardier Recreational Products and BRP US, INC., jointly and severally, in an amount which will fully, fairly and reasonably compensate them for the harms, losses and damages they have sustained and will sustain, together with interest and costs as provided by law, and for such other relief as the Court may deem appropriate in the circumstances.

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

## JURY TRIAL REQUESTED

35.    Plaintiff hereby requests a jury trial for all issues submissible to a jury in this matter.

36.    The amount of damages in controversy exceeds $75,000.

Respectfully submitted,

Steven J. Crowley        AT0001845

Andrew L. Mahoney    AT0012329
Edward J. Prill            AT0012435

CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com

10

Ex. A, p. 010

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| JAMES FLYNN and DEANNA FLYNN, | ) | Case No: _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | **ORIGINAL NOTICE** |
| | ) | |
| BOMBARDIER RECREATIONAL PRODUCTS, | ) | |
| INC.; BRP US INC.; HICKLIN POWER SPORTS, | ) | |
| L.L.C. d/b/a HICKLIN POWERSPORTS and | ) | |
| UNKNOWN FABRICATORS AND | ) | |
| MANUFACTURERS – IOWA CODE 613.18(3), | ) | |
| | ) | |
| Defendants. | | |

TO THE NAMED DEFENDANTS:

**BOMBARDIER RECREATIONAL PRODUCTS, INC.**
**BRP US INC.**
**HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS**
**UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3)**

You are notified that a Petition has been filed in the office of the Clerk of this Court, naming you as the Defendant in this action.  A copy of the Petition is attached to this notice.  The attorneys for the plaintiff are Crowley, Prill & Mahoney, whose address is 3012 Division Street, Burlington, Iowa 52601.  That attorneys' phone number is (319) 753-1330; facsimile number is: (319) 752-3934.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at 641-421-0990.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  Disability coordinators cannot provide legal advice.

**<u>IMPORTANT</u>**

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

Ex. A, p. 011

E-FILED 2025 MAR 12 1:55 PM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

**Case No.** **LACL161870**

*County* **Polk**

*Case Title*    JAMFLYNN VS BOMBARDIER RECREATIONAL PRODUCTS ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **03/12/2025 01:55:38 PM**



*District Clerk of Court or/by Clerk's Designee of* Polk          *County*
 **/s/ Andrea Hernandez**

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| JAMES FLYNN and DEANNA FLYNN, | ) | Case No: _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | **PETITION AT LAW** |
| | ) | **(JURY TRIAL REQUESTED)** |
| BOMBARDIER RECREATIONAL PRODUCTS, | ) | |
| INC.; BRP US INC.; HICKLIN POWER SPORTS, | ) | |
| L.L.C. d/b/a HICKLIN POWERSPORTS and | ) | |
| UNKNOWN FABRICATORS AND | ) | |
| MANUFACTURERS – IOWA CODE 613.18(3), | ) | |
| | ) | |
| Defendants. | | |

COME NOW the Plaintiffs, JAMES FLYNN and DEANNA FLYNN, by and through counsel of record, CROWLEY, PRILL & MAHONEY, and in support of their claims against the Defendants, BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), hereby state as follows:

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1. At all times material to this case, Plaintiff, James Flynn is, and was, a citizen and resident of the State of Iowa.

2. At all times material to this case, Plaintiff, Deanna Flynn is, and was, a citizen and resident of the State of Iowa.  At all times material hereto, James Flynn and Deanna Flynn have been husband and wife.

3. At all times material to this case, Defendant, Bombardier Recreational Products is, and was, a foreign corporation, incorporated in Valcourt, Quebec, Canada, with its principal place of business in Valcourt, Quebec Canada.

4. At all times material to this case, Defendant, BRP US Inc. is, and was, a foreign corporation incorporated in Delaware, with its principal place of business in Wisconsin.

Ex. A, p. 013

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

Defendant, BRP US is registered to do business in the state of Iowa with the registered agent being CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

5.      At all times material hereto, Defendant, Hicklin Powersports LLC d/b/a/ Hicklin Powersports ("Hicklin") is a corporation existing under the laws of the State of Iowa whose principal place of business is located in Grimes, Polk County, Iowa.

6.      At all times material to this case, Defendants, Bombardier Recreational Products and BRP US Inc. (collectively "BRP Defendants") were in the business of designing, testing, evaluating, manufacturing, marketing, and selling a wide variety of recreational vehicles including but not limited to, off road all-terrain vehicles (ATVs), utility task vehicles (UTVs), reverse trikes (three wheeled motorcycle with two wheels in front), snowmobiles, and watercraft.  Some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.

7.      At all times material to this case, the BRP Defendants conducted regular and continued business in the State of Iowa, including Polk County, Iowa by advertising, marketing and selling numerous product brands in Iowa, including Can-Am UTVs through dealerships such as Defendant Hicklin. The Can-Am is a four-wheel, side by side seating, all terrain type vehicle. (See Figure 1)

8.      At all times material to this case, the BRP Defendants had advertised, marketed, and otherwise sold its Can-Am recreational vehicles and related service and components for their vehicles in the State of Iowa.

9.       At all times material to this case, Defendant Hicklin is, and was, a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

limited to, the BRP Defendants' products. Defendant Hicklin advertises and holds itself out as an official Can-Am dealership

10.    At all times material to this case, Defendant Hicklin was in the business of purchasing the BRP Defendants' products, including the Can-Am brand, wholesale to resell them to the public in Iowa and elsewhere. As dealers for the BRP Defendants, they exchanged and traded inventory vehicles across the state of Iowa and across state lines.

11.    At all times material to this case, Defendant Hicklin was in the business of inspecting and maintaining new and used BRP Defendants' products such as Can-Ams for resale to the public.  Defendant Hicklin also installed modifications, optional equipment, repaired, maintained, and otherwise altered new and used BRP Defendants' products such as Can-Ams and were responsible for final inspection of said vehicles to make sure they were safe and operating properly before delivery to customers such as Plaintiffs.

12.    In September of 2017, Plaintiff, James Flynn purchased a new 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) ATV (the "accident Can-Am") from Defendant Hicklin Powersports at their Grimes, Iowa store in Polk County, Iowa. A photograph of the accident Can-Am is included as figure 1 below:



3

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

**Fig. 1. Plaintiffs 2017 Can Am Commander XT 800R**

13.      Before delivering the Plaintiffs Can-Am, Defendant Hicklin was to perform a thorough pre-delivery inspection and maintenance on the Plaintiffs' new accident Can-Am, to ensure it was safe and ready for sale.

14.      The BRP Defendants designed, tested, manufactured, and sold the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) to Defendant Hicklin with control arm bolts that were too weak and of insufficient strength to support the front suspension structure in normal use during the anticipated life of the machine.  From the time the Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-road. Plaintiffs often trailered the accident Can-Am and took it on vacation with them to other states.

15.      Between the time of the sale of the plaintiffs' accident Can-Am in September 2017, and March 16, 2023, both the BRP Defendants and Defendant Hicklin received actual notice that customers with substantially similar ATV suspension bolts in Can-Am models were experiencing sudden and unexplained failure of the front suspension bolts which required replacement. Defendants became aware that the original OEM (original equipment manufacture) suspension bolts in the Can-Am series sold to Plaintiffs and others were prone to unexpected breakage leading to control failure, crashes and personal injury to occupants of the machine.

16.       Before March 16, 2023, the BRP Defendants and Defendant Hicklin became aware from customer complaints, general knowledge from consumer comments and warranty claims, that the OEM front suspension bolts on the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) were failing during operation in normal use because:

     a.     the bolts were too weak and not made of sufficient material strength to tolerate the stresses imparted by the suspension in foreseeable use; or

4

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

b.    the bolts were compromised by the suspension design which created excessive force on the bolts; or

c.    A combination of both a and b above.

17.    Between September of 2017 and March 16 of 2023, the BRP Defendants and Defendant Hicklin knew, or in the exercise of reasonable care, should have known that the suspension bolts delivered with plaintiffs new Can-Am referenced above were dangerously defective and could fail without warning at any time in normal use, yet neither defendant communicated any notice of recall, warning, or recommended inspection or replacement of the defective suspension bolts to Plaintiffs before March 16, 2023.

18.    On and before the date of the accident in question, Plaintiffs used their Can-Am Commander as intended.

19.    In March of 2023, Plaintiffs were on a trip to Arizona visiting friends who also enjoyed driving their ATVs in the desert in and around Quartzsite, Arizona for recreation.

20.    On March 16, 2023, Plaintiff James Flynn was driving the plaintiffs Can-Am about 10 miles south of Quartzsite Arizona in La Paz County on Old Yuma Highway.  At that time, Old Yuma Highway was a maintained gravel road in good condition.  Plaintiff, James Flynn was the sole occupant of the Can-Am at the time.

21.    As Plaintiff, James Flynn drove the ATV on the gravel road, suddenly and without warning, one of the bolts on the control arms of the front suspension broke, causing one of the front wheels to come loose on its mount and tuck under the vehicle, causing a complete loss of control and the vehicle rolled and crashed.

22.    Plaintiff, James Flynn was ejected from the vehicle, injuring his back, jaw, ribs, among other injuries.  Plaintiff James Flynn was life-flighted by helicopter to a local hospital where he was treated for said injuries.

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

23. As a direct, factual, proximate, and legal result of Plaintiff, James Flynn ATV crash, Plaintiffs have suffered harms, losses and damages, including, but not limited to, the following:

    a. Plaintiffs' property was damaged;

    b. Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future;

    c. Plaintiff James Flynn has lost income from his normal occupation and has suffered a loss of earning capacity in the future;

    d. Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body in the past, and will continue to suffer more of the same in the future; and

    e. Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries.

## COUNT I. NEGLIGENCE OF BOMBARDIER RECREATIONAL PRODUCTS; BRP USA, INC.; AND HICKLIN POWERSPORTS

1-23. Plaintiffs hereby reallege paragraphs 1 through 23 of Factual Allegations Common to all Counts in its entirety, inclusive, and incorporate the same herein as if set forth fully.

24. At all times material to this case, the BRP Defendants and Defendant Hicklin exercised exclusive control of the accident Can-Am before it was sold and delivered to the Plaintiffs for their use as an ATV. The defendants were responsible for detecting weaknesses in the materials and design and passing on safety information to the customers such as plaintiffs.

25. After sale of the accident Can-Am to Plaintiffs, Plaintiffs made no changes, alterations, modifications, or misuse of the accident Can-Am in any manner before the crash described herein. The accident Can-Am reached Plaintiffs in substantially the same condition as when it left the defendants' control.

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

26.    A legal, factual, and proximate cause of plaintiffs' injuries, harms and losses described herein, in paragraph 21 above, was the negligence of defendants, including, but not limited to:

   a.    failing to design the front suspension with bolts strong and robust enough to withstand the foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

   b.    failing to adequately test and/or simulate the suspension components failure modes especially the bolts using state of the art FMA (Failure Mode Analysis) techniques to confirm that the OEM bolts were capable of withstanding foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

   c.    by incorporating bolts with threads extending into the suspension component sleeve, so that forces were applied to an area of the bolt that already contained stress risers due to original threading of the bolt.

   d.    failing to use quality control measures to make sure all suspension bolts supplied by vendors complied with the safe design requirements; and

   e.    after becoming aware of the unusual wear and likely failure of the defective bolts, defendants:

      i.    failed to warn plaintiffs of after acquired knowledge and report the defective bolts to Can-Am owners, warn them and recommend replacement; or

      ii.    failed to recall the vehicles with defective bolts and replace the defective bolts to avoid crashes and injuries.

## COUNT II. EXEMPLARY DAMAGES

1-26. Plaintiffs hereby reallege paragraphs 1 through 26 inclusive of this Petition and incorporate the same as if set forth fully.

27.    Defendants' failure to warn the plaintiffs of after-acquired knowledge concerning the defective suspension bolts and the likelihood of a loss of control crash, and their failure to take any steps to recall and replace the defective bolts constituted wanton and willful disregard for the

7

E-FILED 2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

rights and safety of the plaintiffs and therefore, plaintiffs are entitled exemplary damages against the defendants in addition to compensatory damages pursuant to Iowa Code Chapter 668A.

WHEREFORE Plaintiffs ask for separate judgments of punitive damages against Defendants, Bombardier Recreational Products, BRP US, INC., and Hicklin Powersports in an amount which will fully, fairly and reasonably compensate them for the harms, losses and damages they have sustained and will sustain, together with interest and costs as provided by law, and for an award of exemplary damages sufficient to punish the corporations for their callous disregard for the safety of plaintiffs to dissuade other manufacturers and dealers from such conduct, and for such other relief as the Court may deem appropriate in the circumstances.

## COUNT III.  PRODUCTS LIABILITY AGAINST BOMBARDIER RECREATIONAL PRODUCTS AND BRP USA, INC.

1-27.    Plaintiffs hereby re-allege paragraphs 1 through 27, inclusive of this Petition and incorporate the same as if set forth fully.

28.    The accident Can-Am was designed, tested, manufactured and sold by the BRP Defendants.

29.    At all times material to this case, the BRP Defendants were engaged in the business of designing, testing, manufacturing and selling ATVs and similar vehicles for use throughout the United States and the State of Iowa.

30.    At the time the accident Can-Am left the BRP Defendants' control, it was in a defective condition which rendered it unreasonably dangerous to users of the product such as plaintiffs including:

> a.    the design of the suspension system imparted higher levels of stress and force on the suspension bolts than they were designed to withstand without failure under normal foreseeable use;

8

Ex. A, p. 020

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

b.    the suspension bolts as designed and specified, were too weak and insufficient to withstand repeated loading as configured in the suspension system leading to sudden and unanticipated wear and failure;

c.    the BRP Defendants installed the wrong bolts in the front suspension arms or installed them incorrectly at the factory, leading to unanticipated wear and subsequent fracture/failure in normal use; and

d.    the BRP Defendants failed to instruct and warn owners of the Can-Am of the propensity of the bolts to fail and the need for regular inspection and/or replacement.

31.    The defects identified in the preceding paragraph rendered the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) defective and unreasonably dangerous as it was prone to complete and total front suspension failure without warning, in foreseeable use.

32.    The plaintiffs received the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) with the defective conditions listed in substantially the same condition as it was in when it left the factory.

33.    Alternative designs existed at the time of the design and manufacture of the accident Can-Am which were feasible and practical, which, if used, would have prevented the crash and resultant injuries and damages to Plaintiffs James Flynn and Deanna Flynn.

34.    The defective conditions identified above were a legal, proximate and factual cause of Plaintiff James Flynn's injuries identified herein in paragraph 21.

WHEREFORE Plaintiffs ask for a judgment against Defendant Bombardier Recreational Products and BRP US, INC., jointly and severally, in an amount which will fully, fairly and reasonably compensate them for the harms, losses and damages they have sustained and will sustain, together with interest and costs as provided by law, and for such other relief as the Court may deem appropriate in the circumstances.

9

Ex. A, p. 021

E-FILED  2025 MAR 12 8:36 AM POLK - CLERK OF DISTRICT COURT

## JURY TRIAL REQUESTED

35.     Plaintiff hereby requests a jury trial for all issues submissible to a jury in this matter.

36.     The amount of damages in controversy exceeds $75,000.

Respectfully submitted,

_____
Steven J. Crowley       AT0001845

_____
Andrew L. Mahoney   AT0012329
Edward J. Prill           AT0012435

CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com

10

Ex. A, p. 022

E-FILED  2025 MAR 20 11:29 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>     Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>     Defendants. | CASE NO. LACL161870<br><br><br>**ACCEPTANCE OF SERVICE** |

STATE OF IOWA      )
                   )ss.
COUNTY OF POLK    )

     I, Billy Mallory, acknowledge that I am of legal age and under no disability; and I have received and accepted a copy of the following documents on behalf of Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports pursuant to Iowa Rules of Civil Procedure:

    1. Original Notice; and
    2. Petition at Law (Jury Trial Requested).

Dated this 20th day of March, 2025.

_____
Billy Mallory

Ex. A, p. 023

E-FILED 2025 MAR 27 10:10 AM POLK - CLERK OF DISTRICT COURT

**POLK COUNTY SHERIFF'S OFFICE**



**SHERIFF KEVIN J. SCHNEIDER**

CIVIL DIVISION | 222 - 5TH AVENUE DES MOINES, IA 50309

SHERIFF'S OFFICE (515) 286-3800 | FAX (515) 286-3410

# RETURN OF SERVICE
### In the IA District Court for POLK COUNTY COURT

| JAMES FLYNN | VS | BRP US INC |
|---|---|---|

Sheriff #: 25012710
Case #: LACL161870
Received: 3/24/2025
Service Number: 281330

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X ONP/Jury Demand

On: 3/25/2025 10:04:00 AM
To: BRP US INC by delivering a copy to JOEL KISSELL
     a person at least 18 years of age described as REGISTERED AGENT
Manner Served: REGISTERED AGENT
Address of Service: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Notes:

**Attempts**

Date: 3/25/2025 10:04:00 AM
Address: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Note:

| **FEES** | **Kevin J Schneider, Sheriff of Polk County, Iowa** |
|---|---|
| **Total: $31.40** | Deputy/Server: Patrick Adamovicz |

Entered by Janet Lose - 3/27/2025 9:20:12 AM.

Ex. A, p. 024

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN AND DEANNA FLYNN,<br><br>        Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS; BRP US INC.; HICKLIN POWER  SPORTS; L.L.C. D/B/A HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>        Defendants. | Case No. LACL161870<br><br><br><br>**DEFENDANT HICKLIN POWER SPORTS, LLC'S ANSWER and JURY DEMAND** |

COMES NOW Defendant, Hicklin Power Sports, LLC, by and through undersigned counsel, and for their Answer to Plaintiffs' Petition state as follows:

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1.    At all times material to this case, James Flynn was, and still is citizen and resident of the State of Iowa.

**ANSWER:** Defendant denies Paragraph 1 of the Petition due to lack of information.

2.    At all times material to this case, Deanna Flynn was, and still is a citizen and resident of the State of Iowa.  At all times material hereto, James Flynn and Deanna Flynn have been husband and wife.

**ANSWER:** Defendant denies Paragraph 2 of the Petition due to lack of information.

3.    At all times material to this case, Bombardier Recreational Products

1

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

("BRP") is a foreign corporation, incorporated in Valcourt, Quebec, Canada, with its principal place of business in Valcourt, Quebec Canada.

**ANSWER:** Defendant admits to Paragraph 3 of the Petition.

4.    At all times material to this case, Defendant, BRP US Inc. is, and was, a foreign corporation incorporated in Delaware, with its principal place of business in Wisconsin. Defendant, BRP US is registered to do business in the state of Iowa with the registered agent being CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

**ANSWER:** Defendant admits to Paragraph 4 of the Petition.

5.    At all times material hereto, Defendant, Hicklin Powersports LLC d/b/a/ Hicklin Powersports ("Hicklin") is a corporation existing under the laws of the State of Iowa whose principal place of business is located in Grimes, Polk County, Iowa.

**ANSWER:** Defendant admits to Paragraph 5 of the Petition.

6.    At all times material to this case, Defendants, Bombardier Recreational Products and BRP US Inc. (collectively "BRP Defendants") were in the business of designing, testing, evaluating, manufacturing, marketing, and selling a wide variety of recreational vehicles including but not limited to, off road all-terrain vehicles (ATVs), utility task vehicles (UTVs), reverse trikes (three wheeled motorcycle with two wheels in front), snowmobiles, and watercraft. Some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.

2

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 6 of the Petition due to lack of information.

7.    At all times material to this case, the BRP Defendants conducted regular and continued business in the State of Iowa, including Polk County, Iowa by advertising, marketing and selling numerous product brands in Iowa, including Can-Am UTVs through dealerships such as Defendant Hicklin. The Can-Am is a four-wheel, side by side seating, all terrain type vehicle. (See Figure 1)

**ANSWER:** Defendant denies Paragraph 7 of the Petition due to lack of information.

8.    At all times material to this case, the BRP Defendants had advertised, marketed, and otherwise sold its Can-Am recreational vehicles and related service and components for their vehicles in the State of Iowa.

**ANSWER:** Defendant denies Paragraph 8 of the Petition due to lack of information.

9.    At all times material to this case, Defendant Hicklin is, and was, a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not limited to, the BRP Defendants' products. Defendant Hicklin advertises and holds itself out as an official Can-Am dealership.

**ANSWER:** Defendant admits it is a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not limited to, the BRP Defendants' products. Defendant denies all other allegations

3

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

of Paragraph 9 of the Petition.

10.    At all times material to this case, Defendant Hicklin was in the business of purchasing the BRP Defendants' products, including the Can-Am brand, wholesale to resell them to the public in Iowa and elsewhere. As dealers for the BRP Defendants, they exchanged and traded inventory vehicles across the state of Iowa and across state lines.

**ANSWER:** Defendant denies Paragraph 10 of the Petition.

11.    At all times material to this case, Defendant Hicklin was in the business of inspecting and maintaining new and used BRP Defendants' products such as Can-Ams for resale to the public. Defendant Hicklin also installed modifications, optional equipment, repaired, maintained, and otherwise altered new and used BRP Defendants' products such as Can-Ams and were responsible for final inspection of said vehicles to make sure they were safe and operating properly before delivery to customers such as Plaintiffs.

**ANSWER:** Defendant denies Paragraph 11 of the Petition.

12.    In September of 2017, plaintiff James Flynn purchased a new 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) ATV (the "accident Can-Am") from defendant Hicklin Powersports at their Grimes, Iowa Store in Polk County, Iowa. A photograph of the accident Can-Am is included as figure 1 below.

4

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT



**Fig. 1. Plaintiffs 2017 Can Am Commander XT 800R**

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of the Petition. Defendant denies Figure 1 of the Petition due to lack of information.

13. Before delivering the plaintiffs Can Am, defendant Hicklin was to have performed a thorough pre-delivery inspections and maintenance on the plaintiff's new accident Can-Am, to ensure it was safe and ready for sale.

**ANSWER:** Defendant denies Paragraph 13 of the Petition.

14. The BRP Defendants designed, tested, manufactured, and sold the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) to Defendant Hicklin with control arm bolts that were too weak and of insufficient strength to support the front suspension structure in normal use during the anticipated life of the machine. From the time the Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-road. Plaintiffs often trailered the accident Can-Am and took it on vacation with them

5

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

to other states.

**ANSWER:** Defendant denies Paragraph 14 of the Petition.

15.    Between the time of the sale of the plaintiffs' accident Can-Am in September 2017, and March 16, 2023, both the BRP Defendants and Defendant Hicklin received actual notice that customers with substantially similar ATV suspension bolts in Can-Am models were experiencing sudden and unexplained failure of the front suspension bolts which required replacement. Defendants became aware that the original OEM (original equipment manufacture) suspension bolts in the Can-Am series sold to Plaintiffs and others were prone to unexpected breakage leading to control failure, crashes and personal injury to occupants of the machine.

**ANSWER:** Defendant denies Paragraph 15 of the Petition.

16.    Before March 16, 2023, the BRP Defendants and Hicklin became aware from customer complaints, general knowledge from consumer comments and warranty claims, that the OEM front suspension bolts on the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) were failing during operation in normal use because:

    a. The bolts were too weak and not made of sufficient material strength to tolerate the stresses imparted by the suspension in foreseeable use, or:

    b. The bolts were compromised by the suspension design which created excessive force on the bolts, or;

    c. A combination of both a and b above.

6

Ex. A, p. 030

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 16 and all subparts of the Petition.

17.    Between September of 2017 and March 16 of 2023, the BRP Defendants and Hicklin knew, or in the exercise of reasonable care should have known that the suspension bolts delivered with plaintiffs new Can Am referenced above were dangerously defective and could fail without warning at any time in normal use, yet neither defendant communicated any notice of recall, warning, or recommended inspection or replacement of the defective suspension bolts to plaintiffs before March 16, 2023.

**ANSWER:** Defendant denies Paragraph 17 of the Petition.

18.    On and before the date of the accident in question, Plaintiffs used their Can Am Commander as intended.

**ANSWER:** Defendant denies Paragraph 18 of the Petition for lack of information.

19.    In March of 2023, Plaintiffs were on a trip to Arizona visiting friends who also enjoyed driving their ATVs in the desert in and around Quartzsite, Arizona for recreation.

**ANSWER:** Defendant denies Paragraph 19 of the Petition for lack of information.

20.    On March 16, 2023, Plaintiff, James Flynn was driving the plaintiffs Can Am about 10 miles south of Quartzsite Arizona in La Paz County on Old Yuma Highway.  At that time, Old Yuma Highway was a maintained gravel road in good condition.  Plaintiff, James Flynn was the sole occupant of the Can Am at the time.

7

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 20 of the Petition for lack of information.

21.    As Plaintiff, James Flynn drove the ATV on the gravel road, suddenly and without warning, one of the bolts on the control arms of the front suspension broke, causing one of the front wheels to come loose on its mount and tuck under the vehicle, causing a complete loss of control and the vehicle rolled and crashed.

**ANSWER:** Defendant denies Paragraph 21 of the Petition for lack of information.

22.    Plaintiff, James Flynn was ejected from the vehicle, injuring his back, jaw, ribs, among other injuries.  Plaintiff, James Flynn was life-flighted by helicopter to a local hospital where he was treated for said injuries.

**ANSWER:** Defendant denies Paragraph 22 of the Petition for lack of information.

23.    As a direct, factual, proximate, and legal result of Plaintiff, James Flynn ATV crash, Plaintiffs have suffered harms, losses and damages, including, but not limited to, the following:

a. Plaintiffs' property was damaged;

b. Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future;

c. Plaintiff James Flynn has lost income from his normal occupation and has suffered a loss of earning capacity in the future;

8

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

d. Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body in the past, and will continue to suffer more of the same in the future; and;

e. Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries.

**ANSWER:** Defendant denies Paragraph 23 and its subparts of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

## COUNT I. NEGLIGENCE OF BOMBARDIER RECREATIONAL PRODUCTS; BRP USA, INC.; AND HICKLIN POWERSPORTS

1-23. Plaintiffs hereby reallege paragraphs 1 through 23 of Factual Allegations Common to all Counts in its entirety, inclusive, and incorporate the same herein as if set forth fully.

**ANSWER**: Defendant repleads and incorporates the Answers outlined in Paragraphs 1-23 as though fully set forth herein.

24. At all times material to this case, the BRP Defendants and Defendant Hicklin exercised exclusive control of the accident Can-Am before it was sold and delivered to the Plaintiffs for their use as an ATV. The defendants were responsible for detecting weaknesses in the materials and design and passing on safety information to the customers such as plaintiffs.

**ANSWER:** Defendant denies Paragraph 24 of the Petition.

9

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

25.    After sale of the accident Can-Am to Plaintiffs, Plaintiffs made no changes, alterations, modifications, or misuse of the accident Can-Am in any manner before the crash described herein. The accident Can-Am reached Plaintiffs in substantially the same condition as when it left Defendants' control.

**ANSWER:** Defendant denies Paragraph 25 of the Petition.

26.    A legal, factual, and proximate cause of plaintiff's injuries, harms and losses described herein, in paragraph 21 above, was the negligence of defendants, including, but not limited to:

a. Failing to design the front suspension with bolts strong and robust enough to withstand the foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions,

b. Failing to adequately test and/or simulate the suspension components failure modes especially the bolts using state of the art FMA (Failure Mode Analysis) techniques to confirm that the OEM bolts were capable of withstanding foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions.

c. By incorporating bolts with threads extending into the suspension component sleeve, so that forces were applied to an area of the bolt that already contained stress risers due to original threading of the bolt.

d. In failing to use quality control measures to make sure all

10

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

suspension bolts supplied by vendors complied with the safe design requirements.

e. After becoming aware of the unusual wear and likely failure of the defective bolts, defendants:

i. Failed to warn plaintiffs of after acquired knowledge and report the defective bolts to Can Am owners, warn them and recommend replacement, or

ii. Failed to recall the vehicles with defective bolts and replace the defective bolts to avoid crashes and injuries.

**ANSWER:** Defendant denies Paragraph 26 and its subparts of the Petition and affirmatively states Paragraph 21 above does not reference plaintiff's alleged injuries, harms and losses.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

## COUNT II. EXEMPLARY DAMAGES

1-26. Plaintiffs hereby reallege paragraphs 1 through 26 inclusive of this petition and incorporate the same as if set forth fully.

**ANSWER**: Defendant repleads and incorporates the Answers outlined in Paragraphs 1-26 as though fully set forth herein.

27. Defendants' failure to warn the plaintiffs of after-acquired

11

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

knowledge concerning the defective suspension bolts and the likelihood of a loss of control crash, and their failure to take any steps to recall and replace the defective bolts constituted wanton and willful disregard for the rights and safety of the plaintiffs and therefore, plaintiffs are entitled exemplary damages against the defendants in addition to compensatory damages pursuant to Iowa Code Chapter 668A.

**ANSWER:** Defendant denies Paragraph 27 of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

### COUNT III.  PRODUCTS LIABILITY AGAINST BOMBARDIER RECREATIONAL PRODUCTS AND BRP USA, INC.

1-25.  Plaintiff hereby re-alleges paragraphs 1 through 25, inclusive, and incorporates the same herein as if set forth fully.

**ANSWER**: Count III is not directed to Defendant Hicklin. To extent an answer from Defendant Hicklin, it is required Defendant repleads and incorporates the Answers outlined in Paragraphs 1-25 as though fully set forth herein.

28.    The accident Can-Am was designed, tested, manufactured and sold by the BRP Defendants.

**ANSWER**: Count III, Paragraph 28 is not directed to Defendant Hicklin.

12

Ex. A, p. 036

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

To extent an answer from Defendant Hicklin, it is required that Defendant denies Paragraph 28 of the Petition.

29.    At all times material to this case, the BRP Defendants were engaged in the business of designing, testing, manufacturing and selling ATVs and similar vehicles for use throughout the United States and the State of Iowa.

**ANSWER**: Count III, Paragraph 29 is not directed to Defendant Hicklin. To extent an answer from Defendant Hicklin, it is required that Defendant denies Paragraph 29 of the Petition.

30.    At the time the accident Can-Am left the BRP Defendants' control, it was in a defective condition which rendered it unreasonably dangerous to users of the product such as plaintiffs including:

    a. The design of the suspension system imparted higher levels of stress and force on the suspension bolts than they were designed to withstand without failure under normal foreseeable use;

    b. The suspension bolts as designed and specified, were too weak and insufficient to withstand repeated loading as configured in the suspension system leading to sudden and unanticipated wear and failure.

    c. the BRP Defendants installed the wrong bolts in the front suspension arms or installed them incorrectly at the factory, leading to unanticipated wear and subsequent fracture/failure in normal use.

    d. the BRP Defendants failed to instruct and warn owners of the Can

13

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

Am of the propensity of the bolts to fail and the need for regular inspection and/or replacement.

**ANSWER**: Count III, Paragraph 30 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 28 and its subparts of the Petition.

31.    The defects identified in the preceding paragraph rendered the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) defective and unreasonably dangerous as it was prone to complete and total front suspension failure without warning, in foreseeable use.

**ANSWER**: Count III, Paragraph 31 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 29 of the Petition.

32.    The plaintiffs received the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) with the defective conditions listed in substantially the same condition as it was in when it left the factory.

**ANSWER**: Count III, Paragraph 32 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 30 of the Petition.

33.    Alternative designs existed at the time of the design and manufacture of the accident Can-Am which were feasible and practical, which, if used, would have prevented the crash and resultant injuries and damages to Plaintiffs James Flynn and Deanna Flynn.

**ANSWER**: Count III, Paragraph 33 is not directed to Defendant Hicklin. To

14

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 31 of the Petition.

34.    The defective conditions identified above were a legal, proximate and factual cause of Plaintiff's injuries identified herein in paragraph 21.

**ANSWER**: Count III, Paragraph 34 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 32 of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Hicklin Powersports, LLC, by and through undersigned counsel and for their Affirmative Defenses, state as follows:

1.    Improper Joinder. Defendant Hicklin asserts that it has been improperly joined in this action solely for the purpose of defeating diversity jurisdiction and preventing removal to federal court. Plaintiffs have no plausible claim against Defendant Hicklin, and its inclusion in this lawsuit is a tactical maneuver designed to maintain the case in state court. There is no reasonable basis in fact or law for the claims asserted against Defendant Hicklin.

2.    Plaintiffs have failed to state a claim upon which relief may be granted.

15

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

3.    Plaintiffs have failed to mitigate their damages, if any, and recovery is either barred or must be reduced proportionately.

4.    Plaintiffs or another party are the sole and proximate cause of any injury or damages sustained.

5.    Plaintiffs unreasonably failed to avoid injury and exercise care for their own safety.

6.    Plaintiffs are barred from recovery under the doctrine of assumption of risk.

7.    Plaintiffs' claims are barred, in whole or in part, under the doctrines or principals of waiver, estoppel, unclean hands, or laches.

8.    The Plaintiffs' injuries, if any, were caused in whole or part by the fault of the Plaintiffs and/or other parties and should be reduced or barred under Iowa Code Chapter 668.

9.    The Plaintiffs' injuries/damages were caused by the fault of Plaintiffs or other parties, persons, or entities, and such fault was a cause or the sole cause of the accident, and any injuries or damages sustained

10.    The applicable statute of limitations bars Plaintiffs' claims.

11.    All allegations and legal conclusions not explicitly admitted herein are denied.

12.    Defendant hereby gives notice that they intend to rely upon such other defenses as may become available or apparent during discovery proceedings in this case and reserve the right to amend its Answer to assert any such defenses.

16

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

Defendant Hicklin Powersports, LLC hereby demands trial by jury on each of the issues so triable.

> Respectfully Submitted,
>
> MALLORY LAW
>
> /s/ Billy Mallory
> Billy J. Mallory (AT0004934)
> Trevor A. Jordison (AT0015271)
> 12012 Ridgemont Drive
> Urbandale, IA 50323
> T: 515-207-2365
> F: 1-515-608-4638
> trevor@mallorylawiowa.com
> billy@mallorylawiowa.com
> cc: kennedy@mallorylawiowa.com
> ATTORNEYS FOR DEFENDANT HICKLIN
> POWER SPORTS, LLC

E-filed with a copy via EDMS to All parties.

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____/s/ Kennedy Anderson_____

---

17

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN AND DEANNA FLYNN,<br><br>        Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS; BRP US INC.; HICKLIN POWER  SPORTS; L.L.C. D/B/A HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>        Defendants. | Case No. LACL161870<br><br><br><br>**DEFENDANT HICKLIN POWER SPORTS, LLC'S ANSWER and JURY DEMAND** |

COMES NOW Defendant, Hicklin Power Sports, LLC, by and through undersigned counsel, and for their Answer to Plaintiffs' Petition state as follows:

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1.     At all times material to this case, James Flynn was, and still is citizen and resident of the State of Iowa.

**ANSWER:** Defendant denies Paragraph 1 of the Petition due to lack of information.

2.     At all times material to this case, Deanna Flynn was, and still is a citizen and resident of the State of Iowa.  At all times material hereto, James Flynn and Deanna Flynn have been husband and wife.

**ANSWER:** Defendant denies Paragraph 2 of the Petition due to lack of information.

3.     At all times material to this case, Bombardier Recreational Products

1

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

("BRP") is a foreign corporation, incorporated in Valcourt, Quebec, Canada, with its principal place of business in Valcourt, Quebec Canada.

**ANSWER:** Defendant admits to Paragraph 3 of the Petition.

4.     At all times material to this case, Defendant, BRP US Inc. is, and was, a foreign corporation incorporated in Delaware, with its principal place of business in Wisconsin. Defendant, BRP US is registered to do business in the state of Iowa with the registered agent being CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

**ANSWER:** Defendant admits to Paragraph 4 of the Petition.

5.     At all times material hereto, Defendant, Hicklin Powersports LLC d/b/a/ Hicklin Powersports ("Hicklin") is a corporation existing under the laws of the State of Iowa whose principal place of business is located in Grimes, Polk County, Iowa.

**ANSWER:** Defendant admits to Paragraph 5 of the Petition.

6.     At all times material to this case, Defendants, Bombardier Recreational Products and BRP US Inc. (collectively "BRP Defendants") were in the business of designing, testing, evaluating, manufacturing, marketing, and selling a wide variety of recreational vehicles including but not limited to, off road all-terrain vehicles (ATVs), utility task vehicles (UTVs), reverse trikes (three wheeled motorcycle with two wheels in front), snowmobiles, and watercraft. Some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.

2

Ex. A, p. 043

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 6 of the Petition due to lack of information.

7.     At all times material to this case, the BRP Defendants conducted regular and continued business in the State of Iowa, including Polk County, Iowa by advertising, marketing and selling numerous product brands in Iowa, including Can-Am UTVs through dealerships such as Defendant Hicklin. The Can-Am is a four-wheel, side by side seating, all terrain type vehicle. (See Figure 1)

**ANSWER:** Defendant denies Paragraph 7 of the Petition due to lack of information.

8.     At all times material to this case, the BRP Defendants had advertised, marketed, and otherwise sold its Can-Am recreational vehicles and related service and components for their vehicles in the State of Iowa.

**ANSWER:** Defendant denies Paragraph 8 of the Petition due to lack of information.

9.     At all times material to this case, Defendant Hicklin is, and was, a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not limited to, the BRP Defendants' products. Defendant Hicklin advertises and holds itself out as an official Can-Am dealership.

**ANSWER:** Defendant admits it is a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not limited to, the BRP Defendants' products. Defendant denies all other allegations

3

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

of Paragraph 9 of the Petition.

10.    At all times material to this case, Defendant Hicklin was in the business of purchasing the BRP Defendants' products, including the Can-Am brand, wholesale to resell them to the public in Iowa and elsewhere. As dealers for the BRP Defendants, they exchanged and traded inventory vehicles across the state of Iowa and across state lines.

**ANSWER:** Defendant denies Paragraph 10 of the Petition.

11.    At all times material to this case, Defendant Hicklin was in the business of inspecting and maintaining new and used BRP Defendants' products such as Can-Ams for resale to the public. Defendant Hicklin also installed modifications, optional equipment, repaired, maintained, and otherwise altered new and used BRP Defendants' products such as Can-Ams and were responsible for final inspection of said vehicles to make sure they were safe and operating properly before delivery to customers such as Plaintiffs.

**ANSWER:** Defendant denies Paragraph 11 of the Petition.

12.    In September of 2017, plaintiff James Flynn purchased a new 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) ATV (the "accident Can-Am") from defendant Hicklin Powersports at their Grimes, Iowa Store in Polk County, Iowa. A photograph of the accident Can-Am is included as figure 1 below.

4

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT



**Fig. 1. Plaintiffs 2017 Can Am Commander XT 800R**

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of the Petition. Defendant denies Figure 1 of the Petition due to lack of information.

13.    Before delivering the plaintiffs Can Am, defendant Hicklin was to have performed a thorough pre-delivery inspections and maintenance on the plaintiff's new accident Can-Am, to ensure it was safe and ready for sale.

**ANSWER:** Defendant denies Paragraph 13 of the Petition.

14.    The BRP Defendants designed, tested, manufactured, and sold the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) to Defendant Hicklin with control arm bolts that were too weak and of insufficient strength to support the front suspension structure in normal use during the anticipated life of the machine.  From the time the Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-road. Plaintiffs often trailered the accident Can-Am and took it on vacation with them

5

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

to other states.

**ANSWER:** Defendant denies Paragraph 14 of the Petition.

15.    Between the time of the sale of the plaintiffs' accident Can-Am in September 2017, and March 16, 2023, both the BRP Defendants and Defendant Hicklin received actual notice that customers with substantially similar ATV suspension bolts in Can-Am models were experiencing sudden and unexplained failure of the front suspension bolts which required replacement. Defendants became aware that the original OEM (original equipment manufacture) suspension bolts in the Can-Am series sold to Plaintiffs and others were prone to unexpected breakage leading to control failure, crashes and personal injury to occupants of the machine.

**ANSWER:** Defendant denies Paragraph 15 of the Petition.

16.    Before March 16, 2023, the BRP Defendants and Hicklin became aware from customer complaints, general knowledge from consumer comments and warranty claims, that the OEM front suspension bolts on the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) were failing during operation in normal use because:

    a. The bolts were too weak and not made of sufficient material strength to tolerate the stresses imparted by the suspension in foreseeable use, or:

    b. The bolts were compromised by the suspension design which created excessive  force on the bolts, or;

    c. A combination of both a and b above.

<div align="center">6</div>

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 16 and all subparts of the Petition.

17.    Between September of 2017 and March 16 of 2023, the BRP Defendants and Hicklin knew, or in the exercise of reasonable care should have known that the suspension bolts delivered with plaintiffs new Can Am referenced above were dangerously defective and could fail without warning at any time in normal use, yet neither defendant communicated any notice of recall, warning, or recommended inspection or replacement of the defective suspension bolts to plaintiffs before March 16, 2023.

**ANSWER:** Defendant denies Paragraph 17 of the Petition.

18.    On and before the date of the accident in question, Plaintiffs used their Can Am Commander as intended.

**ANSWER:** Defendant denies Paragraph 18 of the Petition for lack of information.

19.    In March of 2023, Plaintiffs were on a trip to Arizona visiting friends who also enjoyed driving their ATVs in the desert in and around Quartzsite, Arizona for recreation.

**ANSWER:** Defendant denies Paragraph 19 of the Petition for lack of information.

20.    On March 16, 2023, Plaintiff, James Flynn was driving the plaintiffs Can Am about 10 miles south of Quartzsite Arizona in La Paz County on Old Yuma Highway.  At that time, Old Yuma Highway was a maintained gravel road in good condition.  Plaintiff, James Flynn was the sole occupant of the Can Am at the time.

7

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** Defendant denies Paragraph 20 of the Petition for lack of information.

21.  As Plaintiff, James Flynn drove the ATV on the gravel road, suddenly and without warning, one of the bolts on the control arms of the front suspension broke, causing one of the front wheels to come loose on its mount and tuck under the vehicle, causing a complete loss of control and the vehicle rolled and crashed.

**ANSWER:** Defendant denies Paragraph 21 of the Petition for lack of information.

22.  Plaintiff, James Flynn was ejected from the vehicle, injuring his back, jaw, ribs, among other injuries.  Plaintiff, James Flynn was life-flighted by helicopter to a local hospital where he was treated for said injuries.

**ANSWER:** Defendant denies Paragraph 22 of the Petition for lack of information.

23.  As a direct, factual, proximate, and legal result of Plaintiff, James Flynn ATV crash, Plaintiffs have suffered harms, losses and damages, including, but not limited to, the following:

   a. Plaintiffs' property was damaged;

   b. Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future;

   c. Plaintiff James Flynn has lost income from his normal occupation and has suffered a loss of earning capacity in the future;

8

Ex. A, p. 049

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

d. Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body in the past, and will continue to suffer more of the same in the future; and;

e. Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries.

**ANSWER:** Defendant denies Paragraph 23 and its subparts of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

### COUNT I. NEGLIGENCE OF BOMBARDIER RECREATIONAL PRODUCTS; BRP USA, INC.; AND HICKLIN POWERSPORTS

1-23. Plaintiffs hereby reallege paragraphs 1 through 23 of Factual Allegations Common to all Counts in its entirety, inclusive, and incorporate the same herein as if set forth fully.

**ANSWER**: Defendant repleads and incorporates the Answers outlined in Paragraphs 1-23 as though fully set forth herein.

24. At all times material to this case, the BRP Defendants and Defendant Hicklin exercised exclusive control of the accident Can-Am before it was sold and delivered to the Plaintiffs for their use as an ATV. The defendants were responsible for detecting weaknesses in the materials and design and passing on safety information to the customers such as plaintiffs.

**ANSWER:** Defendant denies Paragraph 24 of the Petition.

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

25. After sale of the accident Can-Am to Plaintiffs, Plaintiffs made no changes, alterations, modifications, or misuse of the accident Can-Am in any manner before the crash described herein. The accident Can-Am reached Plaintiffs in substantially the same condition as when it left Defendants' control.

**ANSWER:** Defendant denies Paragraph 25 of the Petition.

26. A legal, factual, and proximate cause of plaintiff's injuries, harms and losses described herein, in paragraph 21 above, was the negligence of defendants, including, but not limited to:

a. Failing to design the front suspension with bolts strong and robust enough to withstand the foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions,

b. Failing to adequately test and/or simulate the suspension components failure modes especially the bolts using state of the art FMA (Failure Mode Analysis) techniques to confirm that the OEM bolts were capable of withstanding foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions.

c. By incorporating bolts with threads extending into the suspension component sleeve, so that forces were applied to an area of the bolt that already contained stress risers due to original threading of the bolt.

d. In failing to use quality control measures to make sure all

10

Ex. A, p. 051

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

suspension bolts supplied by vendors complied with the safe design requirements.

e. After becoming aware of the unusual wear and likely failure of the defective bolts, defendants:

i. Failed to warn plaintiffs of after acquired knowledge and report the defective bolts to Can Am owners, warn them and recommend replacement, or

ii. Failed to recall the vehicles with defective bolts and replace the defective bolts to avoid crashes and injuries.

**ANSWER:** Defendant denies Paragraph 26 and its subparts of the Petition and affirmatively states Paragraph 21 above does not reference plaintiff's alleged injuries, harms and losses.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

## COUNT II. EXEMPLARY DAMAGES

1-26. Plaintiffs hereby reallege paragraphs 1 through 26 inclusive of this petition and incorporate the same as if set forth fully.

**ANSWER**: Defendant repleads and incorporates the Answers outlined in Paragraphs 1-26 as though fully set forth herein.

27. Defendants' failure to warn the plaintiffs of after-acquired

11

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

knowledge concerning the defective suspension bolts and the likelihood of a loss of control crash, and their failure to take any steps to recall and replace the defective bolts constituted wanton and willful disregard for the rights and safety of the plaintiffs and therefore, plaintiffs are entitled exemplary damages against the defendants in addition to compensatory damages pursuant to Iowa Code Chapter 668A.

**ANSWER:** Defendant denies Paragraph 27 of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

### COUNT III.  PRODUCTS LIABILITY AGAINST BOMBARDIER RECREATIONAL PRODUCTS AND BRP USA, INC.

1-25.  Plaintiff hereby re-alleges paragraphs 1 through 25, inclusive, and incorporates the same herein as if set forth fully.

**ANSWER**: Count III is not directed to Defendant Hicklin. To extent an answer from Defendant Hicklin, it is required Defendant repleads and incorporates the Answers outlined in Paragraphs 1-25 as though fully set forth herein.

28.    The accident Can-Am was designed, tested, manufactured and sold by the BRP Defendants.

**ANSWER**: Count III, Paragraph 28 is not directed to Defendant Hicklin.

12

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

To extent an answer from Defendant Hicklin, it is required that Defendant denies Paragraph 28 of the Petition.

29.    At all times material to this case, the BRP Defendants were engaged in the business of designing, testing, manufacturing and selling ATVs and similar vehicles for use throughout the United States and the State of Iowa.

**ANSWER**: Count III, Paragraph 29 is not directed to Defendant Hicklin. To extent an answer from Defendant Hicklin, it is required that Defendant denies Paragraph 29 of the Petition.

30.    At the time the accident Can-Am left the BRP Defendants' control, it was in a defective condition which rendered it unreasonably dangerous to users of the product such as plaintiffs including:

   a. The design of the suspension system imparted higher levels of stress and force on the suspension bolts than they were designed to withstand without failure under normal foreseeable use;

   b. The suspension bolts as designed and specified, were too weak and insufficient to withstand repeated loading as configured in the suspension system leading to sudden and unanticipated wear and failure.

   c. the BRP Defendants installed the wrong bolts in the front suspension arms or installed them incorrectly at the factory, leading to unanticipated wear and subsequent fracture/failure in normal use.

   d. the BRP Defendants failed to instruct and warn owners of the Can

13

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

Am of the propensity of the bolts to fail and the need for regular inspection and/or replacement.

**ANSWER**: Count III, Paragraph 30 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 28 and its subparts of the Petition.

31.    The defects identified in the preceding paragraph rendered the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) defective and unreasonably dangerous as it was prone to complete and total front suspension failure without warning, in foreseeable use.

**ANSWER**: Count III, Paragraph 31 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 29 of the Petition.

32.    The plaintiffs received the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) with the defective conditions listed in substantially the same condition as it was in when it left the factory.

**ANSWER**: Count III, Paragraph 32 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 30 of the Petition.

33.    Alternative designs existed at the time of the design and manufacture of the accident Can-Am which were feasible and practical, which, if used, would have prevented the crash and resultant injuries and damages to Plaintiffs James Flynn and Deanna Flynn.

**ANSWER**: Count III, Paragraph 33 is not directed to Defendant Hicklin. To

14

E-FILED 2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 31 of the Petition.

34.     The defective conditions identified above were a legal, proximate and factual cause of Plaintiff's injuries identified herein in paragraph 21.

**ANSWER**: Count III, Paragraph 34 is not directed to Defendant Hicklin. To the extent an answer from Defendant Hicklin is required, Defendant Hicklin denies Paragraph 32 of the Petition.

**WHEREFORE**, Defendant Hicklin Powersports, LLC, respectfully requests the Court dismiss the Plaintiffs' claims, enter judgment in favor of Defendant, and assess all costs and attorneys' fees, to the extent allowed by law, against Plaintiffs and for such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Hicklin Powersports, LLC, by and through undersigned counsel and for their Affirmative Defenses, state as follows:

1.     Improper Joinder. Defendant Hicklin asserts that it has been improperly joined in this action solely for the purpose of defeating diversity jurisdiction and preventing removal to federal court. Plaintiffs have no plausible claim against Defendant Hicklin, and its inclusion in this lawsuit is a tactical maneuver designed to maintain the case in state court. There is no reasonable basis in fact or law for the claims asserted against Defendant Hicklin.

2.     Plaintiffs have failed to state a claim upon which relief may be granted.

15

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

3.    Plaintiffs have failed to mitigate their damages, if any, and recovery is either barred or must be reduced proportionately.

4.    Plaintiffs or another party are the sole and proximate cause of any injury or damages sustained.

5.    Plaintiffs unreasonably failed to avoid injury and exercise care for their own safety.

6.    Plaintiffs are barred from recovery under the doctrine of assumption of risk.

7.    Plaintiffs' claims are barred, in whole or in part, under the doctrines or principals of waiver, estoppel, unclean hands, or laches.

8.    The Plaintiffs' injuries, if any, were caused in whole or part by the fault of the Plaintiffs and/or other parties and should be reduced or barred under Iowa Code Chapter 668.

9.    The Plaintiffs' injuries/damages were caused by the fault of Plaintiffs or other parties, persons, or entities, and such fault was a cause or the sole cause of the accident, and any injuries or damages sustained

10.    The applicable statute of limitations bars Plaintiffs' claims.

11.    All allegations and legal conclusions not explicitly admitted herein are denied.

12.    Defendant hereby gives notice that they intend to rely upon such other defenses as may become available or apparent during discovery proceedings in this case and reserve the right to amend its Answer to assert any such defenses.

16

E-FILED  2025 APR 08 11:52 AM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

Defendant Hicklin Powersports, LLC hereby demands trial by jury on each of the issues so triable.

Respectfully Submitted,

MALLORY LAW

/s/ Billy Mallory
Billy J. Mallory (AT0004934)
Trevor A. Jordison (AT0015271)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
trevor@mallorylawiowa.com
billy@mallorylawiowa.com
cc: kennedy@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT HICKLIN
POWER SPORTS, LLC

E-filed with a copy via EDMS to All parties.

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____/s/ Kennedy Anderson_____

---

17

E-FILED  2025 APR 14 4:54 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>        Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>        Defendants. | Case No. LACL161870<br><br><br>**APPEARANCE FOR DEFENDANT BRP US INC.** |

Bryn E. Hazelwonder and Matthew D. Jacobson of the law firm of Whitfield & Eddy, P.L.C. hereby enter their Appearance on behalf of Defendant BRP US Inc. in the above-captioned matter.

Respectfully submitted,

**WHITFIELD & EDDY, P.L.C.**
699 Walnut St., Suite 2000
Des Moines, IA 50309
Telephone: (515) 288-6041
Email: Jacobson@whitfieldlaw.com
        Hazelwonder@whitfieldlaw.com

By ___/s/ Matthew D. Jacobson___
        Matthew D. Jacobson

By ___/s/ Bryn E. Hazelwonder___
        Bryn E. Hazelwonder

**COUNSEL FOR DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS INC.**

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 14, 2025.

By: ☐ U.S. Mail            ☐ Email
     ☐ Hand Delivered     ☐ Overnight Courier
     ☐ Certified Mail      **X** EDMS
     ☐ FAX                 ☐ Other: _____

Signature:_____/s/ Matthew D. Jacobson_____

E-FILED 2025 APR 18 11:48 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| JAMES FLYNN and DEANNA FLYNN, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| BOMBARDIER RECREATIONAL PRODUCTS, | ) | ACCEPTANCE OF SERVICE |
| INC.; BRP US INC.; HICKLIN POWER SPORTS, | ) | |
| L.L.C. d/b/a HICKLIN POWERSPORTS and | ) | |
| UNKNOWN FABRICATORS AND | ) | |
| MANUFACTURERS – IOWA CODE 613.18(3), | ) | |
| | ) | |
| Defendants. | | |

The undersigned, Matthew Jacobson, of Whitfield & Eddy, P.L.C., hereby accepts service of Plaintiffs' Petition at Law and Original Notice, in connection with the above case, on behalf of Defendant Bombardier Recreational Products, Inc.

Dated this ___18th__ day of __April_____, 2025.

_____
Matthew Jacobson

E-FILED  2025 APR 18 11:37 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, | Case No. LACL161870 |
| Plaintiffs, | |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), | **APPEARANCE FOR DEFENDANT BRP US INC.** |
| Defendants. | |

Bryn E. Hazelwonder and Matthew D. Jacobson of the law firm of Whitfield & Eddy, P.L.C. hereby enter their Appearance on behalf of Defendant Bombardier Recreational Products, Inc. in the above-captioned matter.

Respectfully submitted,

**WHITFIELD & EDDY, P.L.C.**
699 Walnut St., Suite 2000
Des Moines, IA 50309
Telephone: (515) 288-6041
Email: Jacobson@whitfieldlaw.com
Hazelwonder@whitfieldlaw.com

By  */s/ Matthew D. Jacobson*
Matthew D. Jacobson

By  */s/ Bryn E. Hazelwonder*
Bryn E. Hazelwonder

**COUNSEL FOR DEFENDANTS**
**BOMBARDIER RECREATIONAL**
**PRODUCTS INC. & BRP US, INC.**

E-FILED  2025 APR 18 11:37 AM POLK - CLERK OF DISTRICT COURT

Original filed.

Copy via EDMS to:

Counsel of Record

<table>
<tr><td colspan="2"><strong>CERTIFICATE OF SERVICE</strong></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>April 18, 2025</u>.</td></tr>
<tr><td>By: ❏ U.S. Mail<br>    ❏ Hand Delivered<br>    ❏ Certified Mail<br>    ❏ FAX</td><td>❏ Email<br>❏ Overnight Courier<br><strong>X</strong> EDMS<br>❏ Other: _____</td></tr>
<tr><td colspan="2">Signature:_____<em>/s/ Tracey Fees</em>_____</td></tr>
</table>

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br>    Plaintiffs<br><br>vs.<br><br>BRP US INC<br>UNKNOWN FABRICATORS AND<br>AMANUFACTURERS IOWA CODE<br>613.18(3)<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL<br>PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br><br>    Defendants | 05771  LACL161870<br><br>**ORDER REGARDING<br>SERVICE DEADLINE** |

This case is before the Court for the entry of an Order Setting Scheduling Conference pursuant to the Iowa Supreme Court's Time Standards for Case Processing to set a trial date and pretrial deadlines.  Upon review of the court file, the Court finds there is no Return of Service or similar document establishing the Plaintiff has served the Defendant(s), UNKNOWN FABRICATORS AND MANUFACTURERS , with Original Notice as required by Iowa Rule of Civil Procedure 1.302. The Petition has been on file with the Clerk of Court more than ninety (90) days.  In an effort to comply with the time standards and pursuant to Iowa Rule of Civil Procedure 1.302(5) the Court enters the following Order.

### ORDER
### IT IS THE ORDER OF THE COURT THAT:

1.    Plaintiff shall within thirty (30) days of this Order, either:

- File with the Clerk of Court the Return of Service or similar document which evidences service on the Defendants within ninety (90) days of filing of the Petition as required by Iowa Rule of Civil Procedure 1.302(5); or

- In the event the Plaintiff has not served the Defendants within the ninety (90) days of filing of the Petition, or otherwise cannot file a Return of Service or similar document evidencing timely service, the Plaintiff or Plaintiff's attorney shall file a motion with supporting affidavit stating the good cause for Plaintiff's failure to timely serve the Defendants or inability to file a Return of Service or similar document, and requesting the Court to direct an alternate manner of service, or to extend the time for an appropriate period of service, or filing of the return.

Ex. A, p. 063

**2.** If the Plaintiff fails to comply with the provision of the subparagraphs in paragraph 1 by the date specified, pursuant to Iowa Rule of Civil Procedure 1.302(5) the Court will dismiss this case without prejudice.

**IT IS SO ORDERED** 12th day of June, 2025.

E-FILED          LACL161870 - 2025 JUN 12 10:41 AM          POLK
CLERK OF DISTRICT COURT          Page 3 of 3



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | OTHER ORDER |

So Ordered

_Samantha Gronewald_
_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-06-12 10:41:10

E-FILED                    LACL161870 - 2025 JUN 12 10:46 AM          POLK
                    CLERK OF DISTRICT COURT                Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br><br>     Plaintiff(s)<br><br>vs.<br><br>BRP US INC<br>UNKNOWN FABRICATORS AND<br>AMANUFACTURERS IOWA CODE<br>613.18(3)<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL<br>PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br><br>     Defendant(s) | 05771  LACL161870<br><br>**ORDER TO EXPEDITE DISPOSITION** |

   Upon examination of the above file, upon the Court's own motion, the Court finds that the Defendant(s) have been duly served with notice, no answer has been timely filed on behalf of BOMBARDIER RECREATIONAL PRODUCTS INC and BRP US INC, and no pleadings have been filed to conclude this matter.

   **IT IS THEREFORE ORDERED** that the Plaintiff shall within thirty (30) days of the Order take steps to pursue the relief requested by filing the appropriate pleadings including dispositive motions or a dismissal of the case.

   If no action is taken within thirty (30) days of this Order, sanctions may be imposed which may include dismissal of the Petition.


   **SO ORDERED** 06/12/2025.

Ex. A, p. 066

E-FILED          LACL161870 - 2025 JUN 12 10:46 AM          POLK
CLERK OF DISTRICT COURT          Page 2 of 2



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | OTHER ORDER |

So Ordered

_Samantha Gronewald_

_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-06-12 10:46:03

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | AFFIDAVIT OF MAILING |
| | ) | NOTICE OF INTENT TO FILE |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | WRITTEN APPLICATION FOR |
| Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports | ) | DEFAULT |
| and Unknown Fabricators and Manufacturers – Iowa | ) | |
| Code 613.18(3), | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF IOWA      )
COUNTY OF          )      ss:
DES MOINES         )

I, the undersigned, first being duly sworn, state that on the 17th day of June 2025, I personally mailed to each of the following-named persons a Notice of Intent to File Written Application for Default (a true copy of which Notice is attached hereto and made a part hereof) by regular U.S. Mail. Such Notice, together with other enclosures, if indicated above, is being mailed in a sealed envelope with proper postage thereon, addressed to the said persons respectively, at their last known Post Office addresses, by depositing the same on said date in a United States Post Office mail receptacle in said County, to-wit:

**BRP US INC.**
c/o Matthew Jacobson
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309

_Steven J. Crowley_

Steven J. Crowley

Subscribed and sworn to before me this 17th day of June 2025, by Steven J. Crowley.

**KAYLA HENRY**
Commission Number 816527
My Commission Expires
June 9, 2026

_Kayla Henry_

Notary Public in and for the State of Iowa

2

Ex. A, p. 069

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Tuesday, June 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:       _____ U.S. Mail     _____ Fax     _X___ EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

3

Ex. A, p. 070

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | NOTICE OF INTENT TO FILE |
| | ) | WRITTEN APPLICATION FOR |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | DEFAULT |
| Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports | ) | |
| and Unknown Fabricators and Manufacturers – Iowa | ) | |
| Code 613.18(3), | ) | |
| | ) | |
| Defendants. | ) | |


TO:  **BRP US INC.**
　　　c/o Matthew Jacobson
　　　Whitfield & Eddy, P.L.C.
　　　699 Walnut Street, Suite 2000
　　　Des Moines, IA 50309


DATE OF NOTICE: June 17, 2025


## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A DEFAULT JUDGMENT WILL BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD SEEK LEGAL ADVICE AT ONCE.

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill         AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

2

Ex. A, p. 072

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT



CROWLEY & PRILL
ATTORNEYS
3012 Division Street • Burlington, Iowa 52601

BRP US INC.
c/o Matthew Jacobson
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309



US POSTAGE
quadient
FIRST-CLASS MAIL
IMI
$000.69⁰
06/17/2025 ZIP 52601
043M30225779

Ex. A, p. 073

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | AFFIDAVIT OF MAILING |
| | ) | NOTICE OF INTENT TO FILE |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | WRITTEN APPLICATION FOR |
| Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports) | | DEFAULT |
| and Unknown Fabricators and Manufacturers – Iowa) | | |
| Code 613.18(3), | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF IOWA    )
COUNTY OF    )    ss:
DES MOINES    )

I, the undersigned, first being duly sworn, state that on the 17th day of June 2025, I personally mailed to each of the following-named persons a Notice of Intent to File Written Application for Default (a true copy of which Notice is attached hereto and made a part hereof) by regular U.S. Mail. Such Notice, together with other enclosures, if indicated above, is being mailed in a sealed envelope with proper postage thereon, addressed to the said persons respectively, at their last known Post Office addresses, by depositing the same on said date in a United States Post Office mail receptacle in said County, to-wit:

**Bombardier Recreational Products, Inc.**
c/o Matthew Jacobson
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309

_____
Steven J. Crowley


Subscribed and sworn to before me this 17th day of June 2025, by Steven J. Crowley.

KAYLA HENRY
Commission Number 816527
My Commission Expires
June 9, 20**26**

_____
Notary Public in and for the State of Iowa

2

Ex. A, p. 075

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Tuesday, June 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:  _____ U.S. Mail  _____ Fax  __X___ EDMS  _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

3

Ex. A, p. 076

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| James Flynn and Deanna Flynn, ) | Case No: LACL161870 |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| Vs. ) | NOTICE OF INTENT TO FILE |
| ) | WRITTEN APPLICATION FOR |
| Bombardier Recreational Products, Inc., BRP US INC.,) | DEFAULT |
| Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports) | |
| and Unknown Fabricators and Manufacturers – Iowa) | |
| Code 613.18(3), ) | |
| ) | |
|     Defendants. ) | |

TO:    **Bombardier Recreational Products, Inc.**
        c/o Matthew Jacobson
        Whitfield & Eddy, P.L.C.
        699 Walnut Street, Suite 2000
        Des Moines, IA 50309

DATE OF NOTICE: June 17, 2025

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A DEFAULT JUDGMENT WILL BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD SEEK LEGAL ADVICE AT ONCE.

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

_____
Steven J. Crowley      AT0001845
Andrew L. Mahoney  AT0012329
Edward J. Prill        AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

2

Ex. A, p. 078

E-FILED  2025 JUN 17 4:44 PM POLK - CLERK OF DISTRICT COURT



## CROWLEY & PRILL
ATTORNEYS
3012 Division Street • Burlington, Iowa 52601

**Bombardier Recreational Products, Inc.**
c/o Matthew Jacobson
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309



quadient
FIRST-CLASS MAIL
IMI
$000.69
06/17/2025 ZIP 52601
043M30225779

US POSTAGE

E-FILED   2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>    Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>    Defendants. | Case No. LACL161870<br><br>**DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS INC.'S and BRP US INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendants Bombardier Recreational Products Inc. and BRP US Inc. ("Defendants") submit the following Answer, Affirmative Defenses, and Jury Demand:

### ANSWER

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. At all times material to this case, Plaintiff, James Flynn is, and was, a citizen and resident of the State of Iowa.

**ANSWER:** **Defendants possess insufficient information to admit or deny the allegations in Paragraph 1 and, therefore, deny same for lack of knowledge.**

2. At all times material to this case, Plaintiff, Deanna Flynn is, and was, a citizen and resident of the State of Iowa. At all times material hereto, James Flynn and Deanna Flynn have been husband and wife.

**ANSWER:** **Defendants possess insufficient information to admit or deny the allegations in Paragraph 2 and, therefore, deny same for lack of knowledge.**

Ex. A, p. 080

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

3.      At all times material to this case, Defendant, Bombardier Recreational Products is, and was, a foreign corporation, incorporated in Valcourt, Quebec, Canada, with its principal place of business in Valcourt, Quebec Canada.

**ANSWER:    Defendant Bombardier Recreational Products Inc. admits the allegations in Paragraph 3.**

4.      At all times material to this case, Defendant, BRP US Inc. is, and was, a foreign corporation incorporated in Delaware, with its principal place of business in Wisconsin. Defendant, BRP US is registered to do business in the state of Iowa with the registered agent being CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

**ANSWER**:    **Defendant BRP US Inc. admits the allegations in Paragraph 4.**

5.      At all times material hereto, Defendant, Hicklin Powersports LLC d/b/a/ Hicklin Powersports ("Hicklin") is a corporation existing under the laws of the State of Iowa whose principal place of business is located in Grimes, Polk County, Iowa.

**ANSWER**: **Defendants possess insufficient information to admit or deny the allegations in Paragraph 5 and, therefore, deny same for lack of knowledge.**

6.      At all times material to this case, Defendants, Bombardier Recreational Products and BRP US Inc. (collectively "BRP Defendants") were in the business of designing, testing, evaluating, manufacturing, marketing, and selling a wide variety of recreational vehicles including but not limited to, off road all-terrain vehicles (ATVs), utility task vehicles (UTVs), reverse trikes (three wheeled motorcycle with two wheels in front), snowmobiles, and watercraft. Some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.

2

E-FILED 2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:  Defendants admit that Bombardier Recreational Products Inc. is in the business of designing, testing, evaluating, and marketing a variety of power sports recreational vehicles. BRP US inc. is the US distributor of Bombardier Recreational Products Inc.'s products.  Defendants further admit that some of the off-road ATV vehicles are marketed and sold under the brand name "Can-Am" in the United States, including in the State of Iowa, and around the world.  Defendants deny the remaining allegations contained in Paragraph 6.  Defendants further deny that the vehicle at issue in this lawsuit is an ATV, UTV, reverse trike, snowmobile, or watercraft.**

7.      At all times material to this case, the BRP Defendants conducted regular and continued business in the State of Iowa, including Polk County, Iowa by advertising, marketing and selling numerous product brands in Iowa, including Can-Am UTVs through dealerships such as Defendant Hicklin. The Can-Am is a four-wheel, side by side seating, all terrain type vehicle. (See Figure 1)

**ANSWER:    Defendants admit that they conduct regular and continued business within the State of Iowa, including Polk County, Iowa.  Defendants deny that the vehicle at issue in this lawsuit is a UTV.**

8.      At all times material to this case, the BRP Defendants had advertised, marketed, and otherwise sold its Can-Am recreational vehicles and related service and components for their vehicles in the State of Iowa.

**ANSWER:    Defendants admit that Can-Am branded recreational vehicles are advertised, marketed, and sold in the State of Iowa.**

9.      At all times material to this case, Defendant Hicklin is, and was, a dealership that sold motorcycles, snowmobiles, ATVs, UTVs, watercraft, and reverse trikes, including, but not

3

E-FILED 2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

limited to, the BRP Defendants' products. Defendant Hicklin advertises and holds itself out as an official Can-Am dealership.

**ANSWER:    Defendants possess insufficient information to admit or deny the allegations in Paragraph 9 and, therefore, deny same for lack of knowledge.**

10.    At all times material to this case, Defendant Hicklin was in the business of purchasing the BRP Defendants' products, including the Can-Am brand, wholesale to resell them to the public in Iowa and elsewhere. As dealers for the BRP Defendants, they exchanged and traded inventory vehicles across the state of Iowa and across state lines.

**ANSWER:    Defendants possess insufficient information to admit or deny the allegations in Paragraph 10 and, therefore, deny same for lack of knowledge.**

11.    At all times material to this case, Defendant Hicklin was in the business of inspecting and maintaining new and used BRP Defendants' products such as Can-Ams for resale to the public. Defendant Hicklin also installed modifications, optional equipment, repaired, maintained, and otherwise altered new and used BRP Defendants' products such as Can-Ams and were responsible for final inspection of said vehicles to make sure they were safe and operating properly before delivery to customers such as Plaintiffs.

**ANSWER:    Defendants possess insufficient information to admit or deny the allegations in Paragraph 11 and, therefore, deny same for lack of knowledge.**

12.    In September of 2017, Plaintiff, James Flynn purchased a new 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) ATV (the "accident Can-Am") from Defendant Hicklin Powersports at their Grimes, Iowa store in Polk County, Iowa. A photograph of the accident Can-Am is included as figure 1 below:

4

E-FILED 2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT



**Fig. 1. Plaintiffs 2017 Can Am Commander XT 800R**

**ANSWER:    Defendants possess insufficient information to admit or deny whether Figure 1 is a photograph of the Plaintiffs' 2017 Can-Am Commander and, therefore, deny same for lack of knowledge.  Defendants admit the remaining allegations contained in Paragraph 12.**

13.    Before delivering the Plaintiffs Can-Am, Defendant Hicklin was to perform a thorough pre-delivery inspection and maintenance on the Plaintiffs' new accident Can-Am, to ensure it was safe and ready for sale.

**ANSWER:    Defendants possess insufficient information to admit or deny the allegations in Paragraph 13 and, therefore, deny same for lack of knowledge.**

14.    The BRP Defendants designed, tested, manufactured, and sold the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) to Defendant Hicklin with control arm bolts that were too weak and of insufficient strength to support the front suspension structure in normal use during the anticipated life of the machine. From the time the Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-

5

E-FILED 2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

road. Plaintiffs often trailered the accident Can-Am and took it on vacation with them to other states.

**ANSWER: Defendants possess insufficient information to admit or deny (a) whether from the time Plaintiffs purchased the subject Can-Am until March 16, 2023, Plaintiffs used the machine as intended, both off and on-road; and (b) whether Plaintiffs often trailered the accident Can-Am and took it on vacation with them to other states and denies same for lack of knowledge. Defendants deny the remaining allegations of Paragraph 14.**

15. Between the time of the sale of the plaintiffs' accident Can-Am in September 2017, and March 16, 2023, both the BRP Defendants and Defendant Hicklin received actual notice that customers with substantially similar ATV suspension bolts in Can-Am models were experiencing sudden and unexplained failure of the front suspension bolts which required replacement. Defendants became aware that the original OEM (original equipment manufacture) suspension bolts in the Can-Am series sold to Plaintiffs and others were prone to unexpected breakage leading to control failure, crashes and personal injury to occupants of the machine.

**ANSWER: Defendants deny the allegations contained in Paragraph 15.**

16. Before March 16, 2023, the BRP Defendants and Defendant Hicklin became aware from customer complaints, general knowledge from consumer comments and warranty claims, that the OEM front suspension bolts on the 2017 Can-Am Commander XT 800R (VIN:3JBKKAN27HJ001288) were failing during operation in normal use because:

    a. the bolts were too weak and not made of sufficient material strength to tolerate the stresses imparted by the suspension in foreseeable use; or

    b. the bolts were compromised by the suspension design which created excessive force on the bolts; or

Ex. A, p. 085

c.      A combination of both a and b above.

**ANSWER**:    **Defendants deny the allegations in Paragraph 16, including subparts (a) through (c).**

17.      Between September of 2017 and March 16 of 2023, the BRP Defendants and Defendant Hicklin knew, or in the exercise of reasonable care, should have known that the suspension bolts delivered with plaintiffs new Can-Am referenced above were dangerously defective and could fail without warning at any time in normal use, yet neither defendant communicated any notice of recall, warning, or recommended inspection or replacement of the defective suspension bolts to Plaintiffs before March 16, 2023.

**ANSWER**:    **Defendants deny the allegations in Paragraph 17.**

18.      On and before the date of the accident in question, Plaintiffs used their Can-Am Commander as intended.

**ANSWER**:    **Defendants possess insufficient information to admit or deny the allegations in Paragraph 18 and, therefore, deny same for lack of knowledge.**

19.      In March of 2023, Plaintiffs were on a trip to Arizona visiting friends who also enjoyed driving their ATVs in the desert in and around Quartzsite, Arizona for recreation.

**ANSWER**:    **Defendants possess insufficient information to admit or deny the allegations in Paragraph 19 and, therefore, deny same for lack of knowledge.**

20.      On March 16, 2023, Plaintiff James Flynn was driving the plaintiffs Can-Am about 10 miles south of Quartzsite Arizona in La Paz County on Old Yuma Highway. At that time, Old Yuma Highway was a maintained gravel road in good condition. Plaintiff, James Flynn was the sole occupant of the Can-Am at the time.

7

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:** **Defendants possess insufficient information to admit or deny the allegations in Paragraph 20 and, therefore, deny same for lack of knowledge.**

21. As Plaintiff, James Flynn drove the ATV on the gravel road, suddenly and without warning, one of the bolts on the control arms of the front suspension broke, causing one of the front wheels to come loose on its mount and tuck under the vehicle, causing a complete loss of control and the vehicle rolled and crashed.

**ANSWER:** **Defendants possess insufficient information to admit or deny the allegations in Paragraph 21 and, therefore, deny same for lack of knowledge.**

22. Plaintiff, James Flynn was ejected from the vehicle, injuring his back, jaw, ribs, among other injuries. Plaintiff James Flynn was life-flighted by helicopter to a local hospital where he was treated for said injuries.

**ANSWER:** **Defendants possess insufficient information to admit or deny the allegations in Paragraph 22 and, therefore, deny same for lack of knowledge.**

23. As a direct, factual, proximate, and legal result of Plaintiff, James Flynn ATV crash, Plaintiffs have suffered harms, losses and damages, including, but not limited to, the following:

   a. Plaintiffs' property was damaged;

   b. Plaintiffs have incurred ambulance, doctor, hospital, rehabilitation, and other medical related expenses in the past, and will incur more of the same in the future;

   c. Plaintiff James Flynn has lost income from his normal occupation and has suffered a loss of earning capacity in the future;

   d. Plaintiff James Flynn has endured severe and substantial pain, suffering, loss of full function of mind and body in the past, and will continue to suffer more of the same in the future; and

   e. Plaintiff Deanna Flynn has suffered a partial loss of consortium due to her husband's injuries.

E-FILED 2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

**ANSWER**:   **Defendants deny the allegations of Paragraph 23, including subparts (a) – (e).**

### COUNT I. NEGLIGENCE OF BOMBARDIER RECREATIONAL PRODUCTS; BRP USA, INC.; AND HICKLIN POWERSPORTS

1-23.   Plaintiffs hereby reallege paragraphs 1 through 23 of Factual Allegations Common to all Counts in its entirety, inclusive, and incorporate the same herein as if set forth fully.

**ANSWER**:   **Defendants re-state their answers to Paragraphs 1-23 of Plaintiffs' Factual Allegations as their answers to Paragraphs 1-23 of Count I of Plaintiffs' Petition as if set forth fully herein.**

24.   At all times material to this case, the BRP Defendants and Defendant Hicklin exercised exclusive control of the accident Can-Am before it was sold and delivered to the Plaintiffs for their use as an ATV. The defendants were responsible for detecting weaknesses in the materials and design and passing on safety information to the customers such as plaintiffs.

**ANSWER**:   **Defendants deny that the product at issue in this case is an ATV. Defendants possess insufficient information to admit or deny whether the BRP Defendants and Defendant Hicklin exercised exclusive control of the subject Can-Am Commander SSV before it was sold and delivered to the Plaintiffs for their use.  Defendants admit to owing any and all duties imposed upon them by Iowa law but deny that the remaining allegations in Paragraph 24 accurately describe duties imposed by Iowa law.**

25.   After sale of the accident Can-Am to Plaintiffs, Plaintiffs made no changes, alterations, modifications, or misuse of the accident Can-Am in any manner before the crash

9

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

described herein. The accident Can-Am reached Plaintiffs in substantially the same condition as when it left the defendants' control.

**ANSWER:    Defendants possess insufficient information to admit or deny the allegations in Paragraph 25 and, therefore, deny same for lack of knowledge.**

26.    A legal, factual, and proximate cause of plaintiffs' injuries, harms and losses described herein, in paragraph 21 above, was the negligence of defendants, including, but not limited to:

a.    failing to design the front suspension with bolts strong and robust enough to withstand the foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

b.    failing to adequately test and/or simulate the suspension components failure modes especially the bolts using state of the art FMA (Failure Mode Analysis) techniques to confirm that the OEM bolts were capable of withstanding foreseeable stresses and forces imparted on them during operation under all foreseeable loading and operational conditions;

c.    by incorporating bolts with threads extending into the suspension component sleeve, so that forces were applied to an area of the bolt that already contained stress risers due to original threading of the bolt.

d.    failing to use quality control measures to make sure all suspension bolts supplied by vendors complied with the safe design requirements; and

e.    after becoming aware of the unusual wear and likely failure of the defective bolts, defendants:

i.    failed to warn plaintiffs of after acquired knowledge and report the defective bolts to Can-Am owners, warn them and recommend replacement; or

ii.    failed to recall the vehicles with defective bolts and replace the defective bolts to avoid crashes and injuries.

**ANSWER:  Defendants deny the allegations contained in Paragraph 26, including subparts (a) – (e).**

10

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

## COUNT II. EXEMPLARY DAMAGES

1-26.   Plaintiffs hereby reallege paragraphs 1 through 26 inclusive of this Petition and incorporate the same as if set forth fully.

**ANSWER**:    **Defendants re-state their answers to Paragraphs 1-26 of Plaintiffs' Petition as their answers to Paragraphs 1-26 of Count II of Plaintiffs' Petition as if set forth fully herein.**

27.    Defendants' failure to warn the plaintiffs of after-acquired knowledge concerning the defective suspension bolts and the likelihood of a loss of control crash, and their failure to take any steps to recall and replace the defective bolts constituted wanton and willful disregard for the rights and safety of the plaintiffs and therefore, plaintiffs are entitled exemplary damages against the defendants in addition to compensatory damages pursuant to Iowa Code Chapter 668A.

**ANSWER**:    **Defendants deny the allegations contained in Paragraph 27.**

## COUNT III. PRODUCTS LIABILITY AGAINST BOMBARDIER RECREATIONAL PRODUCTS AND BRP USA, INC.

1-27. Plaintiffs hereby re-allege paragraphs 1 through 27, inclusive of this Petition and incorporate the same as if set forth fully.

**ANSWER**:    **Defendants re-state their answers to Paragraphs 1-27 of Plaintiffs' Petition as their answers to Paragraphs 1-27 of Count III of Plaintiffs' Petition as if set forth fully herein.**

28.    The accident Can-Am was designed, tested, manufactured and sold by the BRP Defendants.

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

**ANSWER:    Defendants admit that the accident Can-Am was designed by Bombardier Recreational Products Inc. and sold by BRP US Inc.  Defendants deny the remaining allegations in Paragraph 28.**

29.    At all times material to this case, the BRP Defendants were engaged in the business of designing, testing, manufacturing and selling ATVs and similar vehicles for use throughout the United States and the State of Iowa.

**ANSWER:    Defendants admit that Bombardier Recreational Products Inc. and/or BRP US Inc. are in the business of designing, testing, and selling ATVs and similar vehicles for use in the United States, including in the State of Iowa.  Defendants further deny that the vehicle at issue in this lawsuit is an ATV.**

30.    At the time the accident Can-Am left the BRP Defendants' control, it was in a defective condition which rendered it unreasonably dangerous to users of the product such as plaintiffs including:

a.    the design of the suspension system imparted higher levels of stress and force on the suspension bolts than they were designed to withstand without failure under normal foreseeable use;

b.    the suspension bolts as designed and specified, were too weak and insufficient to withstand repeated loading as configured in the suspension system leading to sudden and unanticipated wear and failure;

c.    the BRP Defendants installed the wrong bolts in the front suspension arms or installed them incorrectly at the factory, leading to unanticipated wear and subsequent fracture/failure in normal use; and

d.    the BRP Defendants failed to instruct and warn owners of the Can-Am of the propensity of the bolts to fail and the need for regular inspection and/or replacement.

**ANSWER:    Defendants deny the allegations in Paragraph 30, including subparts (a) – (d).**

12

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

31.    The defects identified in the preceding paragraph rendered the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) defective and unreasonably dangerous as it was prone to complete and total front suspension failure without warning, in foreseeable use.

**ANSWER:    Defendants deny the allegations in Paragraph 31.**

32.    The plaintiffs received the 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) with the defective conditions listed in substantially the same condition as it was in when it left the factory.

**ANSWER:    Defendants deny the allegations in Paragraph 32.**

33.    Alternative designs existed at the time of the design and manufacture of the accident Can-Am which were feasible and practical, which, if used, would have prevented the crash and resultant injuries and damages to Plaintiffs James Flynn and Deanna Flynn.

**ANSWER:    Defendants deny the allegations in Paragraph 33.**

34.    The defective conditions identified above were a legal, proximate and factual cause of Plaintiff James Flynn's injuries identified herein in paragraph 21.

**ANSWER:    Defendants deny the allegations in Paragraph 34.**

35.    Plaintiff hereby requests a jury trial for all issues submissible to a jury in this matter.

**ANSWER: Defendants admit that Plaintiffs have requested a jury trial for all issues properly submissible to a jury.**

36.    The amount of damages in controversy exceeds $75,000.

**ANSWER: Defendants admit that Plaintiffs are seeking in advance of $75,000 in this lawsuit but deny that Plaintiffs are entitled to judgment against Defendants in any amount.**

Ex. A, p. 092

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

## AFFIRMATIVE DEFENSES

1.      One or more Counts of Plaintiffs' Petition fails to state a claim upon which relief can be granted against Defendants.

2.      Judgment for Plaintiffs, if any, must be reduced or barred by the fault of the Plaintiff, and any other persons named as parties or otherwise, pursuant to the operation of Iowa Code Chapter 668.

3.      To the extent Plaintiffs failed to mitigate their damages, if any, their recovery must be reduced or barred, pursuant to the operation of Iowa Code Chapter 668.

4.      The sole proximate cause of Plaintiffs' damages was the conduct of persons or parties over whom Defendants exercised no control.

5.      The sole proximate cause of Plaintiffs' alleged damages was the act or omission of an entity or individual other than Defendants.

6.      Defendant reserves the right to assert any additional defenses as may become legally available hereafter or of which it may learn through discovery proceedings in this case.

## JURY DEMAND

Defendant Bombardier Recreational Products Inc. and BRP US Inc. demand a jury trial of all claims and issues asserted herein.

Ex. A, p. 093

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Email: jacobson@whitfieldlaw.com
        hazelwonder@whitfieldlaw.com


By ____/s/ Matthew D. Jacobson_____
        Matthew D. Jacobson


By ____/s/ Bryn E. Hazelwonder_____
        Bryn E. Hazelwonder

ATTORNEYS FOR DEFENDANTS
BOMBARDIER RECREATIONAL PRODUCTS
INC. AND BRP US INC.

Original filed.

Copies via EDMS to:

Steven Crowley
Andrew Mahoney
Edward Prill
Crowley, Prill & Mahoney
3012 Division Street
Burlington, IA  52601
scrowley@crowleyprillattorneys.com
amahoney@crowleyprillattorneys
eprill@crowleyprillattorneys

ATTORNEYS FOR PLAINTIFF
Billy J. Mallory
Trevor A. Jordison
MALLORY LAW
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWERSPORTS OF AMES, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on June 20, 2025.

By: ☐ U.S. Mail          ☐ Email
    ☐ Hand Delivered     ☐ Overnight Courier
    ☐ Certified Mail     X EDMS
    ☐ FAX                ☐ Other: _____

Signature:____/s/ Jill Nepper_____

15

E-FILED  2025 JUN 20 10:53 AM POLK - CLERK OF DISTRICT COURT

James W. Russell
Matthew P. Dixon
5400 University Avenue
West Des Moines, IA 50266
James.Russell@fbfs.com
Matthew.Dixon@fbfs.com
ATTORNEYS FOR DEFENDANT
FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY

16

E-FILED  2025 JUN 20 3:00 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | PLAINTIFFS' DISMISSAL |
| | ) | WITHOUT PREJUDICE OF |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | DEFENDANT UNKNOWN |
| Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports | ) | FABRICATORS AND |
| and Unknown Fabricators and Manufacturers – Iowa | ) | MANUFACTURERS – IOWA |
| Code 613.18(3), | ) | CODE 613.18(3) |
| | ) | |
| Defendants. | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby dismiss, without prejudice, their claims against **only** Defendant Unknown Fabricators and Manufacturers – Iowa Code 613.18(3) in this matter, reserving any and all claims against the remaining defendants in this case.

Respectfully submitted,

_____

Steven J. Crowley        AT0001845
Andrew L. Mahoney    AT0012329
Edward J. Prill            AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

Ex. A, p. 096

E-FILED  2025 JUN 20 3:00 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Friday, June 20, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:        _____ U.S. Mail     _____ Fax      _X_ EDMS                    _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

Ex. A, p. 097

E-FILED  2025 JUN 23 8:01 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, | Case No. LACL161870 |
| Plaintiffs, | |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), | **NOTICE OF SERVING INITIAL DISCLOSURES** |
| Defendants. | |

Defendant, Bombardier Recreational Products, Inc., hereby gives notice that on June 20, 2025, it served the following upon counsel of record by email at the addresses on the service list below:

- Defendant Bombardier Recreational Products, Inc.'s Initial Disclosures;

- Initial Disclosures Documents (Bates Nos. BRP 000001-000200).

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Email: jacobson@whitfieldlaw.com
           hazelwonder@whitfieldlaw.com

By    /s/ Matthew D. Jacobson
           Matthew D. Jacobson

By    /s/ Bryn E. Hazelwonder
           Bryn E. Hazelwonder

ATTORNEYS FOR DEFENDANTS

E-FILED  2025 JUN 23 8:01 AM POLK - CLERK OF DISTRICT COURT

BOMBARDIER RECREATIONAL PRODUCTS INC. AND BRP US INC.

Original filed.

Copies via EDMS to:

Steven Crowley
Andrew Mahoney
Edward Prill
Crowley, Prill & Mahoney
3012 Division Street
Burlington, IA  52601
scrowley@crowleyprillattorneys.com
amahoney@crowleyprillattorneys
eprill@crowleyprillattorneys

ATTORNEYS FOR PLAINTIFF

Billy J. Mallory
Trevor A. Jordison
MALLORY LAW
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWERSPORTS OF AMES, LLC

<div style="border:1px solid">

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>June 23, 2025</u>.

By: ☐ U.S. Mail          ☐ Email
    ☐ Hand Delivered    ☐ Overnight Courier
    ☐ Certified Mail     **X** EDMS
    ☐ FAX               ☐ Other: _____

Signature:_____*/s/ Tracey Fees*_____

</div>

2

Ex. A, p. 099

E-FILED  2025 JUN 23 8:01 AM POLK - CLERK OF DISTRICT COURT

James W. Russell
Matthew P. Dixon
5400 University Avenue
West Des Moines, IA 50266
James.Russell@fbfs.com
Matthew.Dixon@fbfs.com
ATTORNEYS FOR DEFENDANT
FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY

3

Ex. A, p. 100

E-FILED  2025 JUN 24 8:31 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, | Case No. LACL161870 |
| Plaintiffs, | |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), | **NOTICE OF SERVING SUPPLEMENTAL INITIAL DISCLOSURES** |
| Defendants. | |

Defendant, Bombardier Recreational Products, Inc., hereby gives notice that on June 23, 2025, it served the following upon counsel of record by email at the addresses on the service list below:

- Supplemental Initial Disclosures Documents (Bates Nos. BRP 000201-000214).

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Email: jacobson@whitfieldlaw.com
            hazelwonder@whitfieldlaw.com

By ___ */s/ Matthew D. Jacobson*___
        Matthew D. Jacobson

By ___ */s/ Bryn E. Hazelwonder*___
        Bryn E. Hazelwonder

ATTORNEYS FOR DEFENDANTS
BOMBARDIER RECREATIONAL PRODUCTS
INC. AND BRP US INC.

E-FILED  2025 JUN 24 8:31 AM POLK - CLERK OF DISTRICT COURT

Original filed.

Copies via EDMS to:

Steven Crowley
Andrew Mahoney
Edward Prill
Crowley, Prill & Mahoney
3012 Division Street
Burlington, IA  52601
scrowley@crowleyprillattorneys.com
amahoney@crowleyprillattorneys
eprill@crowleyprillattorneys

ATTORNEYS FOR PLAINTIFF

Billy J. Mallory
Trevor A. Jordison
MALLORY LAW
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWERSPORTS OF AMES, LLC

<table>
<tr><td colspan="2"><strong>CERTIFICATE OF SERVICE</strong></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>June 24, 2025</u>.</td></tr>
<tr><td>By: ❐ U.S. Mail<br>❐ Hand Delivered<br>❐ Certified Mail<br>❐ FAX</td><td>❐ Email<br>❐ Overnight Courier<br>**X** EDMS<br>❐ Other: _____</td></tr>
<tr><td colspan="2">Signature:_____ <em>/s/ Tracey Fees</em> _____</td></tr>
</table>

2

Ex. A, p. 102

E-FILED  2025 JUN 24 8:31 AM POLK - CLERK OF DISTRICT COURT

James W. Russell
Matthew P. Dixon
5400 University Avenue
West Des Moines, IA 50266
James.Russell@fbfs.com
Matthew.Dixon@fbfs.com
ATTORNEYS FOR DEFENDANT
FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY

E-FILED          LACL161870 - 2025 JUL 14 08:44 AM          POLK
CLERK OF DISTRICT COURT          Page 1 of 3

## IOWA DISTRICT COURT IN AND FOR POLK  COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br>      Plaintiff(s)<br><br>VS.<br><br><br>BRP US INC<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br>      Defendant(s) | CASE NO: 05771  LACL161870<br><br>**NOTICE OF CIVIL TRIAL<br>SETTING CONFERENCE<br>(Use of this form is mandatory.)** |

To the parties or their attorneys of record:
 In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 09/16/2025 at 10:45 AM  at the Polk Co Courthouse, 1st Floor Info Booth, 500 Mulberry, DSM.**  This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
Remotely through ZoomGov Meeting:
https://iowacourts.zoomgov.com/j/1602239025?pwd=N3p6L2FDa1NTUG1oVkNzcjExaHM2dz09
Meeting ID: 160 223 9025
Passcode: 962511
or dial by your location
+1 669 254 5252 US (San Jose)
+1 646 828 7666 US (New York)
**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

This trial scheduling conference requires the participation of all attorneys and pro se litigants.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties **MUST file a Trial Scheduling and Discovery Plan**, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

Ex. A, p. 104

E-FILED          LACL161870 - 2025 JUL 14 08:44 AM          POLK
CLERK OF DISTRICT COURT          Page 2 of 3

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 07/14/25

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 561-5818 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

Ex. A, p. 105

E-FILED          LACL161870 - 2025 JUL 14 08:44 AM          POLK
CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | ORDER FOR TRIAL SCHEDULING CONFERENCE |

So Ordered

*Samantha Gronewald*
_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-07-14 08:44:43

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

**Rule 23.5—Form 2:** *Trial Scheduling and Discovery Plan*

**Do not** file this form in an Expedited Civil Action case, instead use Form 3.

- This form is to be filed within 7 days after the parties' discovery conference and before the trial-setting conference with the court.

- The parties should complete the entire form except as otherwise indicated.

---

**In the Iowa District Court for** _____Polk_____ **County**

| | |
|---|---|
| James Flynn and Deanna Flynn,<br><br>**Plaintiff(s) / Petitioner(s)**<br>*Full name: first, middle, last*<br><br>vs.<br><br>Hicklin Power Sports, L.L.C., BRP US INC.,<br><br>and Bombardier Recreational Products, Inc.<br>**Defendant(s) / Respondent(s).**<br>*Full name: first, middle, last* | No. LACL161870<br>**Trial Scheduling and Discovery Plan**<br>*Use of this form is mandatory*<br>Date Petition filed: 03 / 12 / 2025<br>　　　　　　　　　mm　　dd　　yyyy<br>Case type: ☒ Law　☐ Equity　☐ Other<br>　　　　　　☐ PCR　☐ Judicial Review<br>Trial type: ☒ Jury　☐ Nonjury<br>Expected trial length: ___6___ days<br>The amount in controversy<br>exceeds $10,000.　☒ Yes　☐ No |

**Appearances:**
**Plaintiff(s) / Petitioner(s)**
Crowley, Prill & Mahoney

---

**Defendant(s) / Respondent(s)**
Billy Mallory and Trevor Jordison of Mallory Law obo Defendant Hicklin Power Sports, L.L.C.; Matthew Jacobson and

Bryn Hazelwonder of Whitfield & Eddy, P.L.C. obo Defendants BRP US INC. and Bombardier Recreational Products, Inc.

**It is ordered:**

1. **Trial** *Note to parties: Unless you have obtained a trial date from court administration, leave this date blank; the court will enter the date after the trial-setting conference.*

   ☐ a.m.
   ☐ p.m.

   Trial of this case is set for _____ ____, 20____, at ____:_____
   　　　　　　　　　　　　　*Month*　*Day*　*Year*　　*Time*

   in the district court in the courthouse of the county named above.

2. **Pretrial conference** *Check one. Note to parties: If box A is checked, leave the date blank unless you have obtained a pretrial conference date from court administration. If you do not have a pretrial conference date and check box A, the court will enter the date, by order, after the trial-setting conference.*

   ☐ a.m.
   ☐ p.m.

   A. ☐ A pretrial conference will be held on _____ ___, 20____, at ____:_____
   　　　　　　　　　　　　　　　　　　　　　　*Month*　*Day*　*Year*　　*Time*

   　　　The conference may be held telephonically with prior approval of the court.

   B. ☒ A pretrial conference will be held upon request.

---

If you need assistance to participate in court due to a disability, call the disability coordinator (information at https://www.iowacourts.gov/for-the-public/ada/). Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

| | | |
|---|---|---|
| January 2019 | Rule 23.5—Form 2 | Page 1 of 5 |

Ex. A, p. 107

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

**3.** **New parties** *List the time period or date when no new parties may be added.*

No new parties may be added later than 180 days before trial or by _____.

**4.** **Transcripts and records**

All required agency records or prior criminal transcripts will be filed within 30 days of the date of this Plan or by _____.

**5.** **Pleadings** *List the time period or date pleadings will be closed.*

Pleadings will be closed 60 days before trial or by _____.

**6.** **Initial disclosures** *Check all that apply*

A. ☐ The parties have exchanged initial disclosures.

B. ☒ The parties will provide initial disclosures no later than <u>30 days from TSC</u>.

C. ☐ The parties have stipulated that the following will not be included in initial disclosures:

_____
*List items not included*

_____

D. ☐ The parties have stipulated not to provide any initial disclosures.

E. ☐ The following party objects to providing initial disclosures on the following grounds:

_____
*Identify the party and state all applicable grounds*

_____

**7.** **Discovery**

The parties have held a discovery conference as required by Iowa Rule of Civil Procedure 1.507.

All written discovery will be served no later than 90 days before trial. All depositions will be completed no later than 60 days before trial.  Or, all discovery will be completed by _____.

*Check all that apply*

A. ☐ No discovery of electronically stored information is expected in this case.

B. ☒ The parties have conferred about discovery of electronically stored information and reached agreement as set out in Attachment <u>A</u>.

C. ☐ The parties have conferred about discovery of electronically stored information and have been unable to reach an agreement. *Note to parties: If box C is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

A hearing is set for _____/_____/_____, at: _____:_____   ☐ a.m.
_____mm_____dd_____yyyy_____Time_____   ☐ p.m.

☐ at the _____ County Courthouse, courtroom _____, or
_____County_____Courtroom number

☐ at the following location: _____.

D. ☐ The parties have agreed to a discovery plan, and their agreement is set forth in Attachment ___.

E. ☐ The parties have agreed to deviate from the limits on discovery otherwise applicable to this action, and their agreement is set forth in Attachment ___.

Ex. A, p. 108

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

F. ☐ The parties have agreed to conduct discovery in phases, and their agreement is set forth in Attachment ____.

G. ☐ The parties have reached an agreement under Iowa Rule of Evidence 5.502 as set forth in Attachment ____.

H. ☐ The parties have reached an agreement under Iowa Rule of Civil Procedure 1.504 as set forth in Attachment____.

I. ☐ The parties have conferred about a discovery plan and have been unable to reach agreement on the issues set forth in Attachment ____. *Note to parties: If box* I *is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

A hearing is set for _____ / _____ / _____, at: _____:_____ ☐ a.m. ☐ p.m.
  *mm*     *dd*      *yyyy*         *Time*

   ☐ at the _____ County Courthouse, courtroom _____, or
             *County*                                          *Courtroom number*

   ☐ at the following location: _____.

## 8. Expert witnesses

A. A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.,* Iowa Code section 668.11):

   (1) Plaintiff: 210 days before trial or by _____.

   (2) Defendant/Third Party Plaintiff: 150 days before trial or by _____.

   (3) Third Party Defendant/Others/Rebuttal: 90 days before trial or by _____.

B. Any disclosures required by Iowa Rule of Civil Procedure 1.500(2)(*b*) will be provided: *Check each that applies*

   (1) ☒ At the same time the expert is certified.

   (2) ☐ According to the following schedule:

      a. Plaintiff:____ days before trial or by _____.

      b. Defendant/Third Party Plaintiff:____ days before trial or by _____.

      c. Third Party Defendant/Others/Rebuttal:____ days before trial or by _____.

C. This section does not apply to court-appointed experts.

*The deadlines listed in paragraphs  5, 6, 7, and 8 may be amended, without further leave of court, by filing a Stipulated Amendment to this Plan listing the dates agreed upon and signed by all attorneys and self-represented litigants. Such Stipulated Amendment may not override any requirement of the Iowa Court Rules and cannot serve as a basis for a continuance of the trial date or affect the date for pretrial submissions.*

## 9. Pretrial submissions

At least **14 or** ____ (the parties may enter another number but not less than **7**) **days before trial**, counsel for the parties and self-represented litigants must:

A. File a **witness and exhibit** list with the clerk of court, serve a copy on opposing counsel and self-represented litigants, and exchange exhibits. In electronic cases, witness and exhibit lists must be electronically filed, and the EDMS system will serve copies on all registered parties. Exhibits must be electronically submitted in lieu of exchanging them. These disclosures must include the following information about the evidence that the disclosing party may present at trial other than solely for impeachment:

---

Ex. A, p. 109

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

(1)  The name and, if not previously provided, the address, telephone numbers, and electronic mail address of each witness, separately identifying those the party expects to present and those the party may call if the need arises.

(2)  The page and line designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

(3)  An identification of each document or other exhibit, including summaries of other evidence, separately identifying those items the party expects to offer and those it may offer if the need arises.  The following rules govern exhibits and exhibit lists:

    a.  Plaintiff will use numbers and Defendant will use letters.  Pretrial exhibit lists will identify each exhibit by letter or number and description.  Exhibits must be marked before trial.

    b.  Immediately before commencement of trial, the court must be provided with a bench copy, and the court reporter with a second copy, of the final exhibit list for use in recording the admission of evidence.

    c.  In nonjury cases, immediately before commencement of trial, parties must provide the court with a bench copy of all exhibits identified on the exhibit lists.

    d.  Within 7 days after the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial, counsel and self-represented litigants must file with the clerk of court, and serve on each party, any objections to the exhibits listed.  In electronic cases, any objections will be electronically filed, and the EDMS system will serve copies on all registered parties.  Electronic filing of these objections must be done within 7 days of the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial.  An objection not so made, except for one under Iowa Rules of Evidence 5.402 or 5.403, is **waived** unless excused by the court for good cause.

B.  File and serve **motions in limine**, with supporting legal authority.

C.  File and serve **all proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers, and verdict forms. The court must be provided the instructions in written form and electronically.

D.  Deliver to the judge and serve a concise **trial brief** addressing factual, legal, and evidentiary issues, with citation to legal authorities.

## 10.  Motions

All motions including motions for summary judgment and except motions in limine, must be filed with the clerk of court's office or electronically filed at https://www.iowacourts.state.ia.us/EFile/ at least 60 days before trial, with copies to the assigned judge.

## 11.  Settlement conference  *Note to parties: If* A *or* B *is checked, leave any date blank; the court will fill in the settlement conference date after the trial-setting conference.*

A.  ☐  A settlement conference will be held on _____ ____, 20____, at _____:____ ☐ a.m. ☐ p.m.
    *Month*    *Day*  *Year*    *Time*

at the _____ County Courthouse.

All parties with authority to settle must be present.

B.  ☐  A settlement conference will be held on _____ ____, 20____, at _____:____ ☐ a.m. ☐ p.m.
    *Month*    *Day*  *Year*    *Time*

at the following location _____.

All parties with authority to settle must be present.

C.  ☐  A settlement conference will occur at a date, time, and location arranged by the parties.

All parties with authority to settle must be present.

Ex. A, p. 110

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

    D.   ☒  A settlement conference will be held upon request.

The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.

## 12.  Settlements

The parties are responsible for immediately notifying the court administrator of settlement.

## 13.  Late settlement fees

Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

## 14.  Continuances

Continuances are discouraged and will only be granted for good cause.  Motions to continue are governed by Iowa Rule of Civil Procedure 1.910.  In the event the trial date is continued, all time deadlines in this Plan and any Stipulated Amendments remain in effect relative to the new trial date unless the court approves new deadlines.

## 15.  Notice

Failure to comply with any of the provisions of this Plan or Stipulated Amendments to this Plan may result in the court imposing sanctions pursuant to Iowa Rule of Civil Procedure 1.602(5), including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees.  The court will resolve disputes regarding oral agreements on scheduling by reference to this Plan or any Stipulated Amendments to this Plan.

## 16.  Other  *List additional agreements of the parties for the Trial Scheduling and Discovery Plan*

*At least one signature to the Trial Scheduling and Discovery Plan is required. The signer certifies that all listed parties have joined in this Trial Scheduling and Discovery Plan, subject to any objections noted.*

I certify that all parties and attorneys to this action have agreed to this Trial Scheduling and Discovery Plan and have been served with a copy.

| | | | | |
|---|---|---|---|---|
| September | 9 | , 20 25 | /s _Steven J. Crowley_ | |
| *Signed:* *Month* | *Day* | *Year* | *Party's or attorney's signature* | |

Steven J. Crowley
*Printed name*

Crowley, Prill & Mahoney
*Attorney's law firm, if applicable*

| 3012 Division Street | Burlington | IA | 52601 |
|---|---|---|---|
| *Mailing address* | *City* | *State* | *ZIP code* |

(319) 753-1330
*Phone number*

scrowley@crowleyprillattorneys.com
*Email address*

khenry@crowleyprillattorneys.com
*Additional email address, if available*

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see https://www.iowacourts.state.ia.us/ESAWebApp/SelectFrame or call the clerk of court.

Ex. A, p. 111

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see https://www.iowacourts.state.ia.us/ESAWebApp//SelectFrame or call the clerk of court.

**Ex. A, p. 112**

E-FILED  2025 SEP 09 1:51 PM POLK - CLERK OF DISTRICT COURT

# **ATTACHMENT A**

The parties agree to produce electronically stored information in pdf form.  Counsel for the parties will address any issues or objections that arise with regard to electronically stored information on a request-by-request basis.  Good faith efforts to resolve any such issues or objections will be utilized by counsel prior to seeking court intervention.

E-FILED          LACL161870 - 2025 SEP 16 11:01 AM      POLK
CLERK OF DISTRICT COURT          Page 1 of 3

## IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| | **ORDER SETTING TRIAL AND APPROVING PLAN** |
| | **Case No : 05771  LACL161870** |
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN | Date Petition Filed : 03/12/25 |
| Plaintiff | GRONEWALD |
| vs. | Case Type : Civil |
| | Trial Type : Jury |
| BRP US INC<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL PRODUCTS INC<br>HICKLIN POWERSPORTS LLC | Expected Length of Trial : 6 DAYS |
| | The amount in controversy exceeds $10,000 : Yes |
| Defendant | |

**IT IS SO ORDERED:**

**1.    TRIAL :  Jury Trial is scheduled on 06/15/2026 at 09:00 AM  at the Polk Co Courthouse,1st Floor Info Booth, 500 Mulberry, DSM.**

A pre-trial conference shall be held upon request of the parties or by order of the Court.

3.    **DISCOVERY PLAN**

Trial Scheduling and Discovery Plan has been filed in this matter in compliance with IRCP1.507(2). The agreed-to plan is modified by the Court as follows:

    **Summary judgment motions must be filed no later than ninety (90) days prior to the commencement of trial.**

    **Summary judgment motions supported by an appendix containing more than 100 pages must be filed 120 days prior to the commencement of trial, absent court approval.**

    **Any changes of the pretrial deadlines will require prior written court approval, even if agreed to by the parties.**

Ex. A, p. 114

Settlement conference shall be held upon request.


Dated : 09/16/25


5ctso


If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 561-5818 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED          LACL161870 - 2025 SEP 16 11:01 AM          POLK
                 CLERK OF DISTRICT COURT                 Page 3 of 3



State of Iowa Courts

**Case Number**    **Case Title**
LACL161870    JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL
    PRODUCTS ET AL
**Type:**    ORDER SETTING TRIAL

So Ordered

Colleen M. Adams, Case Coordinator,
Fifth Judicial District of Iowa

Electronically signed on 2025-09-16 11:01:10

Ex. A, p. 116

E-FILED  2025 SEP 23 3:59 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>    Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>    Defendants. | CASE NO. LACL161870<br><br><br>**NOTICE OF SERVING DISCOVERY** |

COMES NOW Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, by and through their attorney, and for this Notice of Serving Discovery states that the following was served on Plaintiffs' and Defendants' counsel via email as provided on EDMS on September 23, 2025:

1.    Defendant Hicklin Power Sports, LLC's Initial Disclosures;

2.    Defendant Hicklin Power Sports, LLC's First Set of Interrogatories Propounded to each Plaintiff; and

3.    Defendant Hicklin Power Sports, LLC's First Set of Requests for Production of Documnets Propounded to each Plaintiff.

E-FILED  2025 SEP 23 3:59 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

MALLORY LAW

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____/s/ *Kennedy Anderson*_____

/s/ *Billy J. Mallory*
Billy J. Mallory (AT0004934)
Trevor A. Jordison (AT0015271)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
cc: kennedy@mallorylawiowa.com
cc: abby@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWER SPORTS, LLC

E-filed.

Ex. A, p. 118

E-FILED  2025 OCT 03 2:52 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | NOTICE OF SERVICE |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys,

and hereby certify that, upon this date, Plaintiffs have served the following on all counsel of record,

via email:

- Plaintiffs' Frist Set of Interrogatories and Requests for Production to Defendant Bombardier Recreational Products, Inc.

Respectfully submitted,

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill         AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

E-FILED  2025 OCT 03 2:52 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Friday, October 03, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:  _____ U.S. Mail  _____ Fax  __X__ EDMS  _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power
Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and
Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

Ex. A, p. 120

E-FILED  2025 OCT 17 9:27 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | NOTICE OF SERVICE |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby certify that, on October 16, 2025, Plaintiffs served the following on all counsel of record, via email:

- Plaintiffs' Initial Disclosures, with attached Bates Numbers JF000025 – JF002357, as well as an Employment Waiver and Release of Information Authorization.

Respectfully submitted,

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

E-FILED  2025 OCT 17 9:27 AM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Friday, October 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:        ____ U.S. Mail    ____ Fax    _X___ EDMS            _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

Ex. A, p. 122

E-FILED  2025 OCT 17 1:11 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | NOTICE OF SERVICE |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby certify that, upon this date, Plaintiffs have served the following on all counsel of record, via email:

- Plaintiffs' Frist Set of Interrogatories and Requests for Production to Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports.

Respectfully submitted,

_Steven J. Crowley_

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

E-FILED  2025 OCT 17 1:11 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Friday, October 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:         ____ U.S. Mail   ____ Fax    _X__  EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power*
*Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and*
*Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 NOV 10 1:30 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | **PLAINTIFFS' MOTION TO** |
| | ) | **MODIFY TRIAL SCHEDULING** |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | **AND DISCOVERY PLAN** |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |

## RELIEF REQUESTED

Plaintiffs ask the Court for an Order modifying the Trial Scheduling and Discovery Plan governing this matter, dated September 9, 2025, as follows:

1. Paragraph 8A(1), the deadline for disclosure of Plaintiffs' expert witnesses, is modified from the current date of November 17, 2025 (210 days before trial), to January 19, 2026.

2. Paragraph 8(A)(2), the deadline for disclosure of Defendants' expert witnesses, is modified from the current date of January 16, 2026 (150 days before trial), to March 16, 2026.

3. Paragraph 8(A)(3), the deadline for disclosure of rebuttal expert witnesses, is modified from the current date of March 17, 2026 (90 days before trial), to April 30, 2026.

4. Paragraph 8(B)(1) is unchanged.

## GOOD CAUSE FOR MODIFICATION (IRCP 1.911)

1. This is a complex case under the Iowa Court scheduling guidelines. The case arises from the crash of a 2017 Can-Am Commander XT 800R (VIN: 3JBKKAN27HJ001288) designed and built by Defendant Bombardier, a foreign corporation, and sold by Defendant Hicklin to Plaintiffs. Plaintiffs allege negligence and product liability, claiming that certain bolts/components of the frame/front suspension were defective and unreasonably dangerous, and that they failed in

E-FILED  2025 NOV 10 1:30 PM POLK - CLERK OF DISTRICT COURT

foreseeable use, causing a crash while Plaintiffs were vacationing in Arizona, ejecting Mr. Flynn, and causing him personal injuries. Mrs. Flynn was not in the vehicle but is making a claim for consortium.

2.    Plaintiffs filed their Petition on March 12, 2025. Defendant Hicklin answered on April 8, 2025, and BRP answered on June 20, 2025. Defendants deny liability and challenge damages sought. All parties have requested a jury trial, now set for June 15, 2026, in Polk County District Court.

3.    The parties have not been dilatory regarding discovery. Both Plaintiffs and Defendants have personally inspected the subject vehicle and suspect parts in Burlington, Iowa, where it is stored, on June 2, 2025. Additional inspections may be required. (See Court file) The parties have exchanged written discovery and granted each other additional time to respond to technical discovery through meeting and conferring. The detailed, written, technical discovery from Defendants is pending at this time and is expected soon.

4.    Plaintiffs' depositions are tentatively scheduled for late November 2025, and Plaintiffs' counsel is preparing deposition notices for Defendants as they await responses to written discovery.

5.    The parties have conferred concerning their desire/need for metallurgical analysis of the suspect failed parts. Plaintiffs have conferred with BRP's counsel and have arrived at a potential laboratory in Marietta, Georgia, Applied Technical Services ("ATS"), for composition, hardness and failure mode analysis.

6.    The parties agree that metallurgical analysis is likely necessary and will meet and confer on a stipulated analysis and protocol for the examination. Counsel and experts for all parties may want to attend the testing in Georgia, which will require scheduling accommodations.

2

E-FILED  2025 NOV 10 1:30 PM POLK - CLERK OF DISTRICT COURT

7. This Motion is made in good faith and not for purposes of delaying this litigation. The modifications requested are not expected to affect the trial date, nor will they create harm or prejudice to any party.

**DEFENDANTS' POSITION IS UNKNOWN**

8. Before filing this motion, Plaintiffs' counsel conferred with counsel for the defendants and, as of the date of filing this Motion, Plaintiffs' counsel has not yet heard any response from opposing counsel and so, Plaintiffs do not know how either defendant will respond to the Motion.

WHEREFORE, Plaintiffs ask the Court for an Order modifying the Trial Scheduling and Discovery Plan, as described herein, and for such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
Steven J. Crowley      AT0001845
Andrew L. Mahoney  AT0012329
Edward J. Prill        AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

3

Ex. A, p. 127

E-FILED  2025 NOV 10 1:30 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Monday, November 10, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:        ____ U.S. Mail   ____ Fax    _X__ EDMS             _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

4

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | PROPOSED ORDER GRANTING |
| | ) | PLAINTIFFS' MOTION TO |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | MODIFY TRIAL SCHEDULING |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | AND DISCOVERY PLAN |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |

NOW ON THIS DAY, the Court was presented with Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan. The Court, having reviewed the Motion, finds that grounds for supporting the Motion establish good cause under IRCP 1.911.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan is hereby GRANTED, and the Trial Scheduling and Discovery Plan which governs this case, entered September 9, 2025, is modified as follows:

1. Paragraph 8A(1), the deadline for disclosure of Plaintiffs' expert witnesses, is modified from the current date of November 17, 2025 (210 days before trial), to January 19, 2026.

2. Paragraph 8(A)(2), the deadline for disclosure of Defendants' expert witnesses, is modified from the current date of January 16, 2026 (150 days before trial), to March 16, 2026.

3. Paragraph 8(A)(3), the deadline for disclosure of rebuttal expert witnesses, is modified from the current date of March 17, 2026 (90 days before trial), to April 30, 2026.

4. Paragraph 8(B)(1) is unchanged.

All provisions of the original plan not modified by this Order remain in effect until further order.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>        Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>        Defendants. | CASE NO. LACL161870<br><br><br>**DEFENDANT HICKLIN POWER SPORTS, LLC'S RESISTANCE TO PLAINTIFFS' MOTION TO MODIFY TRIAL SCHEDULING AND DISCOVERY PLAN** |

COMES NOW Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports ("Defendant Hicklin"), through the undersigned counsel, under Iowa Rules of Civil Procedure, and for their Resistance to Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan states:

1.      Plaintiffs filed a Motion to Modify Trial Scheduling and Discovery Plan on November 10, 2025. D0027, Motion (11/10/2025).

2.      This matter stems from an incident that occurred on or about March 16, <u>2023</u>.

3.      Plaintiffs filed their Petition on March 12, 2025, four days before their statute of limitations. D003, Petition (03/12/2025).

4.      The Trial Scheduling and Discovery Plan ("Discovery Plan") has been on file since September 9, 2025. D0021, TSDP (09/09/2025).

5.      The Discovery Plan was drafted by Plaintiffs, including the Expert

1

E-FILED  2025 NOV 18 1:11 PM POLK - CLERK OF DISTRICT COURT

Witness designation and disclosures deadlines. D0021.

6.      Plaintiffs knew they would need an Expert Witness since at least the filing of their Petition. The nature of this case and the issues before the Court will rely heavily on expert testimony and should have been of highest importance to Plaintiffs. Plaintiffs knew this case could be complex as of the date of the incident and the date of filing. Plaintiffs knew they may need to obtain information through the Discovery phase of this case and chose not to serve Discovery Requests on Plaintiffs until October 17, 2025, just 30 days before their Expert Witness deadlines. D003

7.      Plaintiffs then waited until days before their deadline to move to modify the Discovery Plan. D0027.

8.      This case is set for Jury Trial June 15, 2026. D0022, Order Setting Trial (09/16/2025).

9.      Resetting the expert witness deadlines as proposed by Plaintiffs will prejudice Defendant Hicklin by making their expert witness deadline the day before the deadline for Motions for Summary Judgment and serving written discovery and only 30 days before Pleadings close and depositions are to be completed (60 days before trial). Additionally, the proposed deadlines would set the Plaintiffs' rebuttal expert witness deadlines after the Pleadings close and depositions deadline, allowing Defendants no time to depose or conduct discovery on a rebuttal expert witness. D0027; D0021.

10.      This delay by Plaintiffs should not prejudice Defendant Hicklin's case strategy and reliance on the agreed upon Discovery Plan and expert

2

deadlines.

11.    Defendant Hicklin is unaware of any good cause for continuing to delay this matter.

12.    Defendant Hicklin will be prejudiced by an extension of the current expert deadlines as it would only subject Defendant Hicklin to delays as referenced above and significantly affect Defendant Hicklin's ability to properly prepare for this Jury Trial.

13.    The Court should deny Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan.

14.    In the alternative, while Defendant Hicklin objects to any modification of the Discovery Plan and Expert Witness deadlines, at a minimum Defendant Hicklin believes Plaintiffs should be required to Designate their Expert Witness as required by Iowa Rules of Civil Procedure by the current deadline and produce their Expert's Report by December 19, 2025.

WHEREFORE, Defendant Hicklin respectfully requests the Court deny Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan and grant such other and further relief as it deems just and appropriate under the circumstances.

3

E-FILED  2025 NOV 18 1:11 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

MALLORY LAW

/s/ *Billy J. Mallory*
Billy J. Mallory (AT0004934)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
billy@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWER SPORTS, LLC

E-filed.

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____*/s/ Kennedy Anderson*_____

---

4

E-FILED          LACL161870 - 2025 NOV 21 12:01 PM          POLK
CLERK OF DISTRICT COURT          Page 1 of 3

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **JAMES M FLYNN**<br>**DEANNA LOUISE FLYNN**<br><br>    **Plaintiff(s)**<br><br><br>**VS.**<br><br><br>**BRP US INC**<br>**HICKLIN POWERSPORTS**<br>**BOMBARDIER RECREATIONAL PRODUCTS INC**<br>**HICKLIN POWERSPORTS LLC**<br><br>    **Defendant(s).** | **Case No. 05771  LACL161870**<br><br>**ORDER SETTING HEARING ON MOTION** |

The Plaintiffs have filed a/an  Motion to Modify Trial Scheduling and Discovery Plan on November 10, 2025. Defendant Hicklin Power Sports, LLC has filed a resistance to the motion on November 18, 2025 .  A hearing should now be scheduled.

**IT IS THEREFORE THE ORDER OF THE COURT** as follows:
**Hearing is scheduled on 12/05/2025 at 2:00 PM  at the Polk Co Courthouse, CtRM 330, 500 Mulberry St, DSM 50309.**

This hearing will be conducted virtually.  However, it is the Court's expectation that you conduct yourself as if the hearing is in person and dress accordingly.  You must appear on camera with an appropriate background, and your camera must remain on throughout the entire hearing.  Do not walk, drive, text, smoke, or eat during the hearing.

Please use the following link to log on to Zoom:
https://iowacourts.zoomgov.com/s/1601009302
Meeting ID: 160 100 9302
Passcode: 136123

Parties may also participate by telephone:
Dial by your location
+1 669 254 5252
Meeting ID: 160 100 9302
Passcode: 136123

Ex. A, p. 134

**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

This hearing is scheduled for 30 minutes.  If additional time is needed, counsel or pro se litigants shall immediately notify the Court to reschedule for an appropriate time.

Any additional legal authorities not set forth in the motion or resistance must be submitted to the Court two (2) days prior to the hearing.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 561-5818 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED          LACL161870 - 2025 NOV 21 12:01 PM          POLK
                 CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | ORDER SETTING HEARING |

So Ordered

_Samantha Gronewald_

_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-11-21 12:01:53

Ex. A, p. 136

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | PLAINTIFFS' COMBINED |
| | ) | |
| | ) | REPLY TO DEFENDANT |
| | ) | HICKLIN'S RESISTANCE TO |
| Vs. | ) | PLAINTIFFS' ORIGINAL |
| | ) | MOTION TO MODIFY |
| | ) | SCHEDULING ORDER, DATED |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | 11/10/2025 |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | AND |
| | ) | |
| Defendants. | ) | SUPPLEMENTAL MOTION TO |
| | ) | CONTINUE TRIAL AND TO |
| | ) | MODIFY SCHEDULING AND |
| | ) | DISCOVERY PLAN |
| | ) | |

## I.    REPLY TO DEFENDANT HICKLIN'S RESISTANCE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

### A.  Introduction to Dispute.

Plaintiffs filed a Motion to Modify Scheduling Order on November 10, 2025. Plaintiffs' counsel attempted to "meet and confer" with defense counsel before filing the Motion, without success.[1]

Defendant Hicklin filed a Resistance on November 18, 2025, essentially alleging that Plaintiffs had been dilatory in pursuing discovery and asking the Court to deny the Motion because the modification would "*prejudice Defendant Hicklin's case strategy and reliance upon Discovery Plan and expert deadlines.*" (Hicklin Resistance, ¶10) Other than conclusory statements, Hicklin provides no proof or explanation of any alleged prejudice and relies on nothing but conclusory statements.

---

[1] See Original Motion, page 2.

Ex. A, p. 137

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

Hicklin also implies that Defendants, including Hicklin, are not responsible for any delay in accomplishing discovery, which is demonstrably untrue.

To protect against any unfair prejudice to any party to this lawsuit, Plaintiffs have supplemented their original Motion to Modify the Scheduling Order with this Motion to Continue Trial and Modify Scheduling Order, with the affirmative consent of the plaintiffs pursuant to IRCP 1.910(2). (See counsel's statement in Section II)

**B.    Reply to Hicklin's Resistance to Plaintiffs' Motion to Modify Scheduling Order.**

COME NOW the plaintiffs, by and through their counsel, and hereby supplement their original Motion to Modify Scheduling Order. Plaintiffs ask the Court for an Order modifying the Trial Scheduling and Discovery Plan governing this matter, dated September 9, 2025, as follows:

1.   This is a personal injury case involving product liability and negligence claims. It is a complex civil case as defined by Rule 23.2 Trial Scheduling Standards. Since the Petition was filed on March 12, 2025, the trial scheduling standards allow up to 36 months, or until March 12, 2028, for resolution by jury trial. Trial is now scheduled for June 15, 2026.

2.   Defendant Hicklin's claims of prejudice to their "strategy" are without merit. Other than conclusory statements, "delays as referenced above and significantly affect Defendant Hicklin's ability to properly prepare for this Jury Trial." (Defendant's Resistance, ¶12)

3.   Defendant Hicklin has known from the outset that it received the vehicle which suffered a catastrophic failure of the suspension, causing a significant crash which severely injured Plaintiff James Flynn.

4.   To read Defendant Hicklin's Resistance, the Court might be tempted to believe that Hicklin is an innocent player in the discovery in this matter, which is simply untrue. Attached hereto, as **Exhibit A**, is a true and correct copy of Hicklin's Initial Disclosures served September 23, 2025.

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

5.  The Court might note that, despite Plaintiffs' very detailed Petition and Hicklin's detailed Answer and denials, Hicklin's Initial Disclosures failed to identify any witness (Sect. A) who assembled the vehicle or provided any useful relevant knowledge as required by IRCP 1.500.

6.  In addition, Hicklin's Initial Disclosures disclosed only 25 documents, most of which were sales documents which Plaintiffs already have. Hicklin produced no documents concerning the receipt of the machine, removal from the pallet or the assembly of the Can-Am, which the dealer performed before it could be sold. In other words, Hicklin assembled the machine, including the bolts that broke (**See Figure 1 below**), and which failed causing this crash. Instead of sending any relevant documents, Hicklin sent Bates Numbers Hicklin 011 through Hicklin 015 but no evidence of the assembly of the vehicle or even mention of the suspension bolts installed by the dealer as pointed out in the plaintiffs' detailed Petition.

7.  Apparently, Hicklin's "strategy" in prevailing in this case is to ignore the requirements of IRCP 1.500, even though the Initial Disclosures were not served until two months ago.

8.  Hicklin's supplier, Bombardier (the defendant who actually designed, tested, manufactured and shipped the partially assembled vehicle to Hicklin), was served with process on March 25, 2025, but did not even file an Answer until June 20, 2025, after the Court entered an Order directing the plaintiffs to either file for a default or the Court was going to dismiss the case.

9.  Bombardier's Initial Disclosures did not provide specific documents regarding the allegedly failed component (the suspension bolts – see **Figure 1**) but instead included an owner's manual (which Plaintiffs had, as they purchased the vehicle new from Hicklin) and other tangentially relevant and duplicative documents.

10. As already recited in the plaintiffs' Motion, this case was filed on March 12, 2025, and as a complex products liability case, the Iowa Case Standards contemplate up to three years before

3

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

such a case must go to trial. Unfortunately, when Plaintiffs agreed to the original Scheduling Order, they were of the hope and opinion that the defendants would cooperate in expediting discovery with respect to Initial Disclosures, scheduling inspections, and the production of useful documents to determine what depositions should be taken.



**Figure 1**

11. Plaintiffs went out of their way to facilitate the vehicle inspection on June 2, 2025, which was almost immediately requested by the defendants. Plaintiffs cooperated by shipping the Accident Can Am to Burlington, Iowa, at significant cost, so that the defendants could inspect the repaired vehicle and the broken bolts.[2] Both Defendants appeared in Burlington, Iowa, with defense counsel and experts, photographed the machine, and downloaded information from its onboard recorder. So, the defendants already have defense experts to assist in the defense of the

---

[2] The Accident Can Am is stored in a locked hangar at Burlington Municipal Airport.

4

E-FILED 2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

case, and they want Plaintiffs to have to disclose experts without the metallurgy tests, without relevant documents, without response to Plaintiffs' written discovery, and without the testimony of any corporate witnesses.

12. The suspect broken bolt (See **Figure 1**) has been shipped to the Applied Technical Services laboratory in Marietta, Georgia (Plaintiffs' Motion, ¶5) for immediate testing. Plaintiffs were awaiting decisions by the defendants on whether or not they wanted anyone to be present for whatever testing is conducted.

13. Plaintiffs are awaiting responsive answers and the production of documents to their Interrogatories and Requests for Production attached hereto and served on Bombardier (**Exhibit B**) and Hicklin (**Exhibit C**), after an extension of time made out of professional courtesy to the defendants.

14. Under the actual circumstances of this case (as opposed to the conclusory statements of Hicklin), this case is behind schedule in discovery but not solely because of anything that the plaintiffs have done or failed to do. Plaintiffs filed a timely Motion to Modify the Scheduling Order in an attempt to preserve the current trial date. However, if the Court determines it to be in best interests of justice for all parties, Plaintiffs have filed a Supplemental Motion to Continue the Trial Date and Modify the Scheduling Order according to the new trial date. (See Section II)

## II.    ALTERNATIVE MOTION TO CONTINUE TRIAL AND MODIFY SCHEDULING ORDER

As alternative relief, plaintiffs ask the Court to enter an order:

1.  Continuing the trial date now set for June 15, 2026, to the first available two-week period in 2026 or 2027 after consultation with the District Court Administrator;

2.  Ordering counsel for the parties to arrange for a conference with the District Court Administrator within two weeks of the date of the Court's Order to pick a new trial date; and,

5

E-FILED 2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

3.  Requiring counsel for the parties to meet and confer and submit a modified Scheduling Order with new deadlines, based on the continued trial date, within 30 days of the conference with the District Court Administrator to select a new date for trial.

**A. Good Cause – Support for Motion to Continue Trial Date and to Modify Scheduling Order according to new trial date.**

1-14.  Plaintiffs hereby incorporate herein paragraphs 1 through 14, in Section I above, as if set forth fully.

15. No prior request for a continuance of the trial dates has been filed by any party to this litigation. No party will be unfairly prejudiced by this continuance, and a continuance with a new scheduling order will allow the parties to respond to written discovery, depose relevant parties, including corporate representatives, and perhaps even resolve the case short of trial.

16. If the Court finds that the parties need additional time to complete discovery (which is likely the case), Plaintiffs consent to a reasonable continuance of the trial date so that all parties have an opportunity to exchange information and conduct their discovery as necessary, including depositions of corporate representatives. Defendant Hicklin's only justification to resist a continuance is to protect an unfair advantage, which Hicklin perceives so the case might be dismissed against Hicklin without a trial on the merits due to delay which Hicklin has contributed to in no small part. There is good cause for such a continuance of the deadlines as well as the trial date. See Interest of P.C., 2022 WL 2824730, at *2 (Iowa App., 2022)(a motion for continuance may be granted when there is good cause)

17. **Compliance with IRCP 1910(2) and Request for Waiver.** Before filing this Motion to Continue Trial, I, Steven J. Crowley, the undersigned, had a personal phone conference with Plaintiff James Flynn during which I discussed the reasons for the continuance and the effects of the continuance, and he consented to the continuance requested in the Motion. In view of this

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

certification by counsel, Plaintiffs ask the Court to waive the requirement of IRCP 1.910(2) that

Plaintiffs sign the Motion.

WHEREFORE, Plaintiffs ask that the Court to enter an Order providing for the relief requested

in Plaintiffs' original Motion, or an Order Continuing the Trial Date, and directing the parties to

obtain a new trial date and file a new Scheduling Order as requested in this supplementation to the

original Motion

Respectfully submitted,

_____
Steven J. Crowley       AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on *Wednesday, November 26, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:        ____ U.S. Mail   ____ Fax    _X___ EDMS                 _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

7

Ex. A, p. 143

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>         Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; and HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS,<br><br>         Defendants. | Case No. LACL161870<br><br><br><br>**DEFENDANT HICKLIN POWER SPORTS, LLC'S INITIAL DISCLOSURES** |

**COMES NOW** Defendant Hicklin Power Sports, LLC ("Hicklin"), by and through the undersigned counsel, and pursuant to Iowa Rules of Civil Procedure 1.281(2)(b) and 1.500(1), provide the following initial disclosures:

**RESERVATION OF RIGHTS**

The information and documents provided herein are provided in accordance with the provisions and intent of the Iowa Rules of Civil Procedure. The production of information and documents in these Initial Disclosures does not constitute a waiver of any objections or privileges afforded to Hicklin in the event its Initial Disclosures and information or documents provided herein are offered into evidence. Hicklin further reserves the right to supplement and amend these Initial Disclosures pursuant to Rule 1.500(5), in the event that additional information and documents become available.

1

Ex. A, p. 144

### A.    Rule 1.500(1)(a)(1)    Persons with Knowledge

Bart Hicklin – may be contacted through the undersigned counsel

Mr. Hicklin is the owner of Hicklin Power Sports, LLC. He is anticipated to have knowledge regarding Hicklin Power Sports, LLC arising from his ownership thereof, including but not limited to the products offered by Hicklin Power Sports, LLC, the proper operating techniques of Hicklin Power Sports, LLC's products, safety features of Hicklin Power Sports, LLC's products and the services provided by Hicklin Power Sports, LLC. Mr. Hicklin has such further and other knowledge to support Hicklin Power Sports, LLC's answer and affirmative defenses.

Mike Larson – may be contacted through the undersigned counsel

Mr. Larson is a salesperson at Hicklin Power Sports, LLC. Mr. Larson is anticipated to have knowledge arising from his position as a salesperson for Hicklin Power Sports, LLC, including but not limited to general knowledge regarding off-road vehicles, the relationship between Hicklin Power Sports, LLC and James Flynn, James Flynn's purchase of the Vehicle, the condition of the Vehicle at the time of purchase, and such further and other facts supporting Hicklin Power Sports, LLC's answer and affirmative defenses.

Chad Wearmouth
15528 Bittersweet Road
Granger, IA 50109
573-873-4605

Mr. Wearmouth is the former General Manager of Hicklin Power Sports, LLC. He is anticipated to have knowledge arising from his position as general manager of Hicklin Power Sports, LLC, including but not limited to knowledge regarding the customer relationship Hicklin Power Sports, LLC had with James Flynn, Mr. Flynn's 2017 Can-Am Commander XT 800R (the "Vehicle"), safety features of the Vehicle, proper operating techniques of the Vehicle, any maintenance or other work Hicklin Power Sports, LLC has performed on the Vehicle, and communications with Mr. Flynn. Mr. Wearmouth is anticipated to have such further and other knowledge to support Hicklin Power Sports, LLC's answer and affirmative defenses.

James Flynn – Plaintiff

Mr. Flynn is believed to have knowledge of the Vehicle, any relationship between the parties, the condition of the Vehicle, the maintenance and general care of the Vehicle, the use of the Vehicle, the operation of the Vehicle, the operative facts of this litigation, and facts supporting Hicklin Power Sports, LLC's answer and affirmative defenses.

2

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

Deanna Flynn – Plaintiff

Ms. Flynn is believed to have knowledge of James Flynn, the Vehicle, the relationship between the parties, the condition of the Vehicle, the maintenance and general care of the Vehicle, the use of the Vehicle, the operation of the Vehicle, the operative facts of this litigation, and facts supporting Hicklin Power Sports, LLC's answer and affirmative defenses.

Employees and Agents of Bombardier Recreational Products, Inc.

Employees and Agents of Bombardier Recreational Products, Inc are anticipated to have knowledge regarding the Vehicle, facts related to the alleged defects to the Vehicle or other all-terrain vehicles of the same or similar make and model, proper operating techniques of the Vehicle and similar all-terrain vehicles of the same or similar make and model, safety features of the Vehicle and similar all-terrain vehicles of the same or similar make and model, and such further and other facts supporting Hicklin Power Sports, LLC's answer and affirmative defenses.

Other individuals listed in the documents produced with these Initial Disclosures and/or discovery may have knowledge or information related to the above captioned matter. Discovery is ongoing. Hicklin reserves the right to supplement or amend this Disclosure.

### B.    Rule 1.500(1)(a)(2)    Documents

At the present time, Hicklin Power Sports, LLC is unsure of what documents it may need to utilize to support its answers and affirmative defenses. Applicable documents in this matter in that this will depend, in part, upon the claims, allegations and evidence offered by Plaintiff and the other Defendants. Hicklin is in possession of and may use the attached documents in support of its answers or defenses at trial, all of which are disclosed contemporaneously with this document bates stamped HICKLIN001 through HICKLIN025 and all

3

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

documents produced in Response to Requests for Production of Documents and Supplements.

Discovery is ongoing, and Hicklin reserves the right to supplement or amend this Disclosure.

### C.    Rule 1.500(1)(a)(3)    Damages

Discovery is ongoing, and damages will ultimately be determined by the trier of fact. At this time, Hicklin anticipates requesting dismissal of Plaintiff's Petition, attorneys fees as allowed by law, and for such other and further relief as the Court deems appropriate under the circumstances.

Discovery is ongoing, and Hicklin reserves the right to supplement or amend this Disclosure.

### D.    Rule 1.500(1)(a)(4)    Insurance

Hicklin is unaware of any applicable insurance.

### E.    Conclusion

These initial disclosures are based upon the information reasonably available to Hicklin and its attorney at this time. Counsel for Hicklin has made reasonable efforts to investigate this case prior to the completion of these disclosures, but additional information is likely to be learned during investigation and discovery. Accordingly, these disclosures may be supplemented.

Respectfully Submitted,

MALLORY LAW

/s/ Billy Mallory
Billy J. Mallory (AT0004934)
Trevor A. Jordison (AT0015271)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
trevor@mallorylawiowa.com
billy@mallorylawiowa.com
cc: kennedy@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWER SPORTS, LLC

Original to:

Steven J. Crowley
Andrew Mahoney
Edward J. Prill
CROWLEY & PRILL
3012 Division St.
Burlington, IA 52601
scrowley@crowleyprillattorneys.com
amahoney@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

Matthew Jacobson
Bryn Hazelwonder
WHITFIELD & EDDY, PLC
699 Walnut St., Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
ATTORNEYS FOR
DEFENDANTS BOMBARDIER

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on September 23, 2025.

By:  ☐ U.S. Mail            ☐ FAX
     ☐ Hand Delivered       ☐ Overnight Courier
     ☐ Federal Express      ☒ Other: E-mailed.

Signature:___/s/ Kennedy Anderson

5

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US | ) | PLAINTIFFS' FIRST SET OF |
| INC., and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | INTERROGATORIES TO |
| Powersports, | ) | BOMBARDIER RECREATIONAL |
| | ) | PRODUCTS, INC. |
| Defendants. | ) | |
| | ) | |

PROPOUNDING PARTY:    Plaintiffs, James Flynn and Deanna Flynn

RESPONDING PARTY:    Defendant, Bombardier Recreational Products, Inc.

SET NUMBER:    One

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and submit the attached Interrogatories, numbered 1 through 18, inclusive, to be answered by the defendant, Bombardier Recreational Products, Inc., under oath, pursuant to Rule 1.509, inclusive, of the Iowa Rules of Civil Procedure, including any information of their agents, which Interrogatories are to be deemed continuing so as to require further answers as to any further information obtained before the trial of this action.

Said Interrogatories are attached hereto and have been prepared to include a space for an Answer thereon, so that the Answer may be inserted, attached to a captioned page, signed under oath, and filed herein.

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

_Steven J. Crowley_

Steven J. Crowley    AT0001845
Andrew L. Mahoney  AT0012329
Edward J. Prill        AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on *Friday, October 03, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:      ____ U.S. Mail    ____ Fax   __X__ EDMS         _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_Kayla Henry_

Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

STATE OF _____          )
                                 ) SS.
COUNTY OF _____           )


I, _____, being first duly sworn on oath, depose and state that I am one of the defendants in the above-captioned matter, that I have read the above and foregoing Answers to Interrogatories, and the statements and allegations contained are right and true, based upon all information known to me.


By:     _____



Subscribed and sworn to before me on this _____ day of _____, 20____.



_____
Notary Public

E-FILED 2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Plaintiffs' Terms Used in these Interrogatories**

1. "**The Accident Can-Am**" refers to the 2017 Can-Am Commander XT 800R Compass (VIN: 3JBKKAN27HJ001288), which Plaintiff James Flynn was driving at the time he had the accident described in Plaintiffs' Petition.

2. "**The Accident**" or "**The Crash**" refers to the incident on March 16, 2023, when Plaintiff James Flynn was riding **The Accident Can-Am** in La Paz County, Arizona, and **The Accident Can-Am** rolled over and injured Plaintiff James Flynn.

3. "**The BRP Defendants**" refers to Bombardier Recreational Products, Inc. and BRP US INC.

4. "**Hicklin**" refers to Hicklin Powersports, LLC

5. "**Download**" refers to any data printout, electronic data list, or hard copy, containing the results of any diagnostic analysis or effort to analyze the condition of **The Accident Can-Am**, including, but not limited to, the vehicle's engine, transmission, driver assist systems, steering, braking, software systems and occupant restraint systems.

6. "**The Accident Suspension Bolts**" refers to the suspension bolts produced by Plaintiffs on June 2, 2025, in Burlington, Iowa, and which were inspected, measured and photographed by Defendants' counsel and their expert witnesses, and which Plaintiffs allege were installed on **The Accident Can-Am** when Plaintiffs purchased it. (See photo below)



**INTERROGATORY NO. 1:** Regarding **The Accident Can-Am**, please state:

    a.  Who (the entity) designed the machine, particularly the front suspension;

    b.  Who performed any durability and safety tests on the machine's front suspension (either in isolation or as part of overall handling, stability and durability of the entire vehicle) before and after it was sold to the public;

    c.  When and where the tests described in subparagraph 'b', above, were conducted;

    d.  Describe all data compiled/produced during the tests described in subparagraph 'b', above, including photos, video, accelerometer data, stress sensors, etc.; and,

    e.  Identify each test by name and date and indicate the location where it is stored and in what form the data collected is currently stored. **Note: If any has been deleted or discarded, specifically identify what was deleted or discarded and when.**

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 2:** Regarding **The Accident Can-Am**, please state:

a.  When and where it was manufactured or assembled into completed form;

b.  Where, and for how long, the machine was stored before it left the possession of **The BRP Defendants**;

c.  When, where, and to whom, it was shipped when it left your custody and control; and,

d.  Whether **The Accident Can-Am** was damaged in any fashion before it left your custody and control and, if so, describe it in detail.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 3:** Describe, with engineering specificity, the size, type, length, and material specifications of the intended OEM suspension bolts of **The Accident Can-Am**, and provide:

    a.  The official name or description, and your part number, of the bolts in your business;

    b.  The usual vendor or source of the suspension bolts for the make and model Can-Am involved in this case;

    c.  Whether or not, based on your inspection of **The Accident Suspension Bolts** produced for inspection, by the plaintiffs, on June 2, 2025, **The BRP Defendants** admit that **The Accident Suspension Bolts** were installed on **The Accident Can-Am** when it left the custody and control of **The BRP Defendants**; and,

    d.  If your answer to subparagraph 'c', above, is anything but an unqualified yes, please explain, citing the evidence you have to support your denial.

ANSWER:

7

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 4:** Since the defendant began selling **The Accident Can-Am**, have you issued any engineering change notices, recalls, replacement campaigns, safety notifications to dealers or owners, or proposed modifications, regarding the front suspension bolts at issue in this case? If so, please describe in detail and indicate when and by whom each was issued.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 5:** Identify who designed and/or specified the front suspension bolts

for **The Accident Can-Am**, and state:

a.  When the bolts were selected and specified as part of the front suspension;

b.  The name, current address, and job title, of the person or persons in your employ with the most thorough knowledge of the design specifications and service history (If you used a substantially similar system in any other UTVs, ATVs, or similar vehicles, please identify the make, model and year(s) in which it was installed);

c.  Indicate the total number of warranty claims, complaints, reports of failure, or criticisms you have received from customers, mechanics, or dealers, concerning the front suspension bolts in any vehicle in which they were installed; and,

d.  Identify the existence, location, and custodian of the documents or electronic records containing the information (regardless of how complied and stored) described in Interrogatory No. 5(b), above.

ANSWER:

9

**INTERROGATORY NO. 6:** If you intend to call any current or previous employees at trial to express any factual testimony or opinion testimony, based on specialized knowledge (IRE 5.701 or 5.702) (so-called non-retained experts), identify them by name, last known address, last known phone number and current employment status, and provide an outline of their testimony you intend to elicit from them. **Note: Plaintiffs hereby request that this Interrogatory Answer be supplemented no less than sixty (60) days before the close of discovery, so that Plaintiffs will have an opportunity to depose the witnesses described in your Answer.**

ANSWER:

10

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 7:** For all retained experts you intend to call to testify at the trial of this matter, on any subject, please state:

a.  Full name, business address and last known telephone number;

b.  List all areas of specialized knowledge or subject matter in which you expect the witness to testify;

c.  List the witness' qualifications, education, and experience to testify as an expert in each subject category;

d.  List all of the expert testimony/opinions you expect to elicit from the witness;

e.  List the facts the witness intends to rely upon, including any testing, simulations, or other work, to support his/her opinions; and,

f.  State the amount(s) charged by the expert for all categories of work performed.

ANSWER:

11

**INTERROGATORY NO. 8:** Identify by form (electronic, hard copy, computer stored, etc.), location, and custodian, all information that was ever in your custody concerning **The Accident Can-Am** before, during, or after it left your possession, and indicate:

a. If anything was erased, deleted or discarded and, if so, identify it with specificity;

b. If you still have the originals and/or true copies of any of the information and, if so, if you have produced it with your Responses to Requests for Production in this case; and,

c. If you have withheld any information and, if so, if you have described it in your Answer or in a privilege log.

ANSWER:

12

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 9:** If you added, replaced, or repaired any component on **The Accident Can-Am** before you relinquished possession of the vehicle, identify each one, and state when and who was involved in the addition, repair or replacement. (mechanical or electronic components)

ANSWER:

13

Exhibit B-63

**INTERROGATORY NO. 10:**   List the name, address and last known telephone number of any and all persons you intend to call as witnesses (including any current or former employees) at the trial of this matter, and, for each, state generally their area of knowledge/anticipated testimony. **Note: Please supplement this list no less than sixty (60) days before the end of discovery, so that Plaintiffs can depose them.**

ANSWER:

14

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 11:** If you have any items of physical evidence, such as charts, photographs, test results, diagrams, download information, fault information, diagnostic results, statements or other evidentiary material arising out of this case, that have not been exchanged by the parties, please itemize each, stating:

    a.   What each item is (photo, diagram, map, etc.);

    b.   The subject matter of the item (accident area, diagnostic results on a particular date, etc.);

    c.   Who has the original and any copies of the item; and,

    d.   If you resist producing it under any claim of privilege and, if so, set out the privilege on a list, as required by IRCP 1.503(5) and IRCP 1.512(2).

ANSWER:

15

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 12:** If you allege Plaintiff James Flynn was in any way guilty of comparative fault, in any manner (including failure to mitigate damages), as defined in Iowa Code Chapter 668, and that Plaintiff's fault was a cause of damages claimed herein, please state:

a.   The actions or failures to act on Plaintiff's part which you allege constitute fault and,

b.   The evidence of causation you intend to present in trial.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 13:** **The BRP Defendants** and **Hicklin** inspected **The Accident Can-Am** on June 2, 2025.  Do you contend that any parts in the suspension system, including the control arm bolts/suspension bolts at issue (and which broke), were <u>not</u> original parts installed at the factory? If you believe they were <u>not</u> original parts, please detail the factual basis for this contention.

ANSWER:

Exhibit B-67

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 14:** Describe the legal, logistical, and financial relationship between Bombardier Recreational Products, Inc. and BRP US INC, including, in your explanation, when and where each was formed, a list of the purposes and functions of each entity, the ownership and managerial control of each, and the logistical support or function each has provided since its inception.

ANSWER

18

Exhibit B-68

**INTERROGATORY NO. 15:** If you contend that **The Accident Can-Am** suffered any damage to the machine which affected the design strength or durability of the front suspension bolts before **The Accident**, either before it left your custody or after it left your custody, but before Plaintiffs purchased the machine from **Hicklin**, or after Plaintiffs purchased the machine, describe, in as much detail as you can at the present time, when it was damaged, by whom, and describe what you believe was the effect on the machine.

ANSWER:

19

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 16:** Describe the design history and lineage of **The Accident Can-Am** (when was it conceived, was it based on a similar platform as previous designs, did it evolve from a previous model, etc.), and please state:

    a.  All countries in which **The Accident Can-Am** model (including all iterations and substantially similar models) have been sold from 2015 to present;

    b.  How many have been sold each year in the United States to present; and,

    c.  How many have been sold each year in Canada to present.

ANSWER:

20

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 17:**   With respect to **The Accident Suspension Bolts** installed in **The Accident Can-Am**, please state:

a.   Identify the manufacturer and supplier of the bolts, listing its name and address;

b.   Identify the lot number, purchase order, shipping and received dates;

c.   Identify the location where they were installed;

d.   Provide the order number, purchase order, and any other identifying information;

e.   When they were installed on **The Accident Can-Am**;

f.   Where they were installed on **The Accident Can-Am**;

g.   What was the torque value specified for original installation at the factory;

h.   What was the actual torque value used to install **The Accident Suspension** bolts; and,

i.   If the torque value of **The Accident Can-Am** bolts was supposed to be checked by anyone following your shipment of the vehicle to **Hicklin**, describe who was supposed to do it (dealer or customer) and describe the process, torque value recommended, and intervals between checks.

ANSWER:

21

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 18:**    With respect to **The Accident Can-Am**, list all machines manufactured and sold by you in the last fifteen (15) years which incorporate a substantially similar type of front suspension as the **The Accident Can-Am**, and, for each vehicle, please state:

a. The popular name, official model designation, and model year(s);

b. The countries in which they were sold and the number sold in each model year;

c. Indicate what, if any, models incorporated substantially similar suspension bolts as **The Accident Can-Am**; and,

d. Identify the engine models and power (HP) of each.

ANSWER

Exhibit B-22

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US | ) | PLAINTIFFS' FIRST SET OF |
| INC., and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | REQUESTS FOR PRODUCTION |
| Powersports, | ) | TO BOMBARDIER |
| | ) | RECREATIONAL PRODUCTS, |
| Defendants. | ) | INC. |
| | ) | |

PROPOUNDING PARTY:    Plaintiffs, James Flynn and Deanna Flynn

RESPONDING PARTY:    Defendant, Bombardier Recreational Products, Inc.

SET NUMBER:    One

COMES NOW the plaintiffs, by and through their attorneys, and, pursuant to Rule 1.512 of the Iowa Rules of Civil Procedure, hereby request that the Defendant, Bombardier Recreational Products, Inc., produce for inspection and copying within thirty (30) days of their receipt of this request at the undersigned office at 3012 Division Street, Burlington, Iowa 52601, all documents set forth on Exhibit "A" attached hereto.

Respectfully submitted,

_____
Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on *Friday, October 03, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:        ____ U.S. Mail    ____ Fax    _X__ EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Plaintiffs' Terms Used in these Interrogatories**

1. "**The Accident Can-Am**" refers to the 2017 Can-Am Commander XT 800R Compass (VIN: 3JBKKAN27HJ001288), which Plaintiff James Flynn was driving at the time he had the accident described in Plaintiffs' Petition.

2. "**The Accident**" or "**The Crash**" refers to the incident on March 16, 2023, when Plaintiff James Flynn was riding **The Accident Can-Am** in La Paz County, Arizona, and **The Accident Can-Am** rolled over and injured Plaintiff James Flynn.

3. "**The BRP Defendants**" refers to Bombardier Recreational Products, Inc. and BRP US INC.

4. "**Hicklin**" refers to Hicklin Powersports, LLC

5. "**Download**" refers to any data printout, electronic data list, or hard copy, containing the results of any diagnostic analysis or effort to analyze the condition of **The Accident Can-Am**, including, but not limited to, the vehicle's engine, transmission, driver assist systems, steering, braking, software systems and occupant restraint systems.

6. "**The Accident Suspension Bolts**" refers to the suspension bolts produced by Plaintiffs on June 2, 2025, in Burlington, Iowa, and which were inspected, measured and photographed by Defendants' counsel and their expert witnesses, and which Plaintiffs allege were installed on **The Accident Can-Am** when Plaintiffs purchased it. (See photo below)



3

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Exhibit "A" to**
**Plaintiffs' First Set of Requests for Production to**
**Defendant Bombardier Recreational Products, Inc.**

**NOTE:** *If all or any part of a requested document, in this and future Requests for Production, exists in English and a language other than English, the English document is requested along with the non-English document with both identified clearly as the same document but in different languages.*

*In conformity with IRCP 1.512(2)(b), if you object to the production of any document requested herein or claim a privilege over the documents and withhold it from production, please clearly identify it in your Response and provide a privilege log where appropriate, as required.*

**REQUEST NO. 1:**    **The Accident Can-Am.** Produce all information, materials and documents, which mention or refer to **The Accident Can-Am**, including documents of manufacture, storage, damage before sale to dealers, testing, inspection, shipment, delivery, retail sale, warranty and chain of ownership.

RESPONSE:

**REQUEST NO. 2:**    **Images, Photos, Downloads and Physical Evidence.** If you have any physical evidence, which you have not yet produced to the plaintiffs, including, but not limited to, photographs, video (body cam or dash cam), documents, charts, tests, employment or medical records, samples and/or simulations, produce the original or true, correct and legible copies.

RESPONSE:

**REQUEST NO. 3:**    **Surveillance.** If you have conducted any surveillance of Plaintiffs, produce all information generated by such surveillance, including, but not limited to, photos, videos, notes, logs, reports, bills and invoices.

RESPONSE:

**REQUEST NO. 4:**    **Specific Manufacturing Information.** Produce:

   a.  Readable, understandable, and clear, blueprint(s) of the front suspension of **The Accident Can-Am**;

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

b.  Readable, understandable, and clear, blueprint(s) of the current version of the front suspension of the same model of Can-Am as **The Accident Can-Am**;

c.  All engineering changes notices involving any components of the front suspension system of the same make and model as **The Accident Can-Am**, for the past eight (8) years, with particular attention to the front suspension bolts at issue in this case;

d.  Engineering, blueprint(s), or diagrams, with descriptions and specifications, of the OEM front suspension bolts alleged to have broken for the make and model of the machine involved in this case;

e.  Documents describing/specifying the metallurgical material properties, strength, and durability standards for **The Accident Suspension Bolts** at issue it this case, for all models of **The Accident Can-Am** for the years 2015 through present day; and,

f.  Manufacturing installation procedure/instructions (for factory workers) for correct procedure for assembling, securing and final torquing the front suspension components secured by **The Accident Suspension Bolts**.

RESPONSE:

**REQUEST NO. 5:**   **Notice of Other Failures, Unusual Wear and Warranty Claims Regarding The Accident Suspension Bolts.** Produce all correspondence, reports of any kind, lawsuits, claims, warranty claims, email messages, complaints, requests for replacement and inquiries, which refer to any of the following issues with **The Accident Suspension Bolts**:

a.  Bending, breaking, cracking or fracture;

b.  Joint coming loose and requiring inspection and re-torquing;

c.  Sheer damage to bolt;

d.  Unusual wear; and,

e.  Front suspension failure due to bolt failure.

RESPONSE:

**REQUEST NO. 6:**   **Notice of Other Failures, Unusual Wear and Warranty Claims Regarding the Front Suspension Bolts in Substantially Similar Designs as The Accident Can-Am.** Produce all correspondence, reports of any kind, lawsuits, claims, warranty claims, email

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

messages, complaints, requests for replacement and inquiries, which refer to any of the following issues with the front suspension bolts in substantially similar designs:

a. Bending, breaking, cracking or fracture;

b. Joint coming loose and requiring inspection and re-torquing;

c. Sheer damage to bolt;

d. Unusual wear; and,

e. Front suspension failure due to bolt failure.

RESPONSE:

**REQUEST NO. 7:    Testing and Evaluations of Manufacturer or Vendors/Suppliers Regarding All Iterations of Can-Ams Substantially Similar to The Accident Can-Am.** For all substantially similar iterations of the model Can-Am involved in this litigation, produced by you since 2015, produce all handling, durability, and front suspension tests and evaluations of the full scale vehicle, including, but not limited to, the following:

a. All test reports in full;

b. Test protocols and maneuver instructions;

c. Instrument package description;

d. Clearly labeled data collected, numbered or identified, with proper test number and date;

e. Dates of tests with notations on performance and any failure reports;

f. Reports of any issues with fronts suspension;

g. Photographs and videos generated with each test;

h. All FEA reports, simulations, data and conclusions; and,

i. All conclusions of all researchers/engineers.

RESPONSE:

6

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**REQUEST NO. 8:    Testing and Evaluations of Front Suspension Bolts at Issue in This Case.** For all substantially similar iterations of the model Can-Am involved in this litigation, produce all durability, performance and wear tests of the front suspension bolts which were intended to secure the same joint as that identified by Plaintiffs as having failed, including, but not limited to, the following:

   a.  Test protocols and inspection instructions;

   b.  Instrument package description;

   c.  Clearly labeled data collected, numbered or identified, with proper test number and date;

   d.  Dates of tests with notations on performance and any failure reports;

   e.  Reports of any issues with bolts or connectors;

   f.  Videos and photographs generated with each test; and,

   g.  All conclusions of all researchers/engineers.

RESPONSE:

**REQUEST NO. 9:**    For all witnesses you intend to call, from whom you expect to elicit expert opinions at trial (whether retained or not), provide a report as required by IRCP 1.500(2)(b) for all retained experts, and an outline for non-retained experts in conformity with IRCP 1.500(2)(c).

RESPONSE:

**REQUEST NO. 10:**  If you have done any inspections, testing or evaluations (including those done for litigations) of the front suspension bolts from any vehicle other than Plaintiffs' Can-Am, produce:

   a.  All reports, identification and dates;

   b.  All photographs, videos, and foundational information, such as statements, police reports, dealer inquiries, customer complaints and engineering reports;

   c.  All interim and final reports; and,

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

d.  All tests, inspections, data, and conclusions, including, but not limited to, metallurgical analysis, visual examinations, microscope and SEM analysis.

RESPONSE:

8

E-FILED 2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | PLAINTIFFS' FIRST SET OF |
| Vs. | ) | INTERROGATORIES TO |
| | ) | HICKLIN POWER SPORTS, |
| Bombardier Recreational Products, Inc., BRP US | ) | L.L.C. d/b/a/ HICKLIN |
| INC., and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | POWERSPORTS |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOUNDING PARTY:    Plaintiffs, James Flynn and Deanna Flynn

RESPONDING PARTY:    Defendant, Hicklin Powers Sports L.L.C. d/b/a Hicklin Powersports

SET NUMBER:    One

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and submit the attached Interrogatories, numbered 1 through 16, inclusive, to be answered by the defendant, Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, under oath, pursuant to Rule 1.509, inclusive, of the Iowa Rules of Civil Procedure, including any information of their agents, which Interrogatories are to be deemed continuing so as to require further answers as to any further information obtained before the trial of this action.

Said Interrogatories are attached hereto and have been prepared to include a space for an Answer thereon, so that the Answer may be inserted, attached to a captioned page, signed under oath, and filed herein.

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

_____

Steven J. Crowley       AT0001845
Andrew L. Mahoney     AT0012329
Edward J. Prill            AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on *Friday, October 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:       ____ U.S. Mail    ____ Fax    _X_ EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

STATE OF _____          )
                              ) SS.
COUNTY OF _____        )


I, _____, being first duly sworn on oath, depose and state that I am one of the defendants in the above-captioned matter; that I have read the above and foregoing Answers to Interrogatories, and the statements and allegations contained are right and true, based upon all information known to me.


By:    _____


Subscribed and sworn to before me on this _____ day of _____, 20__.


_____
Notary Public

3

Ex. A, p. 181

E-FILED 2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Plaintiffs' Terms Used in these Interrogatories**

1.  "**The Accident Can-Am**" refers to the 2017 Can-Am Commander XT 800R Compass (VIN: 3JBKKAN27HJ001288), which Plaintiff James Flynn was driving at the time he had the accident described in Plaintiffs' Petition.

2.  "**The Accident**" or "**The Crash**" refers to the incident on March 16, 2023, when Plaintiff James Flynn was riding **The Accident Can-Am** in La Paz County, Arizona, and **The Accident Can-Am** rolled over and injured Plaintiff James Flynn.

3.  "**The BRP Defendants**" refers to Bombardier Recreational Products, Inc. and BRP US INC.

4.  "**Hicklin**" refers to Hicklin Powersports, LLC

5.  "**Download**" refers to any data printout, electronic data list, or hard copy, containing the results of any diagnostic analysis or effort to analyze the condition of **The Accident Can-Am**, including, but not limited to, the vehicle's engine, transmission, driver assist systems, steering, braking, software systems and occupant restraint systems.

6.  "**The Accident Suspension Bolts**" refers to the suspension bolts produced by Plaintiffs on June 2, 2025, in Burlington, Iowa, and which were inspected, measured and photographed by Defendants' counsel and their expert witnesses, and which Plaintiffs allege were installed on **The Accident Can-Am** when Plaintiffs purchased it. (See photo below)



4

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 1:** Describe and provide a brief history of the entity known as Hicklin

Power Sports, L.L.C. d/b/a Hicklin Powersports (hereinafter "**Hicklin**"), including:

    a.  What type of legal entity was at creation, when it was formed, the state of incorporation, and the names and addresses of those who incorporated the business;

    b.  List all names used by the company since inception;

    c.  A description of its actual business(es) (what it did) from formation until present;

    d.  Where it has had its principal place of business from incorporation until the present day, and all addresses where it had sales offices or sales lots during 2016 through 2018;

    e.  List all real estate in the State of Iowa owned or leased by the company in the past ten years; and,

    f.  List the names and job description of all employees of the company at the time of your Answer to these Interrogatories.

ANSWER:

5

**INTERROGATORY NO. 2:** Regarding **The Accident Can-Am**, please state:

    a.   The date you bought it, or took possession of it;

    b.   Whether it was new or used when you acquired it;

    c.   List all locations where you put the vehicle in inventory for sale or stored it;

    d.   Identify by name and address, the person or entity to whom you transferred the vehicle and the date you transferred it; and,

    e.   For each location where you did any Hicklin business since incorporation, provide the addresses and indicate what the location was used for (i.e., 12 Jones St.-Storage, 34, Smith St. Sales and Service).

ANSWER:

6

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 3:** For the past ten years, describe the makes and models of motorized vehicles **Hicklin** sold or serviced as part of its business at any time, and for each make model and year, specify:

   a.   The manufacturer's full name and business address;

   b.   The name, model, and model years each vehicle was sold by **Hicklin**; and,

   c.   How long you have sold or serviced vehicles sold to you by **The BRP Defendants**.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 4:** Regarding **The Accident Can-Am**, state whether the vehicle sustained any damage before, during, or after, your possession of the vehicle, including:

a.  Each date and time it was damaged;

b.  When the damage was discovered and who discovered it;

c.  A complete description of the damage, how it occurred, and what component part or parts of the vehicle were damaged (This Interrogatory includes not only physical damage, but damage to electrical components and/or software.); and,

d.  Who repaired or replaced the damage, and when.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 5:** Itemize all modifications, services, installations, repairs, or work of any kind, performed by you, or anyone at your request, on **The Accident Can-Am** while in your possession, including, but not limited to, dealer prep, diagnostic testing, replacement or installation of anything on the vehicle, and, for each event, state:

a. The date of the work;

b. A detailed description of the work;

c. The name and last known contact information for the person/entity performing the work; and,

d. Whether you still have any documentation of each and, if so, where it is and in what form.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 6:** **List** the names, last known addresses, and last-known phone numbers of all persons who worked on **The Accident Can-Am** while in your possession, and, for each person, give a brief summary of the work they performed and when.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 7:** List the names, last known addresses, and last known phone numbers of all persons having any discoverable knowledge of **The Accident**, including any support for your affirmative defenses, and the condition of **The Accident Can-Am** when it left your control and possession.

ANSWER:

11

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 8:**  If you intend to call any current or previous employees at trial to express any factual testimony or opinion testimony based on specialized knowledge (IRE 5.701 or 5.702) (so-called non-retained experts), identify them by name, last known address, last known phone number and current employment status, and provide an outline of their testimony you intend to elicit from them. **Plaintiff hereby requests that This Interrogatory Answer be supplemented no less than sixty days before the close of discovery, so that Plaintiff will have an opportunity to depose the witnesses described in your Answer.**

ANSWER:

12

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 9:** For all retained experts you intend to call to testify at the trial of this matter, on any subject, state:

   a.  Full name, business address, phone contact number;

   b.  List all areas of specialized knowledge or subject matter in which you expect the witness to testify;

   c.  List the witness' qualifications, education, and experience to testify as an expert in each subject category;

   d.  List all of the expert testimony/opinions you expect to elicit from the witness;

   e.  List the facts the witness intends to rely upon including any testing, simulations, or other work to support his/her opinions; and,

   f.  State the amount(s) charged by the expert for all categories of work performed.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 10:** Identify by form (electronic, hard copy, computer stored), location

and custodian, all information that was ever in your custody concerning **The Accident Can-Am**

before, during, or after, it left your possession, and indicate:

    a.   If anything was erased, deleted or discarded and, if so, identify it with specificity;

    b.   If you still have the originals and/or true copies of any of the information and, if so, if you have produced it with your Responses to Requests for Production in this case; and,

    c.   If you have withheld any information and, if so, if you have described it in your answer or in a privilege log.

ANSWER:

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 11:** If you added, replaced, or repaired any component on **The Accident Can-Am**, identify each one, and state when and who was involved in the addition, repair or replacement.

<u>ANSWER:</u>

15

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 12**:   List the name, address and last known telephone number of any and all persons you intend to call at the trial of this matter, and, for each, state generally their area of knowledge/anticipated testimony.  **Please supplement this list no less than sixty days before the end of discovery, so that Plaintiff can depose them.**

ANSWER:

16

Exhibit G-02

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 13:**    If you have any items of physical evidence, such as charts, photographs, diagrams, download information, fault information, diagnostic results, statements or other evidentiary material arising out of this case, that have not been exchanged by the parties, please itemize each, stating:

   a.   What each item is (photo, diagram, map, etc.);

   b.   The subject matter of the item (accident area, diagnostic results on a particular date, etc.);

   c.   Who has the original and any copies of the item; and,

   d.   If you resist producing it under any claim of privilege and, if so, set out the privilege on a list, as required by IRCP 1.503(5) and IRCP 1.512(2).

ANSWER:

17

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 14:** Identify and list all personal contacts and communications between James or Deanna Flynn and any **Hicklin** employee, who claims to have had any personal communication with him concerning the sale, service, **The Crash**, or any other matter, and, for each instance:

a. As best you can, identify the date, time, and all people involved (even if they simply overheard or read the communication);

b. Describe the subject matter and a brief description of the substance of the communication; and,

c. Indicate if any recording or documentation was made of any portion of the communication such as a note, work order, invoice, etc.

ANSWER

18

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 15:** Describe, with engineering specificity, the size, type, length, and material specifications of the intended OEM suspension bolts of **The Accident Can-Am**, and provide:

a.  The official name or description, and your part number, of the bolts in your business;

b.  The usual vendor or source of the suspension bolts for the make and model Can-Am involved in this case;

c.  Whether or not, based on your inspection of **The Accident Suspension Bolts** produced for inspection, by the plaintiffs, on June 2, 2025, **Hicklin** admits that **The Accident Suspension Bolts** were installed on **The Accident Can-Am** when it left the custody and control of **Hicklin**; and,

d.  If your answer to subparagraph 'c', above, is anything but an unqualified yes, please explain, citing the evidence you have to support your denial.

ANSWER

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**INTERROGATORY NO. 16:**    Identify and list all communications anyone at **Hicklin** has received concerning alleged breakage/failure, unusual wear, recall, engineering change, or the inspection of the upper suspension bolts of the make and model Can-Am as **The Accident Can-Am**, or any model substantially similar, including, but not limited to, any communication or notice from **The BRP Defendants**, a vendor, customer, mechanic, lawyer, or journalist, and, for each, please state:

a.  When you received the communications and in what form (email, letter, phone call, BRP correspondence, etc.);

b.  The source and author of the communication;

c.  A description of the substance of communication;

d.  The existence, current location and custodian of any documentation or record of the communication; and,

e.  Who at Hicklin received the communication.

ANSWER:

20

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | PLAINTIFFS' FIRST SET OF |
| Vs. | ) | REQUESTS FOR PRODUCTION |
| | ) | TO HICKLIN POWER SPORTS, |
| Bombardier Recreational Products, Inc., BRP US | ) | L.L.C. d/b/a/ HICKLIN |
| INC., and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | POWERSPORTS |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOUNDING PARTY:    Plaintiffs, James Flynn and Deanna Flynn

RESPONDING PARTY:    Defendant, Hicklin Powers Sports L.L.C. d/b/a Hicklin Powersports

SET NUMBER:    One

COMES NOW the plaintiffs, by and through their attorneys, and, pursuant to Rule 1.512 of the Iowa Rules of Civil Procedure, hereby request that the Defendant, Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, produce for inspection and copying within thirty (30) days of their receipt of this request at the undersigned office at 3012 Division Street, Burlington, Iowa 52601, all documents set forth on Exhibit "A" attached hereto.

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that on *Friday, October 17, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:
by:        ____ U.S. Mail    ____ Fax    __X__ EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Plaintiffs' Terms Used in these Interrogatories**

1. "**The Accident Can-Am**" refers to the 2017 Can-Am Commander XT 800R Compass (VIN: 3JBKKAN27HJ001288), which Plaintiff James Flynn was driving at the time he had the accident described in Plaintiffs' Petition.

2. "**The Accident**" or "**The Crash**" refers to the incident on March 16, 2023, when Plaintiff James Flynn was riding **The Accident Can-Am** in La Paz County, Arizona, and **The Accident Can-Am** rolled over and injured Plaintiff James Flynn.

3. "**The BRP Defendants**" refers to Bombardier Recreational Products, Inc. and BRP US INC.

4. "**Hicklin**" refers to Hicklin Powersports, LLC

5. "**Download**" refers to any data printout, electronic data list, or hard copy, containing the results of any diagnostic analysis or effort to analyze the condition of **The Accident Can-Am**, including, but not limited to, the vehicle's engine, transmission, driver assist systems, steering, braking, software systems and occupant restraint systems.

6. "**The Accident Suspension Bolts**" refers to the suspension bolts produced by Plaintiffs on June 2, 2025, in Burlington, Iowa, and which were inspected, measured and photographed by Defendants' counsel and their expert witnesses, and which Plaintiffs allege were installed on **The Accident Can-Am** when Plaintiffs purchased it. (See photo below)



3

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**Exhibit "A" to**
**Plaintiffs' First Set of Requests for Production to**
**Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports**

**NOTE:** *If all or any part of a requested document, in this and future Requests for Production, exists in English and a language other than English, the English document is requested along with the non-English document with both identified clearly as the same document but in different languages.*

*In conformity with IRCP 1.512(2)(b), if you object to the production of any document requested herein or claim a privilege over the documents and withhold it from production, please clearly identify it in your Response and provide a privilege log where appropriate, as required.*

**REQUEST NO. 1:**    Produce all documents and information you have, regardless of how compiled and stored, which mention, contain any reference to, or information concerning, **The Accident Can-Am**, including, but not limited to, ordering, shipping, purchase, service, maintenance, recalls, replacement of parts, communications with anyone, sale, transfer, title or inspection,

RESPONSE:

**REQUEST NO. 2:**    Produce all marketing, sales, and promotional information (including video and audio recordings of commercials you received) for **The Accident Can-Am** make and model vehicle, as well as documents and information you have, regardless of how compiled and stored, which contain any reference to, or information concerning, any damage or repairs to any part or system of **The Accident Can-Am**, before, during or after your possession of **The Accident Can-Am**.

RESPONSE:

**REQUEST NO. 3:**    Produce all information and records for **The Accident Can-Am** which reflect, describe or reference any work performed by **Hicklin** or anyone at **Hicklin's** request on the vehicle, including, but not limited to, the following:

   a. Cleaning;

   b. Inspections;

4

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

    c.   Repairs;

    d.   Regular Service;

    e.   Warranty work, recalls, or adjustments;

    f.   Electronic repair/service including software downloads or updates;

    g.   Replacement of any parts or components; and,

    h.   Invoices.

RESPONSE:

**REQUEST NO. 4:**    Without disclosing any attorney's work product or the opinions and conclusions of you or your experts, if you have not already produced it, produce all photographs, videos, images and data you collected about the vehicle during your inspection of the vehicle and the suspension bolts on June 2, 2025.

RESPONSE:

**REQUEST NO. 5:**    Produce all information which identifies the person or persons who performed/did any service, modification, installation, diagnostic analysis, or other work on **The Accident Can-Am** while you owned, possessed or serviced the vehicle after sale.

RESPONSE:

**REQUEST NO. 6:**    Produce all magazine articles, recall notices, service bulletins, emails, letters, reports, complaints, lawsuits, notifications, or communications, of any kind and in any form, you became aware of from **The BRP Defendants** or any person, vendor, firm, customer, or entity, mentioning:

    a.   Breakage, or excessive wear of the upper suspension bolts, on any vehicle substantially similar to **The Accident Can-Am** (any model year);

    b.   The need to inspect or replace the upper suspension bolts on any vehicle substantially similar to **The Accident Can-Am** (any model year); and,

5

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

    c.   Recommended replacements bolts for the upper suspension bolts on any vehicle substantially similar to **The Accident Can-Am** (any model year).

RESPONSE:

**REQUEST NO. 7:**    For any after-market device (any device or option you added to or installed on **The Accident Can-Am** after it left **the BRP Defendants'** control)  you, or anyone at your request, installed on **The Accident Can-Am** after it was released from BRP, produce any sales information, brochure, description, work order, directions, installation instructions, wiring diagrams, or documentation of any kind arising out of the purchase and installation of each such device.

RESPONSE:

**REQUEST NO. 8:**    Produce all documents and electronic data which identifies any faults, errors or anomalies in **The Accident Can-Am** systems at any time.

RESPONSE:

**REQUEST NO. 9:**    Produce all communications you had with the plaintiffs, including, but not limited to, emails, text messages, phone conversations, and correspondence including information which identifies when the communication occurred, who was present, and the substance of the conversation.

RESPONSE:

**REQUEST NO. 10:**   Produce all contacts, service bulletins, recall notices, warranty claims or communications you received from **The BRP Defendants** regarding substantially similar vehicles to **The Accident Can-Am**.

RESPONSE:

**REQUEST NO. 11:**   Copies of any and all documents and information you claim support your affirmative defenses in this case.

RESPONSE:

6

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

**REQUEST NO. 12:**   True and correct copies of all documents you receive with the use of any authorizations signed by Plaintiffs in this case.

RESPONSE:

**REQUEST NO. 13:**   True and correct copies of all documents and information which mention the plaintiffs or their family, which you did not obtain from Plaintiffs or their counsel.

RESPONSE:

**REQUEST NO. 14:**   With respect to all non-retained experts you intend to call at the trial of this case, produce:

    a.   An outline and summary of their proposed testimony, including any options or conclusions they intend to express;

    b.   If they are an employee, their entire employment file;

    c.   A list of the facts they intend to rely upon to give the testimony;

    d.   A resume or CV if they have one; and,

    e.   True and correct copies of all documents you receive with the use of any authorizations signed by Plaintiffs in this case.

RESPONSE:

**REQUEST NO. 15:**   With respect to all retained experts you intend to call at the trial of this case, produce:

    a.   A report signed by them and containing all expert opinions and conclusions they intend to express in court;

    b.   A list or outline of all the facts circumstances they reviewed, testing and work they did to support their opinions;

    c.   A CV or complete list of all of the education, training, and experience you rely upon to qualify their expert testimony;

    d.   Their file contents, except those materials privileged under IRCP 1.508(1) d and e;

    e.   Any exhibits they intend to use to summarize or illustrate their testimony to the jury;

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

f.   All invoices, time sheets and documents which itemize work done by the expert or anyone at his/her request, including the date and time spent and amount charged;

g.   A list of all other cases in which the expert has testified by deposition or trial testimony, or both, in the last four years; and,

h.   A statement of the compensation to be paid the exert and his/her staff.

RESPONSE:

**REQUEST NO. 16:**   A true, correct, and complete copy of the shop maintenance and repair manual (in electronic form if possible) for the model of **The Accident Can-Am**.

RESPONSE:

**REQUEST NO. 17:** Concerning **The Accident Can-Am**, any documents you have which reflect/indicate when it was manufactured, where it was manufactured and all standard and optional equipment it had when it left **The BRP Defendants'** control.

RESPONSE:

**REQUEST NO. 18:**   All documents normally delivered to the owner with the sale of a Can-Am of the make, model and year as **The Accident Can-Am**, especially any owner maintenance manuals, schedules, warnings or recommendations about maintenance and the proper installation and torque of the upper suspension bolts.

RESPONSE:

**REQUEST NO. 19:**  Produce all portions of your maintenance/parts manuals, lists, illustrations and directories which identify, illustrate, and specifically describe:

a.   The OEM suspension bolts which were originally installed in **The Accident Can-Am;**

b.    The correct manner for replacing the bolts, including all parts in order of installation, and the proper torque to apply once the bolts and all washers and nut are in place; and,

c.   The vendor and parts numbers of the OEM bolts, washers and nut, <u>as well as any new or different vendor or parts recommended in the event of replacement</u> -- issued since **The Accident Can-Am** was built.

8

E-FILED  2025 NOV 26 2:33 PM POLK - CLERK OF DISTRICT COURT

RESPONSE:

**REQUEST NO. 20:**  If you allege any comparative fault on the part of Plaintiff James Flynn, by

way of misuse of product, or failure to maintain, please produce:

a. Any operational instruction, warning, standard, or description of misuse you allege the plaintiff violated and,

b. Any specific maintenance instructions, warnings or directions you allege the plaintiff failed to do or which he did improperly, which you allege compromised fault.

RESPONSE:

9

Ex. A, p. 207

E-FILED          LACL161870 - 2025 DEC 02 12:31 PM          POLK
CLERK OF DISTRICT COURT                    Page 1 of 3

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br>Plaintiff(s)<br><br>VS.<br><br>BRP US INC<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br>Defendant(s) | 05771  LACL161870<br><br><br>ORDER |

Plaintiffs' Supplemental Motion to Continue Trial and to Modify Scheduling and Discovery Plan filed on November 26, 2025, will be heard at the same time as the previously scheduled Motion to Modify Trial Scheduling and Discovery Plan filed on November 10, 2025 by the Plaintiffs and Defendant Hicklin Power Sports, LLC 's resistance to the motion on November 18, 2025.

Hearing is scheduled on 12/05/2025 at 2:00 PM  at the Polk Co Courthouse, CtRM 330, 500 Mulberry St, DSM 50309.

Parties to appear by ZoomGov Meeting:
This hearing will be conducted virtually.  However, it is the Court's expectation that you conduct yourself as if the hearing is in person and dress accordingly.  You must appear on camera with an appropriate background, and your camera must remain on throughout the entire hearing.  Do not walk, drive, text, smoke, or eat during the hearing.

Please use the following link to log on to Zoom:
https://iowacourts.zoomgov.com/s/1601009302
Meeting ID: 160 100 9302
Passcode: 136123

In the event a participant experiences technical difficulties, the participant may be authorized by the Court to participate by telephone by dialing +1 (669) 254-5252 and using the Meeting ID and Meeting Passcode provided above.  Telephone participation is otherwise not permitted.

**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

Ex. A, p. 208

E-FILED          LACL161870 - 2025 DEC 02 12:31 PM          POLK
CLERK OF DISTRICT COURT          Page 2 of 3

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 561-5818 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED         LACL161870 - 2025 DEC 02 12:31 PM    POLK
CLERK OF DISTRICT COURT              Page 3 of 3



State of Iowa Courts

**Case Number**     **Case Title**
LACL161870          JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL
                    PRODUCTS ET AL
**Type:**           OTHER ORDER

So Ordered

_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-12-02 12:31:19

Ex. A, p. 210

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>        Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, LLC d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>        Defendants. | CASE NO. LACL161870<br><br><br><br>**DEFENDANT HICKLIN POWER SPORTS, LLC'S RESISTANCE TO PLAINTIFFS' MOTION TO CONTINUE TRIAL** |

COMES NOW Defendant Hicklin Power Sports, LLC d/b/a Hicklin Powersports ("Hicklin"), by and through its undersigned counsel, pursuant to the Iowa Rules of Civil Procedure, and for its Resistance to Plaintiffs' Motion to Continue Trial states as follows:

1.      Civil case scheduling in Iowa is designed to ensure orderly, timely progression toward trial. This case has been pending for nearly nine (9) months. Plaintiffs now request an extraordinary continuance of 'the first available two-week period in 2026 or 2027' that could delay trial by the full period contemplated by the Court's original Scheduling Order, effectively restarting the case's entire timeline. Such an extraordinary continuance is unwarranted, not supported by the evidence, and not justified on the record.

1

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

## CASE SCHEDULING

2.      This matter stems from an incident that occurred on or about March 16, 2023.

3.      Nearly two years after the underlying incident, Plaintiffs filed their Petition four days before the applicable statute of limitations expired. D003, Petition (03/12/2025).

4.      The Trial Scheduling and Discovery Plan ("Discovery Plan") has been on file since September 9, 2025. D0021, TSDP (09/09/2025).

5.      The Discovery Plan was drafted by Plaintiffs. D0021.

6.      Plaintiffs selected and proposed the deadlines that now govern this case, including the Expert Witness designation and disclosures deadlines and requesting a 6-day Jury Trial. D0021.

7.      Plaintiffs now seek to escape the very deadlines they proposed.

8.      Trial is scheduled for June 15, 2026 by Order of this Court filed September 16, 2025. D0022, Order Setting Trial (09/16/2025).

9.      Under the current scheduling order, modifications shall only be made upon a showing of good cause. D0021 at 5. Plaintiffs have not made that showing, and as set forth herein, there is no good cause basis for changing the current trial date.

## CURRENT MOTIONS

10.     Plaintiffs filed a Motion to Modify Trial Scheduling and Discovery Plan on November 10, 2025. D0027, Motion (11/10/2025).

2

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

11.    Hicklin filed its Resistance to Plaintiffs' Motion on November 18, 2025. D0028, Resistance (11/18/2025).

12.    On November 26, 2025, Plaintiffs filed a Reply to Hicklin's Resistance and a Supplemental Motion to Continue Trial and to Modify Scheduling and Discovery Plan. D0030, MTC (11/26/2025).

13.    Hicklin incorporates its Resistance to Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan as if fully set forth herein. D0027.

## STATUS OF DISCOVERY

14.    Hicklin denies that this matter is "behind schedule in discovery" as alleged.  D0030 at 5.

15.    As to the status of Discovery:

   a. Defendant BRP served Initial Disclosures on June 20, 2025. Defendant Hicklin served Initial Disclosures on September 23, 2025 (in compliance with Iowa R. Civ. P. 1.500 despite Plaintiffs' assertions to the contrary).

   b. Plaintiffs served Initial Disclosures on October 17, 2025, with supplements on October 23, 2025.

   c. Defendant Hicklin served its first set of Discovery Requests on Plaintiffs on September 23, 2025.

   d. On October 3, 2025, Plaintiffs requested a 30-day extension for their Responses to November 21, 2025, and offered the same extension to Defendant Hicklin unprompted.

   e. As of the date of this filing, Plaintiffs still have not responded to Defendant Hicklin's discovery requests, with no additional extension requested. The only explanation provided is that Plaintiffs now live in Mississippi, apparently hindering their ability to sign the verification for the interrogatories.

   f. Plaintiffs served Discovery Requests on Defendant BRP on October 3, 2025, and did not serve Requests on Defendant Hicklin until October 17, 2025.

3

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

g.  Defendant Hicklin's responses are currently due December 16, 2025, per Plaintiffs' offered extension.

16.  The chronology demonstrates that Hicklin has met their obligations while Plaintiffs have repeatedly delayed initiating and responding to discovery.

17.  Any perceived discovery delay arises exclusively from Plaintiffs' own strategic choices, including Plaintiffs' delay in serving written discovery until more than six months after filing their Petition, Plaintiffs' failure to secure an expert, and failure to notice or request depositions.

## ALLEGATIONS IN PLAINTIFFS' NOVEMBER 26, 2025 REPLY AND MOTION TO CONTINUE

18.  Plaintiffs suggest they require additional information in order to retain an expert and substantiate their claims, including their request for punitive damages against Hicklin.

19.  Iowa R. Civ. P. 1.413(1) and Iowa case law require evidentiary support *at the time of pleading.*

20.  To the extent Plaintiffs cannot identify any facts or evidence supporting their claims or allegation that Hicklin engaged in specific conduct constituting willful and wanton disregard of Plaintiffs' rights or safety, their claims and punitive damages request are not properly before the Court. Plaintiffs should not be granted a continuance to continue their 'fishing expedition' in search of evidence they were required to have before asserting such a claim.

21.  The trial is still months away, and remaining discovery can be completed within the current schedule. No specific discovery task identified by

4

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

Plaintiffs requires changing the existing deadlines or departing from Iowa's established case-management expectations.

22.    Plaintiffs claim they have not scheduled the metallurgy tests they apparently need, but they fail to provide any valid reason for not completing these tasks within the deadlines they set themselves.

23.    As to written discovery and depositions, Plaintiffs fail to identify why they waited months to begin written discovery, or why they have not requested depositions of any corporate witnesses. The current Discovery Order's written discovery and deposition deadlines have not passed; Plaintiffs' failure to use the time available to them does not constitute good cause for further delay.

24.    Plaintiffs allege that Hicklin has provided "no proof" of any prejudice associated with modifying the Scheduling Order. However, Hicklin demonstrates that any prejudice arises from Plaintiffs' own litigation conduct, including waiting more than six months after filing suit to serve written discovery, failing to notice a single deposition, and remaining delinquent in responding to Hicklin's September 23, 2025 discovery requests.

25.    Plaintiffs allege that Hicklin "implies it is an innocent player" in the discovery history. However, Hicklin has complied with every discovery deadline and has not missed a single obligation under the Scheduling Order. Plaintiffs identify no missed deadline by Hicklin and instead misdirect responsibility for their own lack of diligence. Hicklin's compliance with its discovery obligations in this regard are established by Plaintiffs' failure to file a motion to compel in this case.

5

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

26. Plaintiffs allege that Hicklin's Initial Disclosures violate Iowa R. Civ. P. 1.500 by failing to identify witnesses with "relevant useful knowledge." However, Hicklin provided all information reasonably available at the time on the matters alleged, and Plaintiffs' Petition does not allege or provide any facts that would support a claim against Hicklin and does not allege dealership assembly negligence. Rule 1.500 does not obligate Hicklin to identify witnesses supporting theories Plaintiffs did not plead.

27. Plaintiffs claim that Hicklin improperly produced only sales documents and "no evidence" related to assembly. However, Hicklin received no discovery requests concerning assembly until October 17, 2025, over seven months after the lawsuit was filed. Plaintiffs cannot blame Hicklin for not producing documents they did not request in a timely manner.

28. Plaintiffs claim that Hicklin's discovery responses show a deliberate "strategy" to avoid disclosure. However, Hicklin has fully complied with Rule 1.500 and has produced all documents responsive to Plaintiffs' actual requests.

29. Had Plaintiffs believed at any point in time that Hicklin had failed to comply with its discovery obligations, they would have filed a motion to compel.

30. Notably, *prior to the pending motions, Plaintiffs have never alleged that Hicklin failed to meet its discovery obligations or moved to compel additional disclosures or production from Hicklin*. This silence speaks louder than their accusations in the present motion.

31. Plaintiffs allege that they "went out of their way" to facilitate the June 2, 2025, inspection. However, Hicklin promptly and fully participated in

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

the inspection process, and Plaintiffs' cooperation during one inspection does not excuse their six-month delay in initiating written discovery, their failure to notice any depositions, or their lack of expert disclosures. Plaintiffs were obligated to cooperate with the inspection under Iowa Rules of Civil Procedure, and such cooperation does not constitute good cause for a continuance. Routine cooperation in completing standard discovery, such as making the vehicle available for inspection, does not constitute good cause for granting Plaintiffs' Motions under Iowa law.

32.   Plaintiffs allege they cannot disclose experts "without the metallurgy tests" being completed. However, *Plaintiffs have had the bolt since March 2023* and could have obtained testing at any time. Their own delay in arranging metallurgy testing cannot justify a continuance, as Iowa Rule of Civil Procedure 1.911 prohibits continuances based on events caused by the Plaintiffs' fault or negligence. These circumstances are entirely within Plaintiffs' control and do not support a continuance under Iowa R. Civ. P. 1.911.

33.   Plaintiffs allege that discovery is delayed because they are "awaiting responses" from Defendants. However, Defendant Hicklin's responses are not overdue; its responses are due December 16, 2025, pursuant to Plaintiffs' agreed extension. Plaintiffs, by contrast, are overdue in responding to Hicklin's September 23, 2025, discovery and have offered no legitimate explanation. Nevertheless, Plaintiffs controlled the response deadline, and if they truly needed these responses, they should have propounded their discovery sooner. Again,

7

E-FILED 2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

these are circumstances entirely within Plaintiffs' control and therefore cannot support a continuance under Iowa R. Civ. P. 1.911.

34. Plaintiffs allege that this matter is a "complex civil case" allowing trial as late as 36 months from filing. However, Hicklin points out that Plaintiffs would have known this was allegedly a "complex civil case" when they drafted the Petition. Plaintiffs also had such knowledge when they drafted the original Scheduling Order, set the deadlines, and requested a six-day trial. Now, Plaintiffs seek to extend the trial well beyond the entire timeline they initially proposed based on facts they have apparently known since the date of filing. Again, these circumstances are entirely within Plaintiffs' control and cannot support a continuance under Iowa R. Civ. P. 1.911.

35. Plaintiffs allege that Hicklin opposes the continuance to preserve an "unfair advantage." However, Defendant Hicklin seeks only to enforce the Scheduling Order Plaintiffs drafted. Hicklin has acted diligently throughout the case, and Plaintiffs' allegation of "unfair advantage" is unsupported by any evidence. Hicklin did not manufacture or select the bolt at issue and has seen no evidence linking its conduct to Plaintiffs' alleged injury. Plaintiffs' request for additional time to continue its fishing expedition is not good cause for a continuance and would only increase Hicklin's litigation costs. Hicklin is preparing to file its motion for summary judgment seeking dismissal from this case based on Plaintiffs' complete lack of evidence against Hicklin. Continuing this matter will only increase Hicklin's litigation costs.

8

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

36.    Plaintiffs assert that no party will be prejudiced if the trial is continued into 2026 or 2027. However, Defendant Hicklin would be prejudiced by a delay that exceeds the entire case-processing period outlined in the Scheduling Order and Iowa's time-standards framework given that Counsel for Hicklin's trial calendar is full until March 2027. Extended delays risk presenting stale evidence, impairing witness availability, increasing litigation costs due to additional discovery, and significantly prejudicing Hicklin through higher litigation expenses, delayed resolution, and undermining Hicklin's ability to rely on existing deadlines to prepare its defense.

## CONCLUSION

37.    Under the current scheduling order, "Continuances are discouraged and will only be granted for good cause. Motions to continue are governed by Iowa Rule of Civil Procedure 1.910." D0021, TSDP, p. 5 (09/09/2025).

38.    Iowa Rule of Civil Procedure 1.910 provides,

> 1.910(1). Motions for continuance shall be filed without delay after the grounds therefor become known to the party or the party's counsel. Such motion may be amended only to correct a clerical error.

Iowa R. Civ. P. 1.910 (2025).

39.    The record of this case as set forth here establishes that Plaintiffs have known of the issues they cite in support of the Motion to Continue since at least the date they filed their Petition. Because Plaintiffs failed to file their Motion to Continue "without delay after the grounds therefor become known to the party or the party's counsel," even if they could otherwise show good cause, their

9

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

motion fails on timing alone, and the Motion must be denied under Iowa Rule of Civil Procedure 1.910. Iowa R. Civ. P. 1.910 (2025).

40.  Pursuant to Iowa Rule of Civil Procedure 1.911, Causes for continuance:

> 1.911(1) A continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained. It shall be allowed if all parties so agree and the court approves.

Iowa R. Civ. P. 1.911 (2025).

41.  Plaintiffs' motion should be denied under Iowa Rule of Civil Procedure 1.911 because every one of Plaintiffs' reasons for requesting a continuance grows out of the fault or negligence of Plaintiffs.

42.  Plaintiffs cite *Interest of P.C.*, 986 N.W.2d 869 (Iowa App. 2022)(unpublished) in support of their Motion.

43.  *Interest of P.C.* holds that "A motion for continuance *shall not be granted except for good cause*." *Interest of P.C.,* 986 N.W.2d 869 (Iowa App. *2022) (emphasis* added).

44.  In *Interest of P.C.,* the Court *denied* the request for continuance, ruling that a litigant putting preparation for an evidentiary hearing on "a low priority" *does not constitute good cause for a continuance*. *Interest of P.C.,* 986 N.W.2d 869 (Iowa App. 2022) (emphasis added).

45.  On appeal, the Court of Appeals affirmed that ruling holding the "court's reason for denying the motion to continue is neither untenable nor

10

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

unreasonable, and the court did not abuse its discretion." *Interest of P.C.*, 986 N.W.2d 869 (Iowa App. 2022).

46.   Here, as in *Interest of P.C.*, Plaintiffs' decision to place discovery, testing and expert preparation on a 'low priority' cannot constitute good cause for continuance.

47.   Because every reason advanced for a continuance stems from delays and choices within Plaintiffs' control, Plaintiffs have not demonstrated good cause for a continuance or modification of the trial scheduling order.

48.   Granting a continuance on this record would undermine Iowa's case-management standards and reward lack of diligence.

49.   Hicklin respectfully requests that the Court deny Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan and Motion to Continue Trial and further find that the existing Scheduling and Discovery Plan prepared by Plaintiffs remains fair, reasonable, and workable under the circumstances.

WHEREFORE, Defendant Hicklin respectfully requests that the Court deny Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan and Motion to Continue Trial; find that the existing Scheduling and Discovery Plan prepared by Plaintiffs remains fair, reasonable, and workable under the circumstances; and grant such other and further relief as the Court deems just and appropriate under the circumstances.

E-FILED  2025 DEC 04 3:25 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

MALLORY LAW

/s/ *Billy J. Mallory*
Billy J. Mallory (AT0004934)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
billy@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWER SPORTS, LLC d/b/a
HICKLIN POWERSPORTS

E-filed.

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By: _____ /s/ *Kennedy Anderson* _____

---

12

E-FILED  2025 DEC 05 11:12 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, | Case No. LACL161870 |
| Plaintiffs, | |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), | **NOTICE OF SERVING DISCOVERY REQUEST** |
| Defendants. | |

Defendant, Bombardier Recreational Products, Inc., hereby gives notice that on December 5, 2025, it served the following upon counsel of record by email at the addresses on the service list below:

- Requests to Admit Facts Directed to Defendant Hicklin Power Sports, LLC d/b/a Hicklin Power Sports.

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Email: jacobson@whitfieldlaw.com
        hazelwonder@whitfieldlaw.com

By ___*/s/ Matthew D. Jacobson*___
        Matthew D. Jacobson

By ___*/s/ Bryn E. Hazelwonder*___
        Bryn E. Hazelwonder

ATTORNEYS FOR DEFENDANTS

1

E-FILED  2025 DEC 05 11:12 AM POLK - CLERK OF DISTRICT COURT

BOMBARDIER RECREATIONAL PRODUCTS INC. AND BRP US INC.

Original filed.

Copies via EDMS to:

Steven Crowley
Andrew Mahoney
Edward Prill
Crowley, Prill & Mahoney
3012 Division Street
Burlington, IA  52601
scrowley@crowleyprillattorneys.com
amahoney@crowleyprillattorneys
eprill@crowleyprillattorneys
ATTORNEYS FOR PLAINTIFF

Billy J. Mallory
Trevor A. Jordison
MALLORY LAW
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT
HICKLIN POWERSPORTS OF AMES, LLC

James W. Russell
Matthew P. Dixon
5400 University Avenue
West Des Moines, IA 50266
James.Russell@fbfs.com
Matthew.Dixon@fbfs.com
ATTORNEYS FOR DEFENDANT
FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY

<div style="border:1px solid">

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>December 5, 2025</u>.

By: ☐ U.S. Mail        ☐ Email
    ☐ Hand Delivered   ☐ Overnight Courier
    ☐ Certified Mail   **X** EDMS
    ☐ FAX              ☐ Other: _____

Signature:_____ */s/ Tracey Fees* _____

</div>

2

## IOWA DISTRICT COURT IN AND FOR POLK  COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br>      Plaintiff(s)<br><br>VS.<br><br><br>BRP US INC<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br>      Defendant(s) | CASE NO: 05771  LACL161870<br><br>**NOTICE OF CIVIL TRIAL<br>SETTING CONFERENCE<br>(Use of this form is mandatory.)** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 01/23/2026 at 9:15 AM  at the Polk Co Courthouse, 1st Floor Info Booth, 500 Mulberry, DSM.**  This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
Remotely through ZoomGov Meeting:
https://iowacourts.zoomgov.com/j/1602239025?pwd=N3p6L2FDa1NTUG1oVkNzcjExaHM2dz09
Meeting ID: 160 223 9025
Passcode: 962511
or dial by your location
+1 669 254 5252 US (San Jose)
+1 646 828 7666 US (New York)
**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

This trial scheduling conference requires the participation of all attorneys and pro se litigants.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties **MUST file a Trial Scheduling and Discovery Plan**, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

Ex. A, p. 225

E-FILED          LACL161870 - 2025 DEC 05 02:42 PM          POLK
CLERK OF DISTRICT COURT                    Page 2 of 3

   In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

   The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

   The Clerk of Court shall notify all counsel of record and parties not represented by counsel.


Dated 12/05/25

Ex. A, p. 226

E-FILED          LACL161870 - 2025 DEC 05 02:42 PM    POLK
                CLERK OF DISTRICT COURT              Page 3 of 3



State of Iowa Courts

| **Case Number** | **Case Title** |
|---|---|
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | ORDER FOR TRIAL SCHEDULING CONFERENCE |

So Ordered

*Samantha Gronewald*

_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-12-05 14:42:36

E-FILED          LACL161870 - 2025 DEC 08 08:58 AM          POLK
CLERK OF DISTRICT COURT                    Page 1 of 3

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES M FLYNN<br>DEANNA LOUISE FLYNN<br><br>    Plaintiff(s)/Petitioner(s)<br><br>  vs.<br><br>BRP US INC<br>HICKLIN POWERSPORTS<br>BOMBARDIER RECREATIONAL PRODUCTS INC<br>HICKLIN POWERSPORTS LLC<br><br>    Defendant(s)/Respondent(s). | Case No. 05771  LACL161870 |

**COURT REPORTER MEMORANDUM
AND CERTIFICATE**

**Appearances:**
For the Plaintiff(s)/Petitioner(s):  Steven Crowley, Andrew Mahoney
For the Defendant(s)/Respondent(s):  Billy Mallory (Hicklin), Matthew Jacobson (Bombardier/BRP)
Other:

I, Laura Burns, am providing the following information as required by Iowa Rule of Civil Procedure 1.903(3):

  1. The type of proceeding that was reported: Motion to Modify Trial Scheduling and Discovery Plan and Motion to Continue Trial Date (via Zoom)

  2. The date(s) on which the proceeding occurred:  12/5/25

  3. The name of the court reporter who reported the proceeding:  Laura Burns

  4. The name of the judge who presided over the proceeding:  Samantha Gronewald

  5. The reporting fee for the proceeding:  $40

  6. We, the undersigned judge before whom the above-entitled case was tried, and the official court reporter who, by order of the Court, reported the same, do hereby certify that the above and foregoing is the report of the whole proceedings upon the trial and/or hearing of the above-entitled cause made and taken pursuant to the order and direction of the Court, in accordance with Iowa Code Section 624.10.

December 8, 2025

/s/ Laura Burns
Fifth Judicial District Official Court Reporter
Phone:  515-561-5871

E-FILED          LACL161870 - 2025 DEC 08 08:58 AM          POLK
CLERK OF DISTRICT COURT          Page 2 of 3

Email: laura.burns@iowacourts.gov

/s/ Samantha Gronewald

_____

Judge, Fifth Judicial District of Iowa

Notes electronically filed.  Software: CaseCATalyst;   Personal Dictionary uploaded:  .

E-FILED            LACL161870 - 2025 DEC 08 08:58 AM        POLK
CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

**Case Number**        **Case Title**
LACL161870         JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL
PRODUCTS ET AL
**Type:**             COURT REPORTER MEMORANDUM AND CERTIFICATE -
WITH FEE

So Ordered

*Laura Burns*
_____

Laura Burns, Court Reporter,
Fifth Judicial District of Iowa

Electronically signed on 2025-12-08 08:58:36

E-FILED                    LACL161870 - 2025 DEC 08 08:58 AM          POLK
                    CLERK OF DISTRICT COURT                    Page 1 of 3

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER GRANTING |
| | ) | PLAINTIFFS' MOTION TO |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | MODIFY TRIAL SCHEDULING |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | AND DISCOVERY PLAN and |
| Powersports, | ) | CONTINUING TRIAL |
| | ) | |
| Defendants. | ) | |

NOW ON THIS DAY, the Court was presented with Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan. The Court, having reviewed the Motion, finds that grounds for supporting the Motion establish good cause under IRCP 1.911.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Modify Trial Scheduling and Discovery Plan is hereby GRANTED, and the Trial Scheduling and Discovery Plan which governs this case, entered September 9, 2025, is modified as follows:

1. Paragraph 8A(1), the deadline for disclosure of Plaintiffs' expert witnesses, is modified from the current date of November 17, 2025 (210 days before trial), to January 19, 2026.

2. Paragraph 8(A)(2), the deadline for disclosure of Defendants' expert witnesses, is modified from the current date of January 16, 2026 (150 days before trial), to March 16, 2026.

3. Paragraph 8(A)(3), the deadline for disclosure of rebuttal expert witnesses, is modified from the current date of March 17, 2026 (90 days before trial), to April 30, 2026.

4. Paragraph 8(B)(1) is unchanged.

All provisions of the original plan not modified by this Order remain in effect until further order.

Ex. A, p. 231

E-FILED          LACL161870 - 2025 DEC 08 08:58 AM          POLK
CLERK OF DISTRICT COURT          Page 2 of 3

IT IS FURTHER ORDERED that trial in this matter is continued. A trial scheduling conference has been set by separate order.

2



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL161870 | JAMES FLYNN ET AL VS BOMBARDIER RECREATIONAL PRODUCTS ET AL |
| **Type:** | ORDER FOR CONTINUANCE |

So Ordered

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-12-08 08:58:50

Ex. A, p. 233

E-FILED  2025 DEC 08 1:29 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | NOTICE OF SERVICE |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby certify that, upon this date, Plaintiffs have served the following on all counsel of record, via email:

- Plaintiffs' Answers to Defendant Hicklin's First Set of Interrogatories, and

- Plaintiffs' Responses to Defendant Hicklin's First Set of Requests for Production, with attached Bates Numbers JF002358 – JF002382.


Respectfully submitted,

Steven J. Crowley      AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

E-FILED  2025 DEC 08 1:29 PM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Monday, December 08, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:      ____ U.S. Mail    ____ Fax    _X___ EDMS              _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power
Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and
Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

E-FILED  2025 DEC 17 1:12 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN, <br><br>     Plaintiffs, <br><br> vs. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3), <br><br>     Defendants. | CASE NO. LACL161870 <br><br><br> **NOTICE OF SERVING DISCOVERY** |

COMES NOW Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, by and through their attorney, and for this Notice of Serving Discovery states that the following was served on Plaintiffs' and Defendants' counsel via email as provided on EDMS on December 16, 2025:

1.    Defendant Hicklin Power Sports, LLC's Responses to Plaintiffs' Interrogatories; and

2.    Defendant Hicklin Power Sports, LLC's Responses to Plaintiffs' Requests for Production of Documents.

Respectfully submitted,

MALLORY LAW

/s/ *Billy J. Mallory*
Billy J. Mallory (AT0004934)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
billy@mallorylawiowa.com
cc: kennedy@mallorylawiowa.com
cc: abby@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT HICKLIN

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____ */s/ Kennedy Anderson*_____

E-filed.

E-FILED  2025 DEC 22 10:32 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | NOTICE OF SERVICE |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | |
| Powersports, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby certify that, upon this date, Plaintiffs have served the following on all counsel of record, via email:

- Plaintiffs' Supplemental Initial Disclosures, with attached Bates Numbers JF002383 – JF002384.

Respectfully submitted,

*[signature]*

Steven J. Crowley       AT0001845
Andrew L. Mahoney   AT0012329
Edward J. Prill          AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

Ex. A, p. 237

E-FILED  2025 DEC 22 10:32 AM POLK - CLERK OF DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on *Monday, December 22, 2025*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by:       ____ U.S. Mail ____ Fax   _X__ EDMS               _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

Ex. A, p. 238

E-FILED  2026 JAN 02 2:26 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES FLYNN and DEANNA FLYNN,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.; BRP US INC.; HICKLIN POWER SPORTS, L.L.C. d/b/a HICKLIN POWERSPORTS and UNKNOWN FABRICATORS AND MANUFACTURERS – IOWA CODE 613.18(3),<br><br>　　　Defendants. | CASE NO. LACL161870<br><br><br>**NOTICE OF SERVING DISCOVERY** |

COMES NOW Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports, by and through their attorney, and for this Notice of Serving Discovery states that the following was served on Plaintiffs' and Defendants' counsel via email as provided on EDMS on January 2, 2026:

1.　Defendant Hicklin Power Sports, LLC's Responses to Defendants' Bombardier Recreational Products, Inc. and BRP US Inc.'s Requests for Admissions.

Respectfully submitted,

MALLORY LAW

/s/ *Billy J. Mallory*
Billy J. Mallory (AT0004934)
12012 Ridgemont Drive
Urbandale, IA 50323
T: 515-207-2365
F: 1-515-608-4638
billy@mallorylawiowa.com
cc: kennedy@mallorylawiowa.com
cc: abby@mallorylawiowa.com
ATTORNEYS FOR DEFENDANT HICKLIN

---

**NOTICE OF ELECTRONIC FILING**

Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.

By:_____*/s/ Kennedy Anderson*_____

E-filed.

E-FILED  2026 JAN 19 10:58 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| James Flynn and Deanna Flynn, | ) | Case No: LACL161870 |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | PLAINTIFFS' DISMISSAL |
| | ) | WITHOUT PREJUDICE OF |
| Bombardier Recreational Products, Inc., BRP US INC., | ) | DEFENDANT HICKLIN POWER |
| and Hicklin Power Sports, L.L.C. d/b/a Hicklin | ) | SPORTS, L.L.C d/b/a HICKLIN |
| Powersports, | ) | POWERSPORTS |
| | ) | |
|     Defendants. | ) | |
| | ) | |

COME NOW the plaintiffs, James Flynn and Deanna Flynn, by and through their attorneys, and hereby dismiss, without prejudice, their claims against **only** Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports in this matter, reserving any and all claims against the remaining defendants in this case.


Respectfully submitted,


_____

Steven J. Crowley    AT0001845
Andrew L. Mahoney  AT0012329
Edward J. Prill       AT0012435
CROWLEY PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: amahoney@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that on *Monday, January 19, 2026*, the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses, as set forth below:

by: _____ U.S. Mail _____ Fax __X__ EDMS _____ E-mail

Copy to:

Billy Mallory
Trevor Jordison
Mallory Law
12012 Ridgemont Drive
Urbandale, IA 50323
billy@mallorylawiowa.com
trevor@mallorylawiowa.com
*Attorneys for Defendant Hicklin Power Sports, L.L.C. d/b/a Hicklin Powersports*

Matthew Jacobson
Bryn Hazelwonder
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
jacobson@whitfieldlaw.com
hazelwonder@whitfieldlaw.com
*Attorneys for Defendants BRP US INC. and Bombardier Recreational Products, Inc.*

_____
Kayla  Henry, Administrative Legal Assistant

2

Ex. A, p. 241